① 

RICKY RANAY HURT. E-48858
SALINAS VALLEY STATE PRISON
P.O.BOX 1050   C-7.209L
SOLEDAD, CALIFORNIA 93960-1050

FILED
08 MAY 12 AM 10:29
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

CV 08  2416 SBA

| | |
|---|---|
| Ricky Ranay Hurt,<br>PETITIONER,<br><br>VS.<br><br>M.S. EVANS, WARDEN SVSP,<br>RESPONDENT. | • CV- _____ (PR)<br>• L.A. SUR CT. CASE NO. MA009853<br>• APPLICATION TO STRIKE PRIOR CONVICTIONS (PEN.C. 1385) AS MANDATED BY NEW LAW UNITED STATES SUPREME COURT; COURTS JURISDICTION CAL.CONST. ART. VI § 10; PEN.C § 1508 CONSTITUT-IONAL LAW. |

TO: MAGISTRATE. JUDGE, AND ALL OTHER ASSOCIATE JUSTICES (EN BANC) OF THIS HONORABLE COURT.

COMES NOW Ricky Ranay Hurt, PETITIONER MOVING SAID COURT TO STRIKE CONVICTIONS # A704979 AND # MA000540 USED TO ENHANCE SENTENCE IN THIS INSTANT CASE APPLICABLE TO THESE CASES; NEW LAW: ... S.W. ORNOSKI VS REYES, (2006) 126. S.CT. 2887;* CERTIORARI DENIED;

... Reyes v. Brown, 399 F.3d 964, (2005) (9th Cir. CAL 2005.)

DATED: 5-06-08.                                    H Ricky R. Hurt

## Declaration of Ricky

I hereby state the following under penalty of perjury:

① I am the petitioner in the action/application moving said court to strike prior convictions (PEN.C.667.7), CASE # 8308094/85139091 (SEE EXH-A) AND # 1718438/03574094 (SEE EXH-B) FACTUALLY CENTERED ●N FACTS OF EACH RESPECTIVE CASE INVOLVED NO CRIME TO A PERSON OR INVOLVED VIOLENCE.

SEE LAW:

- UNITED STATES SUPREME COURT: S.W. ORNOSKI VS REYES (2006) 126 S.CT.2887; CERTIORARI DENIED;

- UNITED STATES COURT OF APPEAL, NINTH CIRCUIT: REYES V. BROWN, 399 F.3d 964, (2005) (9TH CIR. CAL 2005).

② PRO SE LITIGANT: I hereby move the court to adjudicate this application applicable to the 'LIBERAL CONSTRUCTION' AND 'LESSER STANDARD' as mandated in PEMBROOK v. WILSON (9TH CIR 1966) 370 F.2d 37.

1. **COURTS JURISDICTION:** UNITED STATES DISTRICT COURT, JURISDICT-
2. ION IS APPLICABLE TO THE FOLLOWING:

   **FEDERAL LAW**

3. 
4. • U.S. CONST. AMENDS VI AND XIV.

5. • PRIOR CONVICTION ENHANCING PRESENT SENTENCE. THE PETITI-
6. ONER MAY ATTACT PRIOR CONVICTION THAT WAS USED TO ENHANCE
7. A SENTENCE FOR A CONVICTION PRESENTLY BEING SERVED.
8. U.S. v. TUCKER (1972) 404 U.S. 443. (MOTION TO VACATE SENTENCE
9. UNDER 28 USC § 2255 & § 2254); HARRISON v. INDIANA (4TH Cir 1977)
10. F 2d 115, 117.

11. 
12. • THE ISSUE CHALLENGED BY USE OF A WRIT OF HABEAS CORPUS
13. MUST BE A VIOLATION OF A FEDERAL CONSTITUTIONAL OR
14. FEDERAL STATUTORY RIGHT. Rogers v. PECK (1905) 199 U.S. 425, 437.

15. • FOR A HABEAS CORPUS TO BE GRANTED IT MUST SUFFICIENTLY
16. PROVE THE CONSTITUTIONAL VIOLATION ALLEGED.
17. BROWN v. ALLEN (1953) 344 U.S. 443

18. • STATE PRISONER MAY CALL FORTH THESE STATE COURT
19. CONVICTION (SENTENCE IN FEDERAL COURT IN 28 USC
20. § 2254.)
21. 
22. UNITED STATES SUPREME COURT : SEE S.W. ORNOSKI, ACTING
23. WARDEN, PETITIONER v. SANTOS L. REYES, 126 S.CT. 2887,
24. WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
25. APPEALS FOR THE NINTH CIRCUIT DENIED—
26. • UNITED STATES COURT OF APPEALS, NINTH CIRCUIT. REYES
27. v. BROWN, C.A. 9 (CAL.) 2005) HELD THAT REMAND WAS REQUIRED
28. FOR DETERMINATION OF WHETHER PETITIONER'S PRIOR ARMED
ROBBERY OFFENSE WAS A CRIME AGAINST A PERSON OR INVOLVED
VIOLENCE AND THUS JUSTICED

1. HIS EXTREME SENTENCE FOR PERJURY. A MISDEMEANNOR

③ COURTS JURISDICTION CONT.

**STATE LAW**

- CAL. CONST. ART 1 §§ 13, 13;

- PEOPLE V. BRADLEY (1969) 81 CR 457, 460, ALL COURTS ARE BOUND BY DECISIONS OF THE UNITED STATES SUPREME COURT INTERPRETING THE FEDERAL CONSTITUTION.

