1  Ricky Ranay Hurt. E-48858
2  Salinas Valley State Prison
3  PO Box-1050   C-7. 209±
4  SoleDad, CA 93960-1050.

5            Northern

6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SBA
(PR)

7  ┌─────────────────────────┐
8  │ IN RE Ricky Ranay Hurt  │
   │ Petitioner,             │
9  │           VS.           │
10 │                         │
11 │ M.S.Evans (warden/SVSP) │
12 │ Respondent.             │
   └─────────────────────────┘

NO_____    WRIT H/C  Filed.
ADDENDUM APPLICATION FOR JOINDER
MOTION TO VACATE A SENTENCE IN
INSTANT CASE (LOS ANGELES SUPERIOR
COURT, VAN NUYS) CASE # MA009853
REMAND FOR SENTENCE MODIFICATION
PREMISED ON "FACTS OF EVIDENCE"
ALLEGED STRIKE(S) # A704979 AND
# MA000540 RESULTING FROM A 1995
SAME CONVICTION, IS VIOLATIVE OF
"NEW LAW" PRESIDENT ESTABLISHED
BY THE UNITED STATES SUPREME COURT
IN (ORNOSKI V. REYES, 126 S.C CERTIO-
RARI, JUNE 2006; Reyes VS. Brown,)
(C.A.9.) 2005). 399 F.3d 964
COURTS JURISDICTION: CAL. CONST.
VI § 10; PEN.C § 1508 CONSTITUTIONAL
LAW.

13-24

25 .TO: MAGISTRATE.JUDGE, AND ALL OTHER ASSOCIATE JUSTICES
26 (EN BANC) OF THIS HONORABLE COURT;
27 .COMES NOW Ricky Ranay HURT. PETITIONER.
28

1  Ricky Ranay Hurt. E-48858

2

3

4

5  IN PRO PER

6

7        IN THE UNITED STATES DISTRICT COURT
8        CENTRAL DISTRICT OF CALIFORNIA

9

10  In re
                                    CASE NO. MA 009853
11     Ricky Hurt                   ADDENDUM TO PETITION
12        on                        FOR WRIT OF HABEAS
13  HABEAS CORPUS                    CORPUS.

14 _____/

15

16        TO THE HONORABLE MAGISTRATE PRESIDING JUDGE OF
17  THE UNITED STATES DISTRICT COURT, IN AND FOR THE STATE OF
18  CALIFORNIA.

19        PETITIONER Ricky Ranay Hurt. IN PRO PER,
20  PETITIONS THIS COURT FOR A WRIT OF HABEAS CORPUS, AND BY
21  THIS VERIFIED PETITION ALLEGES AS FOLLOW:

22  1.     PETITIONER IS UNLAWFULLY HELD IN CUSTODY BY THE
23  CALIFORNIA DEPARTMENT OF CORRECTIONS, AT SALINAS VALLEY
24  STATE PRISON IN CALIFORNIA.

25  2.     BY AN AMENDED FELONY INFORMATION FILED IN THE
26  SUPERIOR COURT OF LOS ANGELES COUNTY. VAN NUYS, NORTH WEST
27  DEPARTMENT. "O."

28  3.     ON JUNE 1, 1995, PETITIONER WAS CHARGED IN VANNUYS SUPER-
    IOR COURT WITH THREE COUNTS OF SECOND DEGREE ROBBERY

(1)