- PENAL CODE § 1385(a): DOES PERMIT A COURT ACTING ON ITS OWN TO STRIKE PRIOR FELONY CONVICTION ALLEGATIONS IN CASES BROUGHT UNDER THE THREE STRIKES LAW (PEOPLE. V. SUP COURT (ROMERO) (1996) 13 CAL 417, 497, 529, 530.) ... ESTABLISHED THAT A TRIAL COURTS GENERAL STATUTORY AUTHOITY TO 'DISMISS' AN ACTION IN 'FURTHERANCE OF JUSTICE' UNDER SECTION 1385 INCLUDES THE POWER TO 'STRIKE' A PRIOR CONVICTION FOR PURPOSES OF SENTENCING, WHETHER OR NOT THE CONVICTION HAS BEEN ADMITTED OR ESTABLISHED BY THE EVIDENCE. (PEOPLE V. FRITZ (1985) 40 CAL.3d 227, 229-230. "DISMISSALS UNDER SECTION 1385 MAY BE PROPER BEFORE, DURING AND AFTER TRIAL. PEO V. ORIN (1975) 13 CAL 3d 937, 947; PEOPLE V. SUP COURT (HOWARD) (1968) 69 CAL. 2d 491, 503.)

- PEOPLE V. ROMERO (1994) 35 CR Cd 270.

- THERE IS NO SET TIME LIMIT FOR FILING A STATE PETITION FOR WRIT OF HABEAS/CORPUS. IN RE JAMES (1952) 38 CAL. 2d 302.

# COURTS JURISDICTION CONT

1. **NEW LAW** A PETITION FOR WRIT OF HABEAS CORPUS MAYBE USED BY A PRISONER WHO WANTS TO GET THE BENIFIT OF ANY FAVORABLE CHANGE IN THE LAW.
SEE IN RE WALSH (1996) 57 CR 2d 214; IN RE ESTRADA (1985) 48 CR 172; IN RE SALDANA (1997) 67 CR 183

- OLDER CASE LAW ... LAW RECONIZES THAT A PRISONER MAY BENIFIT FROM LAWS PASSED LONG AFTER A PRISORNERS FINAL JUDGEMENT IS ENTERED.
(IN RE ALBORI (1933) 218 CAL 34.

④ EVIDENTIARY HEARING: PETITIONER CONTENDS THAT 'DISPUTED MATERIAL FACTS' EXIST THAT ESTABLISH THAT STRIKE(S) #A704979  #MA000540

WERE NOT A CRIME AGAINST A PERSON OR INVOLVED VIOLENCE

(5) <u>ATTORNEY APPOINTMENT</u>: THE COURT IS MOVED TO '<u>APPOINT A ATTORNEY</u>' FOR THIS INDIGENT PRISONER WHO CANNOT AFFORD COUNSEL TO REPRESENT THEM. SEE (CHARLTON V. SUP CT) (1979) 156 CR 107.

(6) <u>ORDER TO SHOW CAUSE</u>: A 'ORDER TO SHOW CAUSE' IS MOVED UPON ISSUSING AN '<u>ODER TO SHOW CAUSE</u>.' A COURT MUST NOW FOR ANY UNREPRESENTED PETITIONER WHO DESIRES BUT CANNOT AFFORD COUNSEL. CRC, <u>RULE 4.551(C)(2)</u>

. A SUPERIOR COURT NOW CAN ORDER AN INFORMAL RESPONSE TO A PETITION BEFORE PLEADING TO ISSUE AN ORDER TO SHOW CAUSE (OSC) OR DENY THE PETITION. CRC RULE 4.551(a)(4)(C) AND (b)(1).

. A COURT MUST ACT ON A HABEAS PETITION WITHOUT 60 DAYS OF ITS FILING. CRC, RULE 4.551(a)(3)(A).

. IF A COURT CHOOSES TO DENY A PETITION IT MUST EXPLAIN THE REASON FOR THE DENIAL, AN ORDER THAT MERELY STATES THAT THE PETITION IS DENIED IS NOT ENOUGH TO SATISFY THE RULE. CRC, RULE 4.551(2)(3)(B).

<u>ATTORNEY APPOINTMENT</u> IS MOVED TO PROTECT A PRISONERS RIGHTS TO DUE PROCESS OF LAW.

(7) **ATTORNEY APPOINTMENT / DISCOVERY: ATTORNEY**

APPOINTMENT IS MOVED FOR [...DISCOVERY....] OF SUPPORTIVE DOCUMENTATION TO CONCLUSIVELY EVIDENCE TO THE COURT THE STRIKES USED BY THE SUPERIOR COURT TO ENHANCE THE INSTANT CASE.

IS NOT A CRIME AGAINST A PERSON OR INVOLVED VIOLENCE.

(8)

**DISCOVERY:** THE COURT HAS "FULL POWER AND AUTHORITY

TO REQUIRE AND COMPELL THE ATTENDANCE OF WITNESSES, BY PROCESS OR SUBPOENA AND ATTAINMENT, AND TO DO AND PERFORM ALL OTHER ACTS AND THINGS NECESSARY TO A FULL AND FAIR HEARING AND DETERMINATION OF THE CASE, PENAL CODE §1484.

SEE: REQUEST FOR APPOINTMENT OF COUNSEL AND DECLARATION OF INDIGENCY; NEXT PAGE.