1. in violation of penal code, section 211. The information alleged
2. as to counts 1, 2 and 3 and in count 1 and 2 appellate allegedly
3. use a firearm within the meaning of penal code, section
4. 12022.5 subd.(a) The information also alleged as to count 3
5. that appellate wore a body vest within the meaning of penal
6. code, section 12022.2, subd.(B) The information also alleged
7. petitioner has suffered two different prior convictions within
8. in the meaning of penal code, §§ 667 subd.(B) and (i).(CT 80-84.)
9. At his court arraignment, appellate pled not guilty and denied
10. all special allegations and prior convictions.(CT 85.) On June 1,
11. 1995. The case had been certified ditto the superior court of
12. van nuys. Petitioner admitted the prior strikes allegations
13. pursuant to section 667(B) through (i). Counsel had stipulated
14. to factual basis for the plea. Petitioner went to court trial,
15. on the matter and for the pronouncement of a Judgment.
16. probation was denied on the matter and the imposd sentence
17. was 81 years to life imprisonment with the possibility of parole.
18. The court imposed a indeterminate sentence of 25 years to
19. life and a additional 3 year mitagating term for an alleged
20. use of a firearm weapon on count 1. The court also had imposed
21. another indeterminate sentence of 25 years to life and a additional
22. 3 year mitagating term for the same alleged use of a firearm
23. weapon on count 2 and also in addition to the same information
24. the court imposed another indeterminate sentence of 25 years
25. to life imprisonment with the possibility of parole on count 3.
26. (clerk's minute, superior court of Los angele county, van nuys.
27. case print, PP. 2-3).
28. 4.     petitioner's 81 years to life imprisonment with the possibility

(2)

of parole sentence has been unlawfully and unconstitutionally
imposed in violation of his federal constitutional rights as
its guaranteed by the sixth and fourteenth Amendments, and
by his state constitutional rights as its guaranteed by Article
I, § 15 of the California Constitution, because of the ineffective
assistance of trial Counsel.

5.        Petitioner was represented at trial by E.C. Duncker
APD N/A. by J. Groshan (x) (Attorney at Law) office of Los Angeles
County (A.P.D.) 44905 N. 10th Street West, Lancaster, California. 93536.

6.        The court under whose process petitioner is held
in unlawful custody is the superior court of Los Angeles, county,
vannuys, department "0" Case Number MA009853.

## FACTS IN SUPPORT OF RELIEF REQUESTED

## I.

        Petitioner asserts his arrest record of pass prior
convictions was never presented to the trial Jury, as a
criminal case matter and the priors from arrest records is
insufficent in constituting 'strikes' under california's "Three
strike" sentencing law. Petitioner was charged by an
amended felony Complaint filed June 1st 1995, hereafter
was accused of four counts of second degree robbery in violation
of penal code, section 211. The information alleged as to counts
1 and 2 that appellate personally use a firearm within the meaning
of Penal code, section 12022.5, subd. (a). The information alleged
as to counts 3 and 4 that appellate wore a body vest within
the meaning of penal code, section 12022.2, subd. (b). Three

Prior Felony convictions were also alleged pursuant to Penal code, 667, subds. (B) Through (i). The three prior convictions were alleged pursuant to penal code, section 667, subd. (a). (CT 80-84.) At his arraignment, appellate pled not guilty and denied all special allegations and prior felony convictions. (CT 85) On September 19, 1995, on the people's motion, The information was amended by striking one of the three prior felony convictions within the meaning of both penal code, section 667, subds. (B) through (i) and section 667, subd. (a) The special allegation to pursuant to penal code, Section 12022.2, subd. (B) was also striken at that time.

Specifically, The complaint alleged petitioner suffered a prior serious felony conviction on or about 2-9-90, Case MA 000540, in the superior court of the state of california, for the county of Los Angeles, San Fernando, for the crime of, robbery 2ND in violation of penal code section 211 PC Robb and appellate suffered another prior conviction on or about 2-21-86, case A704979 in the superior court of the state of california, for the county of Los Angeles, Lancaster, for the crime of burgulary 2ND in violation of penal code, Section 459 PC burg. (see amended felony complaint, case number A704979 and MA 000540, hereto, Exh.-B.) The record of conviction for both case numbers 8308094/85139091 and case number 1718438/03574094 offered by the people.

The trial court violated petitioner Due-Process rights because the court did not allow petitioner a continuance on the matter to file the proper application for relief and its abuse of discretion comes after the court proceeded to file a serious felony complaint motion, against petitioners joint two prior plea bargain agreements. On September 19, 1995, My prior plea bargain convictions were never

Presented to the Jury trial panal (Exh.-E nature of Proceeding.)
The Jury panal at trial did not Proceed with any prior conviction
motion as a proceeding that should have established some
element of a crime or the requisite conduct of criminal
allegations and one for a Jury panal to sort out with a
acquittal or guilty verdict for the Prior robbery and a
burgulary conviction under california law, Penal Code 459
and Penal Code 211. There was no proceeding held by the
Jury panal title of Court and Cause for a three Strikes
Sentencing Phase on any prior conviction, except on this
Same date September 19, 1995, The court trial Judge bert
Glennon filed a Felony complaint motion, for two prior
Plea bargain convictions. Petitioner asserts that he didn't
understand the proceeding for the prior strikes motion, but
he only wanted to proceed with his current/present
case matter Case number MA 009853 and he did desire to
only go to trial on that matter (CT 85, 92.) However if he
had known that he would be tried again in the future
for the same prior convictions, Petitioner would have not
pled on his prior convictions. (CT 85) Since petitioner has
pled not guilty and denied all special allegations and
Prior Felony convictions on his current and present case
matter, Petitioner beleives the infliction of punishment
Some 81 YRS to life for a second degree crime comes from
his past Prior Convictions and his sentence is a direct
violation of his negotiated Plea agreement and second
Prosecution sentencing for same offense and its a violation
of the Due-Process of law, The 5th 8th and 14th amendments

(5)

to the U.S. constitution and CA penal code § 11925. The indictment in case Number MA009853 charged that petitioner and a accomplice on or about September 21, 1995 committed a second degree robbery. The Judgment stated that petitioner pled not guilty to counts 1,2,3, and 4, as charged in the indictment. (See indictment and Judgment, hereto, Exh.-A). The indictment in the same case Number MA009853 charged that on or about March 8, 1995, petitioner and another accomplice unlawfully committed a act of second degree robbery at Albertson's food store and entered the store wearing a body vest and armed while Ursula Tina Helge and Kelly Carter was working at 10:45 pm and March 12, 1995, The indictment in case Number MA009853 charged that petitioner, unlawfully had committed a second degree robbery at a bowling supply store and entered the store while James L. Tilton was working, when a unknown black man entered wearing a mask and holding a pipe committed robbery and on February 24, 1995, The indictment in case number MA009853 charged that petitioner, unlawfully committed a second degree robbery, and latter was aquitted of count 4 of the indictment, (see indictment and Judgment, hereto, Exh.-B). Petitioner asserts the foregoing record is insufficient to prove that his prior convictions contained any element of his present and current second degree robbery offense as to counts 1, 2 and.

## II.

Trial counsel rendered a constitutionally deficient performance in failing to conduct adequate factual and legal investigations, when trial resumed on 9-22-95, counsel were not

1  Present on that date at trial court. However there was an acting
2  alternate public defender (see exh.-A counsel for defendant.) who
3  presided over the matter in the absence of appointed trial
4  counsel and on the date that he represented the case he
5  got a continuous calender date and finally on 12-05-95, trial
6  counsel was once again in absence of the trial proceedings
7  and the imposition of the court sentencing hearing. The trial
8  counsel improperly investigated each allegation and the
9  trial counsel's ineffective assistance was the main reason
10  and cause that the petit Jury found for the plaintiffs a
11  guilty verdict and why the court sentenced petitioner
12  to some 81 yrs to life imprisonment with the possibility of
13  parole. Trial counsel's ineffective assistance was of poor
14  acting performance and without assertiveness and remedy
15  of a attorney practicing law for Appointed case load
16  defendants, because of his absence and his failure to
17  present a meterious defense or make the proper motions
18  for the unpropositioned proceedings. see. _IN RE Hall_ (1981)
19  30 cal. 3d 408; _People v. Frierson_ (1979) 25 cal. 3d 142; _IN RE_
20  _Hwame l_ (1974) 37 cal. App. 3d 554. failure to produce evid-
21  ence favorable to the defense also see. _People V. Perez_
22  (1978) 83. cal. App. 3d 718; _People v. cooper_ (1979) 94 cal. App.
23  3d 878; [Bringing out hearsay harmful to defendant is IAC].
24  _IN RE Jerome B_ (1977) 68. cal. App. 3d 395. Had counsel
25  conducted a more thorough and independent examination
26  of the facts, circumstances, pleadings and laws involved,
27  through standard research technique, he would have been
28  reasonably expected to discover that the people could not

1   sustain its burden of proof that the two prior convictions

2   one for second degree burgulary in case number A704979

3   and a second degree robbery in case number MA000540

4   alleged in the felony complaint satified the elements of 211.

5   P.C. and 459. P.C. under california law.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7. NO prior petition for writ of habeas corpus has been made by petitioner raising the same grounds as raised herein.

8. Under Article VI, Six of California constitution, this court has original jurisdiction over a petition for writ of habeas corpus.

9. Petitioner has no adequate remedy at law. Wherefore, this petitioner requests that this court:

   1) Take judicial notice of all records in the case of People V. Ricky Ranay Hurt, Vannuys superior court Number MA039853.

   2) Issue an order to show cause, returnable before this court, why petition's sentence of 81 yrs to life imprisonment with the possibility of parole should not be set aside.

   3) Upon final review, or order that the sentence be set aside and remand the case back to the superior court for a new hearing on the strikes allegations; and

   4) Provide such other and further relief as may be deemed appropriate in the interest of justice.

DATED: 5-06-08.

Respectfully submitted,
Ricky Ranay Hurt
VERIFICATION

Ricky Ranay Hurt declare under penalty of perjury: I am the petitioner in the above matter. I am making this verification as i have read the foregoing petition, and having personal knowledge of the contents, i can and do attest to the facts as stated as true to the best of my knowledge. Executed this Six day of May, at soledad, California.

Ricky Ranay Hurt

(9)

MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT I.

### HABEAS CORPUS IS PROPER REMEDY TO CORRECT FUNDAMENTAL JURISDICTIONAL OR CONSTITUTIONAL ERROR

The availability of habeas corpus relief is a due process protection for the petitioner. (People v. Short (1948) 32 Cal. 2d 504, 506; In re Winchester (1960) 53 Cal. 2d 528, 2 Cal. Rptr. 296, 348 P. 2d 904). Relief will be granted when the custody is found to result from acts outside of the courts jurisdiction. The function of a habeas corpus proceeding is to test whether as asserted defect in the proceedings constitutes a fundamental jurisdictional or constitutional error. (In re Sands (1977) 18 Cal. 3d 851, 856, 135 Cal. Rptr. 777, 558 P. 2d 863; In re Coughlin (1976) 16 Cal. 3d 52, 55, 127 Cal. Rptr. 337, 545 P 2d 249).

Fundamental jurisdictional defects, like constitutional defects, do not become irremedial when a judgment of conviction becomes final, even after affirmance on appeal. (citation) However, the petitioner must show that the defect so fatally infected the regularity of the trial and conviction as to violate the fundamental aspects of fairness and result in a miscarriage of justice. (In re Winchester supra, 53 Cal. 2d at pp. 531-532, 2 Cal. Rptr. 296, 348 P. 2d 904; In re Harris (1993) 5 Cal. 4th 813, 825-826, 21 Cal. Rptr. 2d 373, 373, 377-378, 855 P. 2d 391; In re Clark (1993) 5 Cal. 4th 750, 796-798, 21 Cal. Rptr. 2d 509, 855 P. 2d 729).

In petitioner's case, he contends his trial attorney rendered constitutionally defective assistance in advising him to admit to two prior convictions as serious felony

1  strikes under california's burglary and robbery statute, penal
2  code § 459 and 211, where record of conviction for the priors
3  did not satisfy the elements of the current offense felony.
4  The asserted defect is the deprivation of effective assistance
5  of counsel, which clearly is a fundamental constitutional
6  error cognizable on habeas corpus. (In re clerk, supra. 5
7  cal. 4th 750, 796-798, 21 cal. Rptr. 2d 509, 855 P. 2d 729; In re
8  Lopez (1970) 2 cal. 3d 141, 151; In re spears (1984) 157 cal. APP.
9  3d 1203, 1208).

10          To the extent the prior petition denied on Aug 25,
11  1999, on the ground the petition did not set forth facts to
12  warrant a grant of the writ. Petitioner was unproperly pre-
13  pared to impress inquiries, because transcripts were
14  received may 3, 1999, and he had been barred because his
15  filing periored had past. However on November 18, 1996,
16  the court of Appeal affirmed petitioner's conviction and
17  remanded his case matter (case Number 8098667.) (ex. B.)
18  to the trial court with direction to exercise its descretion,
19  pursuant to the california supreme court's decision in
20  People v. superior court (Romero) 13 cal. 4th 497, 53 cal.
21  Rptr. 2d 789 (1996). The denial has amounted to a proce-
22  dural deficiency and may not work as a bar to seeking
23  the instant petition. under the foregoing circumstances,
24  Petitioner asserts this instant petition is properly
25  before this court.
26
27
28

(11)

1
2
3
4
5
6
7
8
9
10
11

## ARGUMENT II.

12  THE RECORD OF THE PRIOR CONVICTIONS WERE INSUFFIC-
13  IENT TO PROVE ALL THE ELEMENTS AND THUS SHOULD
14  HAVE BEEN INSUFFICIENT TO SUSTAIN THE TRUE
    FINDING ON THE PRIOR SERIOUS FELONY STRIKES
15

16  The three Strikes law provides for enhanced punishment
17  for any person convicted of a serious Felony who previously
18  has been convicted of a violent Felony.(Penal code, §§ 1170.12
19  subd(a) 667, petitioner contends the evidence was insuff-
20  icient to support the finding that his two priors were
21  strikes within the meaning of section 667, subd(a).To
22  qualify as a strike, a conviction must include all of the
23  elements of the specified Felony.(see §667, subd(a).IN
24  determining whether the prior convictions contained all
25  of the elements of a violate Felony, the "entire record of
26  conviction" may be considered.(People v. Myers (1993) 5 cal.
27  4th 1193, 1200, 22 cal. Rptr. 2d 911, 858 P.2d 301; People v.
28  Guerrero (1988) 44 cal.3d 343, 355, 243 cal. Rptr. 688, 748 P.

1  2d 1150.)

2  Here, the record of conviction in both cases consist-
3  ed only of the indictment and judgment; the plea
4  agreement, and the jury waiver form. The indictment
5  in case number A704979 charged that defendant, "did
6  unlawfully, knowingly and intentionally enter a resid-
7  ence without the effect consent of the owner thereof,
8  and attempted to commit theft." The indictment in
9  case number MA000540 charged that defendant "did
10  unlawfully, knowingly and intentionally committed theft,
11  a second degree robbery." The judgment in both cases
12  stated that defendant plead no contest to second degree
13  burglary and second degree robbery with intent to only
14  commit theft at the residence and a robbery." Petitioner
15  contends that this record was insufficient to prove
16  that his priors contained all of the elements of his
17  current second degree robbery allegation case.

18      Although entry of a residence with intent to com-
19  mit theft constitutes a burglary, (459. p.c.) and a theft with
20  intent to commit robbery, the crime constitutes a serious
21  or violent robbery, (211. p.c.) The record of petitioner's
22  prior crimes did not prove the requisite "theft of a
23  robbery and unlawfully entering a residence to
24  commit a burglary were met. (People v. Walker (1996) 45 cal.
25  App. 4th 1271, 53 cal. Rptr. 2d 435, 437–438; People v. Cruz (1995)
26  33 cal. App. 4th 136, 39 cal. Rptr. 2d 668, 670–677.) a theft may be
27  committed without an intent to permanently deprive the
28  owner of his or her property, a requirement under california

(13)

1 law.(See section 484; People v. Jaso (1970) 4 Cal. App. 3d 767, 84 Cal.

2 Rptr. 567.)

3 As a result, petitioner asserts that the evidence did not fully

4 establish that his prior burglary conviction and prior robbery

5 conviction did not establish I.e., a violent felony prescribed

6 by 667 subsection (8) of 1192.7°.

7                                   Thus petitioner contends the court's

8 finding on the prior violent felony allegations must be set aside.

9

10

11                         ARGUMENT III.

12 TRIAL COUNSEL WAS INEFFECTIVE IN ADVISING PETITIONER TO

13 ADMIT TO THE TRUTH OF THE PRIOR CONVICTIONS AS SERIOUS

14 FELONYS, WHERE THE RECORD OF CONVICTION DID NOT PROVE

15 THE REQUISITE THEFT OR ROBBERY OR UNLAWFUL ENTRY

16 OF A RESIDENCE TO COMMIT BURGLARY

17

18    The pleading - and plea bargaing - stage of a criminal

19 proceeding is a critical stage in the criminal process at which

20 a defendant is entitled to the effective assistance of

21 counsel guaranteed by the federal and California constitutions

22 [citation]." (In re Alvernaz (1992) 2 Cal. 4th 924, 933; In re Vargas

23 (2000) 83 Cal. App. 4th 1125, 1133.) "Before entering his plea

24 [a defendant is] 'entitled to rely upon his counsel to make

25 an independent examination of the facts, circustances,

26 pleadings and laws involved and then to offer his informed

27 opinion as what plea should be entered.' [citation]" (In re

28 williams (1969) 1 Cal. 3d 168, 175.) "IF counsel's Failure to

1   undertake such careful inquiries and investigations results in
2   with drawing a crucial defense from the case, the defendant has
3   not had the assistance to which he is entitled.)'" (In re saunders
4   (1970) 2 cal. 3d 1033, 1042; citations omitted.)

5       Petitioner contends that his trial counsel was
6   ineffective because he failed to challenge the sufficiency of the
7   evidence to support the finding. (op. cit.) defendant didn't
8   get the oppertunity to argue his count proceedings as a
9   seperate crimial trial proceeding because trial counsel
10  elected to proceed with the four indicted second degree
11  robbery counts in the felony complaint. The case was than
12  presented to a jury panel as a felony trial proceedings.
13  In the people's case and upon witness testimony at trial
14  with jury present in count 1 of the indictment ursula
15  Helge gave testimony to a firearms allegation (RT 72.)
16  she asserted to the defendant having the firearm in his
17  possession and in count 2, she didn't assert to defend-
18  ant possessing the firearm. In the people's case and upon
19  witness testimony at trial with jury present in count
20  2 of the indictment kelly carter gave testimony about the
21  whole crime scene of count 1 and count 2, he asserted that
22  he witnessed every thing and upon cross examination of
23  count 1 and count 2, he didn't remember seeing defendant
24  with a weapon (RT 98-99.) in count 1 or count 2. In the
25  people's case and upon witness testimony at trial with
26  jury present in count 3 of the indictment James tilton
27  gave testimony about the crime scene of his own business
28  establishment and he asserted that someone came into

(15)

1 his place wearing a mask (RT 45) which covered his face
2 so he washt able to fully identify the person who came
3 into his place of business and right after a suspect
4 had left his place of business with an undisclosed
5 amount of money, he notified antelope valley sheriff
6 station to report a crime, deputy David moore of the
7 antelope valley sheriff department (RT 54.) arrived
8 at the bowling supply store on 20th street in palmdale.
9 (RT 44.) once at the location deputy moore began
10 processing the crime scene, there appeared to be
11 a phone that was tested for finger prints and their
12 appeared to be smugges on the phone, The testimony
13 of deputy watson lee asserted that the finger print
14 testing that he done were smugges which were
15 found on the telephone (cross examination.) how could
16 deputy moore recover smugged prints when there was
17 never any visible prints that could be sufficinent
18 to test, If the defendant didnt wear gloves and
19 a finger print was lifted from the phone shouldn't
20 there been other visible prints found at the location
21 where deputy moore processed the crime scene? After
22 leaving location deputy moore didnt return to the
23 antelope valley sheriffs station with the evidence
24 he collected from the crime scene, what ever kind
25 of evidence he found, it should have been taken
26 to the station for some identity, and to be examined
27 during the week, but it was sunday and after leaving
28 the location he did a last minute check of the

(16)

1 surrounding neiborhood only looking For a lone suspect
2 and Finally he sat down the street From the defendants
3 residance and saw defendants uncle and than he saw
4 defendant leave residence, deputy moore had the
5 oppertunity to stop defendants uncles car and never
6 stopped to car to question defendant or arrest the
7 defendant in connection of a crime, after defendant
8 was dropped off, deputy moore decided to stop the
9 defendants uncle, and question defendants uncle
10 about the defendant, after questing the uncle deputy
11 moore proceeded with a warrant to search residence
12 of defendant, the search was consented and once
13 deputy moore did a search of defendants room
14 he found a red sweat shirt lying on the defendants
15 bed with all sorts of different kinds of colors and
16 matching pants lying on the bed, he also found
17 a 16" lead pipe underneith defendants bed and a
18 letter lying on the bed, at this time deputy moore
19 grabbed a red sweat shirt and the letter and that
20 16" pipe and did his own finger print testing of the
21 pipe, lifted a print placed it on a card, subsequently
22 the print lifted on sunday at defendants residence
23 was processed and used for the telephone finding
24 at the bowling supply store, The pipe was alleged
25 to be used in count four, There was one trial and
26 a lot of insufficient compound evidence that was
27 used, The D.A. sold evidence that did't appear to
28 be sufficient to the jury For the verdict i received

(17)

1  The processed evidence for one crime to another was
2  insufficient to prove. In count 1 and 2 there was some
3  kind of alleged body vest worn, a firearms weapons
4  allegation and a undisclosed amount of money taken
5  and in count 3 there was a print found and determined
6  later on at trial through cross examination that the
7  print found was really smugges and the smugges were
8  placed on a card and thrown away in the trash by
9  deputy watson lee and in count 4 the same alleged
10 pipe that was used by deputy moore and the trial
11 d.a. was also used as the same pipe in count 3,
12 count 4, defendant was acquitted of that crime,
13 Defendant asserts that all evidence was improperly
14 processed and mixed up to be examined in trial
15 court by the jury. peoples evidence: 1 (photograph)
16 2 (photograph) 3 (finger print) 4 (one page document
17 with finger print lift) 5 (photo) 6 (photo) only these
18 items were received as peoples evidence. In count
19 1 and 2, there was no body vest or the allegated fire-
20 arms weapon or any recovered money, nor was defend-
21 ant placed at the crime scene from a video and in
22 count 3, There was no mask or money recovered as
23 peoples evidence and the same alleged pipe that
24 was used in count 4, was allso not received as
25 peoples evidence, but the verdict was circumstantial.
26 for the defense: A (photo Id line-up) B (photo Id line-up)
27 C (copy of defense exhibit A) D (copy of witness admonition)
28 These items were received in defense evidence, defense rest.

(18)

1  as to the issues of prior felony convictions defendant per-
2  sonally and counsel waived right to trial confrontation
3  of witnesses, the court accepted the waiver and if de-
4  fendant was to be found guilty of the indicted charges
5  there would be a three strikes proceedings which
6  would be conducted largely by the Judge (ccc §223)
7  and it would be held in a court proceeding without
8  a jury setting over the matter.
9  petitioner also contends that his trial counsel was
10 ineffective because he failed to challenge the suff-
11 iciency of the evidence to support the finding that
12 his prior convictions for second degree burgalry
13 and second degree robbery were strikes within
14 the meaning of penal code section 667, sub (a).
15 petitioner's plea in this case occured around June 1st
16 after the amended felony complaint was filed in
17 superior court, on June 1st 1995. (see Amended felony
18 complaint, minutes, case print, pp 4 hereto, exh.-B.)
19 At the advise of counsel petitioner didn't waive any
20 time for arraignment or his preliminary hearing, and
21 entered a plea of not guilty as to count 1,2,3,4,.
22 petitioner also pled and denied all special allegations
23 and prior convictions pursuant to section 667, subd
24 (a) and 1170.12 (a), and the case was certified to
25 the superior court. At the urging and advice of
26 counsel while the case was before the antelope
27 valley superior court, counsel motioned the court
28 for a change of venue because he didn't think

(19)

1  petitioner would get a fair trial, and considering
2  everything about the case matter would be carefully
3  examined by a jury and a fair and impartial Judge,
4  if there was a change of venue, except there
5  was a consecutive sentence on each count, count
6  1 and 2 is really the same crime, but the court did
7  impose a indeterminant sentence of 81 YRS to life
8  imprisonment with the possiblity of parole. The
9  sentence itself was very unfair and impartial, all
10 because there is some 81 YRS to life with the possib-
11 ility of parole, The defendants criminal court matter
12 was without violence and there was no complaint
13 or medical observation of any victim, the crime
14 itself doesn't fit the punishment of 81 YRS to life
15 imprisonment.
16 critical facts whether the two prior convictions alleged   since counsel had not investigated the
17 in the complaint complied with the california three
18 strikes law and allowed or advised his client to admit
19 to convictions ander an inapplicable statue, and since it
20 is not possible to determine the outcome of a trial or
21 plea bargain conducted on the basis of adequate info-
22 rmation, confidence in the outcome of the plea bargain
23 is undermined. (see Morgan v. people (2001) 91 cal. App. 4th
24 1324; People v. Avery (2000) 83 cal. App. 4th 997,1000,100 cal.
25 Rptr, 2d 165).
26      For the above reasons, petitioner asserts the finding of
27 the court on the prior convictions for robbery and burglary
28 as serious felonies, must be vacated, the sentence of 81 YRS to

(20)

1 | life imprisonment with the possibility of parole, set aside,
2 | and the case remanded for a new hearing on the priors.

4 | DateD: 5-06-08.

7 | Respectufully Submitted,

10 | Ricky Ranay HurT
11 | In pro per/

25 | see Attached copys of memorandum of points and
26 | Authorities.

(21)

# TABLE OF AUTHORITIES

1

2

3   PEOPLE V. Frierson .................................... 7
         (1979) 25 CAL. 3d 142

4

5   PEOPLE v. Perez ...................................... 7
         (1978) 83. CAL. APP. 3d 718

6

7   PEOPLE V. COOPER ..................................... 7
         (1979) 94 CAL. APP 3d 672

8

9   PEOPLE V. ShorT ..................................... 10
         (1948) 32 CAL. 2d 504, 506

10

11  PEOPLE V. WALKER .................................... 13
         (1996) 45 CAL. APP. 4th 1271, 53 CAL. RPTR. 2d 435, 437-438

12

13  PEOPLE V. CRUZ ...................................... 13
         (1995) 33 CAL. APP. 4th 136, 39 CAL. RPTR. 2d 688, 670-677

14

15  PEOPLE V. Jaso ...................................... 14
         (1970) 4 CAL. APP. 3d 767, 84 CAL. RPTR. 567

16

17  PEOPLE V. Morgan .................................... 20
         (2001) 91 CAL. APP. 4th 1324

18

19  Avery V. PEOPLE ..................................... 20
         (2000) 83 CAL. APP. 4th 997, 1000, 100 CAL RPTR, 2d 165

20

21

22

23

24

25

26

27

28