FILED

MAY 21 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE ~~CENTRAL~~ DISTRICT OF CALIFORNIA**
Northern

MAGISTRATE

JUDGE.

# C-08-02416-SBA

People of The State of California

PlainFF,

VS.

Ricky Ranay HurT

DeFendanT,

CASE NO. MA009853

Notice of motion.

For Resentencing
Penal Code Section
1170.12

And Penal Code Sec.
667(B)(i).

TO: The Attorney General For The State of California Please Be Advised,
I Have Submitted a motion For Resentencing To The Above court And
Honorable Magistrate, Judge _____. In Accord with 1170.12
And 667(B)-(i).

Appellant Was Previously Arraigned In Losangeles County Superior
Court, Vannuys North West Department "O". (The Information alleged as
to count 1, 2, and 3 - With a Prior, NON-violent second degree Burgulary
and a Prior, NON-violent second degree Robbery.) The Two Prior convictions
are on Arrest Record. (See exhibit "A") As To counts 1, 2 And 3 And
Prior "Enhancements" on Arrest Record. In Violation OF 459 P.C. Second
Degree Burgulary. Case NO. A704979, 1985. And Case NO. MA00054, In Viola-
tio of 212 Pc. Second Degree Robbery, 1989.

Appellant Pled not guilty And Denied All Special Allegations And Prior
Felony convictions 667(B)-(i).

Which To my Personal understanding is Amended To Only Read:

(1)

under californias 1994-1995 old three strikes law (I.c.) all violent felonys offenders were sentenced and receive a statutory penalty of 25-years to life imprisonment, because of their current/present offense and "enhancements" of prior crime acts, under californias 1994-1995 old three strikes law. (Doing this perioed i went before, my trial court Judge and a Jury panal at vannuys superior court, department "0" for the information alleged as to counts 1, 2 and 3) and i was found guilty by the Jury panal in violation of 211 pc. Three counts of NON-violent second degree Robbery, however i received an imposed sentence of 81 YRS to life imprisonment from presiding Judge Bert Glennon, for my alleged part and a single act of NON-violent "Robbery" in counts 1, and 2. The imposed sentence and statutory penalty comes from two prior enhancement convictions, The Sentencing term of 81 YRS to life imprisonment with the possibility of parole should have been a sentence i should have received if all my prior enhancement convictions and the current/present information alleged in counts 1, 2, and 3 were that of a violent felony, offenses. My Sentence that i received it is illegal and it violates my constitutional rights (I.c.) under the 6, 8, 14 amendments.

1
2
3
4
5
6
7
8
9
10
11

# Memorandum of points and Authorities.

12
13
14
15
16
17
18
19
20

21  Defendant Moves to Strike the present/current allegations
22  that he has suffered, from his arrest record under prior convictions
23  p.c. 667(B)(i). The grounds for this motion is that, the same alleged
24  prior convictions from his arrest record are being used by the
25  court to subject the defendant, to the statutory sentencing
26  penalty and enhancement punishment, under the three strikes
27  law. p.c. 667(B)(i). This dual use of defendants arrest record and
28  alleged priors and convictions is impermissible.

(1) Through (7).

# Memorandum of points and Authorities.

The current/present offenses in the charging document is a "serious Felony" under P.C. 667(B)(i). The charging document also alleges that the defendant has to prior convictions on his arrest record, For offenses it alleges, constitutes both "Serious Felony" priors under P.C. Section 667(B)(i), and a "3 strikes" prior under section 667(B)-(i). The same prior conviction cannot be used to subject defendant to enhanced punishment and the statutory penalty of sentencing under the "3-Strikes" law. There are two reasons for this. First the "serious Felony" statute, P.C. Section (A)(2) in its own terms states that a "serious felony" priors cannot be applied in this situation. This law states that the subdivision prodividing for a "serious felony" prior shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment (P.C. sect. 667(A)(2).

The law is clear that terms imposed under habitual criminal statutes, such a "3-strikes" law, can constitute "other provisions of law" for purposes of law "for purposes of P.C. sect. 667(A)(2)'s limitations regarding its application. A habitual criminal provision similar to the "3 strikes" law is contained in P.C. 667.7 which provides for enhanced punishment when a defendant commits a offense involving violence and has suffered two or more specific prior convictions. cases which have examined this habitual criminal sentencing provisions have held that when the same prior convictions is used in court (most probably in the context of a prior "violent

# Memorandum of points and Authorities.

felony" allegation.) under p.c. 667 (A) and (most probably in the context of a prior "serious felony" allegation.) under p.c. 667 (B)-(i) one or the other cannot be used. it is arguable under the canons of statutory construction and its very own significance must be given to every phase of the statute. Although in three "strike cases," proposition 184 has superseded the applicabilities of penal Code 667 (A) because of its violent nature in crime and penal code 667 (B)-(i) because of its serious complex and demeanor in crime. However the courts has'nt prohibit the striking of penal code section 1170.12 allegations because of penal code section 667(F)(2) still applies to the old three strikes law. (since adopting the three strikes law in 1994-1995. The count had no authority or discretion to strike prior offenses, because it would have been a bruse of their own discretion.) since recently adopting proposition 66's initative, The courts in all 58 countys of the state of California now has additional authority and discretion to strike one or two prior offenses, since the November 2, 2004 proposition 66 has been adopted. (pursuant to penal code Section 1385) penal code section 1385 (B) arguably acts as a bar to striking an allegation and only one alleged under penal code section 667(B)-(i) (I have two prior plea bargain convictions on my arrest record in violation of 459 p.c. and in violation of 211 pc.) I.c. proposition 184, as adopted by voters on November 8, 1994 and effective November 9, 1994 provides as follow :

# MemoranDum of points and Authorities.

section 1. Section 1170.12 is added to Penal Code, to read;
1170.12 (a) not with standing any other provision of law, if a
defendant has been convicted of a Felony and it has been
Pled and proved that the defendant has one or more prior
Felony convictions, as defined above in Subdivisions (A) and
(B)(i) 667. The court shall adhere to each of the following:
(1) There shall not be an aggregate term limitation For purposes
of consecutive Sentencing For any subsequent Felony conviction.
(As to counts 1, 2 and 3 in allegation of the specific crime and
my record of Arrest, i was not Sentenced under 667(A) because
the alleged act of crime was non-violent, i was sentenced purs.
to 667(B)(i) PC. to a consecutive 25-years to life imprisonment,
in addition to a 3 year term enhancement on count 1 and 2,
which all in all is a total term of 81 yrs to life imprisonment
with the possibility of Parole.) Since adopting californias new-
three Strikes law, November 2, 2004 and effective November 3, 2004
The main line of policy in the current assembly program and the
initative of Proposition 66. (note: The Statute provisions on 667 P.C.
(B)(i) "enhancements" of prior convictions such as 2nd degree
robberys that are not violent are no longer non-strikeable
offenses and 2nd degree burgularys that are not violent are
no longer non-strikeable offenses under the new law of
californias current initative and Proposition 66.) note:
Proposition 184 § and penal code 667(h) provides that [a] ll
reference to existing statutes in penal code §§ 667(c)-(g).
1170-12/ are to Statutes as they existed on June 30, 1993

# Memorandum of points and Authorities.

and proposition 66 provides that [a]ll references to existing statutes of 667 PC. (B)(i) as they existed on november 3, 2004. These statutes as they existed on that date also may have referred to other statutes, which arguably means that the other statutes, which read as they existed on that date as well:

my punishment was imposed because of the court Judges discretion and his own authority and provisions of law. Namely 667(A) which resulted in enhancements and longer imprisonment terms, my sentence should have never been no more than a term of just a concurrent sentence conviction on count 1, 2 and 3, because the act of crime itself was a non-violent intent, not an intent of that of a violent Felony, PC. 667(A).

"People v. sheirik (1991) 229. Cal. APP. 3d 444, 446, People v. Labaugh (1987) 188 Cal. APP 3d 780, 784. Since under the "3-Strikes" law just like under the habitual criminal provisions in P.C. 667 (A)(2)'s own words, the "serious Felony" statute does not apply. In accord with sheirik and Labaugh, the california supreme court in People v. Jones (1993) 5 Cal @ 1142, construed this section means that "when multiple statutory enhancement provisions are available for the same prior offense one of which is a section 667 enhancement, the greater enhancement, but only that one, will apply. People v. Jones, SUPRA, 5 Cal 4 @ 1150." This under sheirik Labaugh and Jones. When a prior

1    Memorandum of points and Authorities.

2

3    is both a "strike" and a "serious Felony", The enhancement
4    providing the greater punishment, but only that one, can
5    be imposed. "Dau luse" of a prior conviction is used to
6    increase a defendants sentence under multiple sections
7    of the penal code such as both as a "strike" prior, and as a
8    "serious Felony" enhancement prior, The same prior cannot be
9    dual used to both a life sentence and add enhancement years
10   to a sentence: such as the 81 yrs to life imprisonment with the
11   possibility of parole i received in my criminal 2 matter.
12   nothing in the statutes suggest that the legislature intended
13   that those same sentencing enhancements would get or end
14   in a term of life imprisonment with the possibility of parole, it
15   can only be "engrated" by the statutes of methodology because
16   my sentencing term which was imposed isnt the right required
17   sentence period, but a sentence and enhancement term intended
18   for a life imprisonment sentence without the possibility of parole.
19   "People v. Jenkins, (1995) 10 cal, 4th 234, 40 cal Rept 2d 903.
20   second, to use the same prior to enhance defendants sentence
21   under the "serious Felony" statute and the "3-strike" law
22   would violate the bar against double punishment in P.C. 654
23   which applies to enhancements, Theres nothing or No authority
24   on this issue. Sup Peo v. Jones, supra, 5 cal 5 4th @ 1152,
25   citing People v. Rodriguez (1988) 206 cal. App 3d 517
26   (654 does not apply), And People v. Hopkins (1985) 167 Cal App3d
27   110 (654 Applies). Hopkins is the better line of Authority to Follow.
28   7 (654 Provides that an act of omission which made punishable of

(6)

# MemoranDum of points and Authorities.

this code may be punished under either of such provision. but in no case can it be Punished under more than one... "Hopkins found that "section 654 generally proscribes Punishing the same act twice under different enhancement statutes. The same Fact may not because to satisfy or unposition the upper bare term and to inhance a defendants Prior sentence. The same tacts cannot be used to impose two enhancements. Further indication of this policy can be seen in proposition 66 initative and the provisions of P.C. 654, Fd@ 79, peo v. HopKins SuPRA. (it is now arguable that a case that has arisen when its not a "violent Felony" but alleges that its one of a "serious Felony. The defendant has an equal Protection right with a magistrate, From him or her, to review the case matter and exercise the deseretion, under Penal code 1385, before (Proposition 66 abrogated it.) Thus the statutes should be respectfully interpreted as empowering the court with authority to grant a Prosecutor's Motion to dismiss one of my priors and resentence my case matter, under review For in the Furthance of Justice.

2 envelopes, 1 of 2.

ParT. 2

# LA SUPERIOR COURT CASE

#2398094/85639091
#1718438/03574094

.PROBATION, POLICE
REPORTS

EXH-B

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**PROBATION OFFICER'S REPORT**

CERT. COPY 154

REPT. SEQ. NO. ___1___

| THE PEOPLE OF THE STATE OF CALIFORNIA, | DEPT./DIV. NW-O | ATTY. | JUDGE GLENNON |
|---|---|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA,    Plaintiff

vs.

RICKY HUNT                               Defendant

BKD AS: DWIGHT PARKER

| DEPT./DIV. NW-O | ATTY. | JUDGE GLENNON |
|---|---|---|
| HEARING 11-13-95 | C.I.I. NO. M04870206 | COURT CASE NO.(S) MA007853 |
| DPO STEPTEAU | AREA OFFICE ESFV | |
| RECOMMENDATION | | PROB. NO. X- 002818 |

TRUE NAME

WHEREABOUTS
LACJ BKG. #: 4332153

[X] **CONTINUANCE**
[ ] **PROBATION/DIVERSION DENIED**

CHARGED WITH/CONVICTED OF THE CRIME(S) OF

211 PC, 4 COUNTS

---

**REMARKS:**

REFERRAL FOR PROBATION INVESTIGATION IN ABOVE CASE WAS RECEIVED BY THE PROBATION OFFICER ON ___9-26-95___

[ ] DEFENDANT DID NOT FILE APPLICATION FOR PROBATION AS ORDERED BY THE COURT.

[ ] DEFENDANT DID NOT APPEAR FOR THE PROBATION INTERVIEW SCHEDULED;

     [ ] IN PERSON    [ ] BY MAIL    [ ] BY TELEPHONE.

[ ] JAIL RECORDS INDICATE DEFENDANT IS NOT IN CUSTODY.

[X] DEFENDANT HAS BEEN INTERVIEWED, BUT MATERIALS RELEVANT TO THE INVESTIGATION AND RECOMMENDATION HAVE NOT YET

BEEN RECEIVED.

[ ] OTHER_____

**RECOMMENDATION:**

[X] IT IS RECOMMENDED THAT THE MATTER BE CONTINUED TO ___12-4-95___ FOR FURTHER REPORT AND DEFENDANT

     [ ] BE REMANDED.    [ ] BE ORDERED TO REPORT IMMEDIATELY TO THE PROBATION OFFICER.

[ ] BECAUSE OF LACK OF COOPERATION, DEFENDANT DOES NOT APPEAR TO BE A SUITABLE CANDIDATE, AND IT IS RECOMMENDED

     THAT   [ ] PROBATION   [ ] DIVERSION   BE DENIED.

Date: ___11-6-95___

Read and Approved

_Ann Beth Vinetz_   374-2093
SDPO ANN BETH VINETZ
     ESFV MS:NL (3)
I have read and considered the foregoing report of the Probation Officer.

Respectfully submitted,

BARRY J. NIDORF, PROBATION OFFICER

_[signature]_
DPO MARLON STEPTEAU   TEL 374-2030

_____
         DATE

_____
JUDGE

76C612T - Prob. 613 (Rev. 3/83)

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

**PROBATION OFFICER'S REPORT**

REPORT SEQUENCE NO. 2

| DEFENDANT'S NAME(S) | COURT | JUDGE | COURT CASE NO. |
|---|---|---|---|
| RICKY HURT<br>BOOKED AS: " ▓▓▓▓ | NW-O | GLENNON | MA009853 |

| ADDRESS (PRESENT/RELEASE) | HEARING DATE | DEFENSE ATTY. | PROSECUTOR |
|---|---|---|---|
| ▓▓▓▓ STREET EAST<br>PALMDALE, CA 93550 | 12-5-95 | DONEKER | D.A. |

| BIRTHDATE | AGE | SEX | RACE | DPO | AREA OFFICE | PHONE NO. |
|---|---|---|---|---|---|---|
| 6-▓-▓ | ▓ | MALE | BLACK | STEPTEAU | ESFV | (818) 374-2030 |

| CITIZENSHIP STATUS | DRIVER'S LICENSE/EXP. DATE |
|---|---|
| U.S. | C1484237/1999 |

| PROBATION NO. | CII NO. | BOOKING NO. |
|---|---|---|
| X-002818 | M04870206 | 4332153 |

TYPE REPORT
_X_ **Probation and sentence**
___ Pre-Conviction (131.3 CCP)
___ Post sentence
___ Diversion (Specify) _____

| DAYS IN JAIL THIS CASE | CUSTODY STATUS/RELEASE DATE |
|---|---|
| ☒ ESTIMATED  ☐ VERIFIED | JAIL |

266+/72+398/ ▓

**PRESENT OFFENSE: LEGAL HISTORY**

**CHARGED with the crimes of** (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)
COUNTS I THROUGH ▓▓▓▓ PC (SECOND DEGREE ROBBERY) PLUS 12022.5(A) PC ON COUNTS I AND II; PLUS 1170.12(A)-(D) PC ON EACH COUNT; PLUS 667(A) PC, PLUS 667(A) PC, PLUS 667(A) PC ON EACH COUNT.

LOS ANGELES
SUPERIOR COURT

DEC 5 1995

JOHN A. CLARKE, CLERK

BY M. WHITE, DEPUTY

**CONVICTED of the crimes of** (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)
COUNTS I ▓▓▓▓▓▓ IV, II + IV

| CONVICTED BY | DATE OF CONVICTION/REFERRAL | COUNT(S) CONTINUED TO P & S FOR DISPOSITION | |
|---|---|---|---|
| JURY | 9-25-95 | N/A | SOURCES OF INFORMATION |
| PROPOSED PLEA AGREEMENT | | | ARREST REPORT |
| N/A | | | |

| DATE(S) OF OFFENSE | TIME(S) | |
|---|---|---|
| 1-95, 3-12-95, 2-24-95 | VARYING TIMES | |

DEFENDANT: ☐ N/A   ☐ SENTENCED TO STATE PRISON/COUNTY JAIL ON CASE ____   HOLD/WARRANTS
(SEE PRIOR   ☐ ON PROBATION   ☐ PENDING PROBATION VIOLATION   ☐ PENDING NEW CASE   ☒ YES  ☐ NO
RECORD
SECTION)   ☒ ON PAROLE-REMAINING TIME ____

**RECOMMENDATION:**

☐ PROBATION   ☒ DENIAL   ☐ DIAGNOSTIC STUDY   ☐ CYA   ☐ OTHER _____
                ☐ COUNTY JAIL   ☐ 707.2 WIC
                ☒ STATE PRISON   ☐ 1203.03 PC

76P725B-Prob. 19SC (Rev. 8/91)

**PRESENT OFFENSE:**
**(CONTINUED)**

| SOURCES OF INFORMATION (this page) |
|---|
| ARREST REPORT |

| ARREST DATE | TIME | BOOKED AS | OFFENSE | LOCATION OF ARREST | ARRESTING AGENCY |
|---|---|---|---|---|---|
| 3-15-95 | 1210 HRS | DWIGHT PARKER | 211 PC | UNKNOWN | LASD |

| CO-DEFENDANT(S) | CASE NO. | DISPOSITION |
|---|---|---|
| NONE | | |

**ELEMENTS AND RELEVANT CIRCUMSTANCES OF THE OFFENSE:**

DEFENDANT ROBBED SEVERAL VICTIMS.

COUNTS I AND II:    VICTIM, URSULA HELGE, IS THE NIGHT MANAGER FOR ALBERTSON'S AND SHE WAS ON DUTY. VICTIM HELGE WAS WORKING AT ONE OF THE STORE CASH REGISTERS AND DEFENDANT WALKED UP TO HER REGISTER IN ORDER TO PURCHASE A ITEM. VICTIM HELGE RANG UP THE SALE AND HER REGISTER DRAWER OPENED. AT THIS POINT AND TIME, DEFENDANT REMOVED A SMALL CALIBER HANDGUN FROM HIS WAISTBAND AND POINTED IT AT HER. VICTIM HELGE, FEARING FOR HER LIFE, STEPPED AWAY FROM THE CASH DRAWER AND SAID, "GO AHEAD AND TAKE IT". DEFENDANT'S COMPANION WALKED BEHIND VICTIM HELGE AND HE REMOVED MONEY FROM THE REGISTER DRAWER.

VICTIM, KELLY CARTER, WAS WORKING A CASH REGISTER IN THE NEXT AISLE AND DEFENDANT APPROACHED HIS LOCATION. DEFENDANT HAD HIS HAND IN HIS POCKET AND HE SAID TO VICTIM CARTER, "OPEN YOUR CASH DRAWER". VICTIM CARTER, FEARING THAT THE SUSPECT HAD A GUN INSIDE OF HIS POCKET, OPENED THE CASH DRAWER AND THE

-2- (HURT)
76P7258-Prob. 19SC (Rev. 8/91)

1    DEFENDANT REMOVED MONEY FROM THE REGISTER.  MOMENTS LATER,

2    DEFENDANT AND HIS COMPANION RAN OUT OF THE STORE AND OUT

3    OF SIGHT.

4              COUNT III:       THE VICTIM, JAMES TILTON,

5    WAS WORKING INSIDE OF HIS BUSINESS AND HIS BUSINESS WAS

6    CLOSED TO THE PUBLIC.  VICTIM TILTON WAS TRYING TO CATCH

7    UP ON PAPER WORK AND INVENTORY AND HE LEFT THE STORE REAR

8    DOOR UNLOCKED.  WHILE HE WAS WORKING, DEFENDANT CONFRONTED

9    HIM INSIDE OF THE STORE.  DEFENDANT HAD A SILK NYLON PULLED

10   DOWN OVER HIS FACE AND HE WAS HOLDING A 16-INCH PIPE.  DEFENDANT

11   DISPLAYED THE PIPE AND STATED, "GIVE ME YOUR MONEY".  VICTIM

12   TILTON, FEARING FOR HIS SAFETY, GAVE THE DEFENDANT $500.00.

13   DEFENDANT THEN TRIED TO OPEN A CASH REGISTER BUT HE WAS

14   UNSUCCESSFUL.  DEFENDANT THEN TOLD VICTIM TILTON TO GET

15   INTO A CLOSET AND CLOSE THE DOOR BEHIND HIM.  VICTIM WAS

16   ORDERED TO REMAIN INSIDE THE CLOSET UNTIL THE SUSPECT LEFT.

17   MOMENTS LATER, DEFENDANT PICKED UP A TELEPHONE NEAR THE

18   REGISTER AND HE TORE THE PHONE CORD FROM A WALL.  DEFENDANT

19   PROCEEDED TO WALK TO A DIFFERENT AREA OF THE BUSINESS AND

20   HE REMOVED $40.00 IN CASH FROM A DESK AREA.  DEFENDANT THEN

21   PULLED OUT A SECOND TELEPHONE CORD FROM A WALL AND HE PROCEEDED

22   TO LOOK INSIDE OF A BANK BAG.  DEFENDANT REALIZED NO MONEY

23   WAS INSIDE OF THE BAG AND HE THREW THE ITEM DOWN.  MOMENTS

-3- (HURT)
76C692G - PROB. 5A 1/92

1    LATER, DEFENDANT RAN OUT OF THE STORE AND THE VICTIM PROCEEDED

2    TO CALL THE SHERIFF'S DEPARTMENT.

3              COUNT IV:     VICTIM, DAWNA JACKMAN, WAS

4    WORKING AS A CHECKOUT STAND ATTENDANT AT THE SMITH FOOD

5    KING STORE AND DEFENDANT SELECTED TWO BOTTLES OF PERRIER

6    WATER.  VICTIM JACKMAN WAS COUNTING MONEY AND SHE PLACED

7    THE MONEY INSIDE OF HER POCKET WHEN SHE SAW THE SUSPECT.

8    DEFENDANT'S COMPANION WALKED AROUND THE CASH REGISTER AND

9    STOOD IN THE CENTER AISLE AREA.  DEFENDANT WALKED DIRECTLY

10   UP TO VICTIM JACKMAN AND HE REACHED INTO HIS WAISTBAND AREA

11   AND HE SHOWED THE VICTIM A ONE-HALF-INCH LONG PIPE.  DEFENDANT

12   STATED, "NOW GIVE ME ALL OF YOUR FUCKING MONEY".  VICTIM

13   JACKMAN, FEARING FOR HER SAFETY, COMPLIED WITH THE SUSPECT'S

14   DEMANDS AND SHE GAVE HIM ALL OF THE MONEY THAT WAS IN HER

15   POCKET.  BOTH SUSPECTS RAN TOWARDS THE STORE EXIT DOORS

16   AND THEY FLED THE LOCATION.  A SECURITY GUARD AT THE STORE

17   NOTICED THAT THE DEFENDANT'S COMPANION DROPPED A KNIFE ONTO

18   THE GROUND WHILE HE WAS RUNNING.

19

20

21

22

23

    -4- (HURT)

    76C692G - PROB. 5A 1/92

| 1 | **VICTIM:** | **SOURCES OF INFORMATION (this page)**<br>VICTIM, ARREST REPORT |
|---|---|---|

| **NAME**  ALBERTSON'S<br>URSULA HELGA AND KELLY CARTER | **COUNT(S)**<br>COUNTS I AND II |
|---|---|

**INJURY: PROPERTY LOSS (TYPE / COST / ETC.)**
EMOTIONAL TRAUMA, $500

**INSURANCE COVERAGE**
LOSS PREVENTION

| **LOSS:** [X] YES [ ] NO | **ESTIMATED LOSS**<br>OVER $500 | **RESTITUTION ALREADY MADE**<br>NO | **APPLIED FOR VICTIM RESTITUTION FUND**<br>[X] UNK  [ ] YES  [ ] NO |
|---|---|---|---|

**VICTIM STATEMENT:**

VICTIM HELGE INDICATED, "I DO NOT KNOW IF THE STORE'S LOSS PREVENTION INSURANCE COVERED THE LOSSES. I HOPE THE DEFENDANT DOES NOT GET BACK OUT. HE'S A COLD MAN. I HEARD SOME MEN CAME BACK INTO THE STORE LOOKING FOR ME."

THE PROBATION OFFICER WAS UNABLE TO CONTACT VICTIM CARTER.

| **RESTITUTION** | **TOTAL NUMBER OF VICTIMS**<br>FIVE | **ESTIMATED LOSS TO ALL VICTIMS**<br>OVER $2100 | **VICTIM(S) NOTIFIED OF P&S HEARING**<br>[X] YES  [ ] NO | 1191.3(B) P( |
|---|---|---|---|---|

| **DOES DEFENDANT HAVE INSURANCE TO COVER RESTITUTION:**<br>[ ] YES  [X] NO | **INSURANCE COMPANY NAME/ADDRESS/TELEPHONE NO.**<br>N/A |
|---|---|

                                        X    VICTIM LIST CONTINUES NEXT PAGE

-5- (HURT)

76P7258-Prob. 19SC (Rev. 8/91)

**ADDITIONAL VICTIMS:**

| SOURCES OF INFORMATION (this page) |
|---|
| ARREST REPORT |

| NAME | COUNT(S) |
|---|---|
| JAMES TILTON | COUNT III |

INJURY: PROPERTY LOSS (TYPE / COST / ETC.)
POSSIBLE EMOTIONAL TRAUMA, APPROXIMATELY $900

INSURANCE COVERAGE
UNKNOWN

| LOSS: ☒ YES ☐ NO | ESTIMATED LOSS $900 | RESTITUTION ALREADY MADE NO | APPLIED FOR VICTIM RESTITUTION FUND ☒ UNK ☐ YES ☐ NO |
|---|---|---|---|

VICTIM STATEMENT:

THE PROBATION OFFICER WAS UNABLE TO CONTACT VICTIM

TILTON.

-6- (HURT)

**ADDITIONAL VICTIMS:**

| SOURCES OF INFORMATION (this page) |
| --- |
| VICTIM, ARREST REPORT |

| NAME | COUNT(S) |
| --- | --- |
| SMITH'S FOOD KING<br>DAWNA JACKMAN | COUNT IV |

| INJURY: PROPERTY LOSS (TYPE / COST / ETC.) |
| --- |
| $1500.00, MILEAGE FEES |

| INSURANCE COVERAGE |
| --- |
| UNKNOWN |

| LOSS: ☒ YES ☐ NO | ESTIMATED LOSS<br>UNKNOWN | RESTITUTION ALREADY MADE<br>NO | APPLIED FOR VICTIM RESTITUTION FUND<br>☐ UNK  ☐ YES  ☒ NO |
| --- | --- | --- | --- |

**VICTIM STATEMENT:**

VICTIM JACKMAN STATED, "THE AMOUNT OF ROBBERIES HE HAS COMMITTED CONCERNS ME. DEFENDANT APPEARS TO BE OUT OF CONTROL. HOWEVER, THE WAY HE ROBBED ME WAS VERY UNINTIMIDATING. DEFENDANT NEEDS TO SIT IN JAIL FOR A WHILE."

-7- (HURT)

76P725B—Prob. 19SC (Rev. 6/85)

1  **PRIOR RECORD:**

2

3  **AKA'S:**  EBONY; RICKY RENEA HUNT; RICHARD GUY; JOE RICHARD MOORE;
RICKY RENE HURT; DWIGHT PARKER; NICKKI HURT; NIKKI NILE.

4

5

6

### JUVENILE HISTORY:

7  9-13-76  LAPD - 487.3 PC (GRAND THEFT AUTO) - PETITION
REQUESTED.

8  12-3-76  LAPD - 496 PC (RECEIVING KNOWN STOLEN PROPERTY)
PETITION REQUESTED.

9

10  12-17-76  LAPD - 459 PC (BURGLARY) - PETITION REQUESTED.

11  12-25-76  LAPD - 487.3 PC (GRAND THEFT AUTO) - PETITION
REQUESTED, 5-16-77: DEFENDANT COMMITTED TO
CALIFORNIA YOUTH AUTHORITY, 8-31-77:
12  COURT, 6-28-78:  PAROLED.

13  ### ADULT HISTORY:

14  8-13-78  SAN DIEGO PD - COUNTS I AND II:  211 PC (ROBBERY)
PLUS 12022.5 PC, 11-1-78: DEFENDANT WAS RECEIVED
15  FOR DIAGNOSIS PER 1203.03 PC, 90-DAYS PLACEMENT
1-8-79 CASE NO CR44454, CONVICTED ON SAID
16  CHARGES, STATE PRISON, 1-3-79: DEFENDANT DISCHARGED
TO SAN DIEGO COUNTY, 9-4-81 PAROLED, 5-14-84:
17  DISCHARGED.

18  10-2 -89  LAPD - 484 PC (SHOPLIFTING) - 11-19-81: CASE
NO. 685534, CHARGE DISMISSED, DEFENDANT ULTIMATELY
19  CONVICTED ON 415 PC, FINE.

20  9-27-83  LAPD - 10851 VC (UNLAWFUL TAKING OF A VEHICLE)
4-5-84: CASE NO. A700427, CONVICTED, IMPOSITION
21  OF SENTENCE SUSPENDED, 48 MONTHS PROBATION,
365 DAYS JAIL, 2-21-86 PROBATION VIOLATION,
22  PROBATION REINSTATED.

23  11-5-85  LAPD - 459 PC (BURGLARY) - 2-21-86: CASE A704979
DEFENDANT CONVICTED ON SECOND DEGREE BURGLARY,
24  FELONY, 2 YEARS STATE PRISON, 4-16-87: PAROLED
TO LOS ANGELES COUNTY, 5-16-88: DISCHARGED.

25

26  12-2-88  LASD - 594(A) PC (VANDALISM), COUNT II: 484(A) PC
(THEFT) MISDEMEANOR CHARGES, CASE NO. 88M02790
27  CONVICTED, 3-15-95: WARRANT ORDERED, 3-21-95:
WARRANT RECALLED, 30 DAYS IMPOSED ON VIOLATION,
28  6-19-95: PROBATION TERMINATED.

-8- (HURT)

| | | |
|---|---|---|
| 1 | 5-3-89 | LAPD - 594(A)(1) PC (VANDALISM) - 6-23-89 CASE NO. 89M00983, CONVICTED, MISDEMEANOR CHARGE, 36 MONTHS SUMMARY PROBATION, 180 DAYS JAIL, RESTITUTION. |
| 2 | | |
| 3 | | LAPD - 211 PC 9ROBBERY) - CASE NO. MA000540 |
| 4 | | 2-9-90: 1 COUNT OF ROBBERY DISMISSED, DEFENDANT CONVICTED ON OTHER CHARGE OF ROBBERY, FELONY |
| 5 | | CHARGE, 7 YEARS STATE PRISON. |
| 6 | 3-15-95 | LAPD - 211 PC (ROBBERY) - CASE NO. PA019954 NORTH VALLEY SUPERIOR COURT, CONVICTED, |
| 7 | | 2 YEARS STATE PRISON. |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |

-9- (HURT)

76C692G - PROB. 5A 1/92

**PERSONAL HISTORY:**

SOURCES OF INFORMATION (this page)

DEFENDANT

**SUBSTANCE ABUSE:**

_____ No record, indication, or admission of alcohol or controlled substance abuse.

__X__ Occasional social or experimental use of ___HEROIN, ALCOHOL___ acknowledged.

__X__ See below:  Indication / admission of significant substance abuse problem.

Referred to Narcotic Evaluator   ☐ Yes  ☒ No   _____ Narcotic Evaluator's report attached

Additional Information   DEFENDANT CLAIMS HE SMOKES A SMALL AMOUNT OF ROCK COCAINE
EVERY NOW AND THEN.  DEFENDANT STATES THAT HE HAS HAD A MINOR PROBLEM
WITH COCAINE FOR SEVERAL MONTHS.  DEFENDANT ADMITTED HE USED TO HAVE
A PROBLEM WITH MARIJUANA.  DEFENDANT CLAIMS HE RECEIVED SUBSTANCE
ABUSE TREATMENT AT A LANCASTER HEALTH CLINIC FOR 90 DAYS IN 1994.
DEFENDANT REFUSED TO ELABORATE ON HIS SUBSTANCE ABUSE BACKGROUND.

**PHYSICAL / MENTAL / EMOTIONAL HEALTH:**

_____ No indication or claim of significant physical / mental / emotional health problem.

__X__ See below:   Indication / claim of significant physical / mental / emotional health problem.

Additional Information   DEFENDANT IS DEPRESSED BECAUSE OF INCARCERATION.
DEFENDANT INDICATED HE HAS FELT SUICIDAL BEFORE.

-10- (HURT)

76P7258-Prob. 195C (Rev. 8/91)

**PERSONAL HISTORY:**
**(CONTINUED)**

| SOURCES OF INFORMATION (this page) |
| --- |
| DEFENDANT |

| RESIDENCE | TYPE RESIDENCE | LENGTH OF OCCUPANCY | MONTHLY RENT | RESIDES WITH/RELATIONSHIP |
| --- | --- | --- | --- | --- |
| | HOUSE | ALMOST 1 YEAR | NONE | FOSTER PARENTS |

| RESIDENTIAL STABILITY LAST FIVE YEARS | CAME TO STATE / FROM | CAME TO COUNTY / FROM |
| --- | --- | --- |
| UNSTABLE | ~~~~~~~, NEW YORK/1958 | SAME |

Additional information    DEFENDANT WAS BORN IN SAINT KITS, BAHAMAS.    DEFENDANT

RESIDED IN SAN DIEGO, CALIFORNIA FOR SIX MONTHS IN 1978.

| MARRIAGE / PARENTHOOD | MARITAL STATUS | NAME OF SPOUSE / PRESENT COHABITANT |
| --- | --- | --- |
| | SINGLE | NONE |
| LENGTH OF UNION | NO. OF CHILDREN THIS UNION | SUPPORTED BY |
| NONE | NONE | NONE |
| NO. PRIOR MARRIAGES / COHABITATIONS | NO. OF CHILDREN THESE UNIONS | SUPPORTED BY |
| NONE | NONE | NONE |
| NO. OF OTHER CHILDREN | SUPPORTED BY | |
| NONE | NONE | |

Additional information    DEFENDANT INDICATED HE HAD A TROUBLED UPBRINGING.

DEFENDANT RAN AWAY FROM HIS ADOPTED PARENTS WHEN HE WAS EIGHT YEARS OF

AGE.    DEFENDANT FURTHER INDICATED HE DOES NOT COMMUNICATE WITH HIS

NATURAL PARENTS.    DEFENDANT STATES HIS NATURAL PARENTS GAVE HIM UP

FOR ADOPTION.    DEFENDANT'S FOSTER PARENTS ARE JOHN .AND SANDRA GUY.

**FORMAL EDUCATION:**    DEFENDANT ATTAINED A GED (GRADUATE EQUIVALENCY DIPLOMA)
THROUGH A JUVENILE CAMP IN 1976.    DEFENDANT ATTENDED A BOYS MILITARY
ACADEMY WHEN HE WAS TWELVE YEARS OF AGE.

-11- (HURT)

76P725B-Prob. 19SC (Rev. 8/91)

**PERSONAL HISTORY:**
**(CONTINUED)**

SOURCES OF INFORMATION (this page)
DEFENDANT

| EMPLOYMENT STATUS | ☐ EMPLOYED | REFERRED TO WORK FURLOUGH | EMPLOYER AWARE OF PRESENT OFFENSE |
|---|---|---|---|

EMPLOYMENT STATUS | ☐ EMPLOYED ☒ UNEMPLOYED

REFERRED TO WORK FURLOUGH ☐ YES ☒ NO

EMPLOYER AWARE OF PRESENT OFFENSE ☒ N/A ☐ YES ☐ NO

PRESENT/LAST EMPLOYER / ADDRESS / PHONE
VARIOUS ODD JOBS

OCCUPATION
LABORER

PERIOD OF EMPLOYMENT
SEVERAL MONTHS

GROSS MONTHLY WAGE
BETWEEN $80
AND $150 WEEKLY

EMPLOYMENT STABILITY LAST 5 YEARS
UNSTABLE

TYPES OF PREVIOUS EMPLOYMENT
NONE

☐ VERIFIED    ☐ UNVERIFIED

Additional information

| FINANCIAL STATUS | INCOME STABILITY POOR | NET MONTHLY INCOME NONE |
|---|---|---|

EST. TOTAL ASSETS
NONE

EST. TOTAL LIABILITIES
$42

PRIMARY INCOME SOURCE
CRIME

SECONDARY INCOME SOURCE(S)
NONE

MAJOR ASSETS / ESTIMATED VALUE
NONE

MAJOR LIABILITIES / ESTIMATED AMOUNT (MONTHLY)
CREDIT CARDS - BALANCE OF $42

Additional information

GANG ACTIVITY    ☐ YES ☒ NO          Name of Gang _____

-12- (HURT)
76P725B-Prob. 19SC (Rev. 8/91)

DEFENDANT'S STATEMENT:

"I WOULD LIKE THE COURT TO THROW THE TWO STRIKES OUT. I WANT MY APPEAL TO BE HEARD. I NEED TO GET A JOB."

INTERESTED PARTIES:

THE PROBATION OFFICER WAS UNABLE TO CONTACT PAROLE AGENT BRIMER.

EVALUATION:

DEFENDANT IS NOT ELIGIBLE OR SUITABLE FOR COMMUNITY-BASED SUPERVISION. DEFENDANT'S EXTENSIVE PRIOR CRIMINAL RECORD AND HIS INVOLVEMENT IN THE INSTANT MATTER INDICATES HE IS A SERIOUS DANGER TO SOCIETY. DEFENDANT USED DEADLY WEAPONS DURING THE CRIME SPREE AND HE NEEDS TO BE REMOVED FROM THE COMMUNITY FORTHWITH BEFORE HE INJURES OTHER PEOPLE. DEFENDANT IS A CRIMINALLY ORIENTED INDIVIDUAL WHO HAS NO RESPECT FOR THE LAW. STATE PRISON IS BEING RECOMMENDED FOR THE COMMUNITY'S PROTECTION.

SENTENCING CONSIDERATIONS:

DEFENDANT IS INELIGIBLE FOR PROBATION UNDER 1170.12(A)-(D) PENAL CODE.

CIRCUMSTANCES IN AGGRAVATION:

1. THE CRIME INVOLVED MULTIPLE VICTIMS.

-13- (HURT)
76C692G · PROB. 5A 1/92

2. DEFENDANT HAS ENGAGED IN A PATTERN OF VIOLENT CONDUCT WHICH INDICATES A SERIOUS DANGER TO SOCIETY.

3. DEFENDANT'S PRIOR CONVICTIONS AS AN ADULT ARE NUMEROUS OR OF INCREASING SERIOUSNESS.

4. DEFENDANT HAS SERVED PRIOR PRISON TERMS.

5. DEFENDANT WAS ON PAROLE WHEN HE COMMITTED THE CRIME.

6. DEFENDANT'S PRIOR PERFORMANCE ON PROBATION WAS UNSATISFACTORY.

CIRCUMSTANCES IN MITIGATION:

NONE.

SHOULD THE COURT ORDER STATE PRISON, A HIGH-BASE TERM WOULD APPEAR TO BE APPROPRIATE.

RECOMMENDATION:

IT IS RECOMMENDED THAT PROBATION BE DENIED; THAT DEFENDANT BE SENTENCED TO STATE PRISON WITH PRE-IMPRISONMENT CREDIT OF 250 DAYS; THAT THE COURT ORDER THE DEFENDANT TO PAY A RESTITUTION FINE OF $200 AS PROVIDED IN SUBDIVISION (A) OF SECTION 13967 OF THE GOVERNMENT CODE, THE TOTAL AMOUNT TO INCLUDE A SERVICE CHARGE AS PROVIDED BY SUBDIVISION (D) OF

-14- (HURT)

76C692G - PROB. 5A 1/92

SECTION 13967 OF THE GOVERNMENT CODE.

RESPECTFULLY SUBMITTED,

BARRY J. NIDORF,
PROBATION OFFICER

BY _____, DEPUTY
MARLON STEPTEAU, DEPUTY
EAST SAN FERNANDO VALLEY AREA OFFICE
(818) 374-2030

READ AND APPROVED:

I HAVE READ AND CONSIDERED
THE FOREGOING REPORT OF THE
PROBATION OFFICER.

_____, SDPO
ANN BETH VINETZ, SDPO
(818) 374-2093

_____
JUDGE OF THE SUPERIOR COURT

(SUBMITTED:  11-30-95)
(TYPED: 11-30-95 )
MS:EL (6)

IF PROBATION IS GRANTED, IT IS RECOMMENDED THAT
THE COURT DETERMINE DEFENDANT'S ABILITY TO PAY COST OF PROBATION
SERVICES PURSUANT TO SECTION 1203.1(B) PENAL CODE. COST OF
PRESENTENCE INVESTIGATION AND PRESENTENCE REPORT - $442.00.
COST OF SUPERVISION - $32.00 PER MONTH.

-15- (HURT)

76C692G - PROB. 5A 1/92

STATE OF CALIFORNIA

**ACTIVITY REPORT**

CDC 1502 (1/91)

DEPARTMENT OF CORRECTION

**CHECK BOX**

☐ DISCHARGE REVIEW - FELON - ATTACH BPT 1130, CI&I REPORT, LEGAL STATUS SHE

☐ DISCHARGE REVIEW - NON-FELON

☐ NAEA REPORT - SUSPEND/REINSTATE

☐ CSTCU

☐ SUPPLEMENTAL TO _____ REPORT

☒ ACTIVITY REPORT

| CDC NUMBER | NAME (LAST, FIRST, MD) | REGION/UNIT |
|---|---|---|
| E48858 | HURT, RICKY | III / AU #1 |

IMMINENT DISCHARGE

| CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE |
|---|---|
| 5-18-97 | 5-18-95 |

COMMITMENT OFFENSE

PC 212.5 (b) ROBBERY 2ND

IS COMMITMENT OFFENSE SUBJECT TO 667.5 P.C. (WHETHER OR NOT COMMITMENT WAS ENHANCED)?

☐ NO   ☒ YES - IF YES, "DO NOT SPECIFY DISCHARGE EFFECTIVE DATE BELOW

**IF ARRESTED, COMPLETE THE FOLLOWING ARREST DATA**

| ARREST DATE | ARRESTING AGENCY | BOOKING NUMBER AND/OR LOCATION | NAME BOOKED AS |
|---|---|---|---|
| 3-15-95 | LAPD-DEVONSHIRE | 4432150 / LACJ | DWIGHT PARKER |

| HOLD DATE | HOLD REMOVED DATE |
|---|---|
| 3-21-95 | N/A |

CIRCUMSTANCES OR CHARGES

CIRCUMSTANCES OR CHARGES: (S) ARRESTED WHILE DOING A ROBBERY IN SAN FERNANDO

ARREST DATE & TIME: 3-15-95 AT 1210 HRS

NOTIFICATION DATE: 3-21-95

CRIMINAL CHARGES: 211 PC ROBBERY - SIMULATED

ARRESTING AGENCY/OFFICERS/TELE #'S: LAPD-DEVONSHIRE / 818-756-8291 / OSCHMANN #26326

ARREST REPORT #:

ADDITIONAL INFORMATION, i.e., adjustment to date, PAL status, criminal history, etc.
(S) IS WANTED BY LASO - AUS ON 3 CTS OF ROBBERY IN PALMDALE.

PAROLE AGENT'S RECOMMENDATION:

PLACE HOLD - INVESTIGATE - FILE APPROPRIATE REPORT
BY 3-28-95

| PAROLE AGENT'S SIGNATURE | DATE |
|---|---|
| M. Bruner | 3-21-9 |

**UNIT SUPERVISOR'S ACTION**

| | RELEASE HOLD AS OF (DATE): | |
|---|---|---|
| ☐ DECISION ☐ REVIEW | ☐ RETAIN HOLD | ☐ CANCEL WARRANTS - WAN |
| | *DISCHARGE EFFECTIVE (DATE): | ☐ RETAIN ON PAROLE |
| ☐ CONTINUE ON PAROLE | ☐ CONTINUE IN OUT PATIENT STATUS | |
| ☐ REINSTATE ON PAROLE OF (DATE): | ☐ TIME LOSS  ☐ NO TIME LOSS | ☐ SUSPEND/REINSTATE IN OPS AS OF (DATE): |
| | | ☐ REFER TO BPT/NAEA |  ☒ INVESTIGATE, SUBMIT APPROPRIAT REPORT BY (DATE): 3-28- |

SPECIAL CONDITION(S):

☐ ADD   ☐ DELE

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION

NOTICE ... SONS FOR
HOLD ... TO PAROLE
MAILED ... SIGNED
MAR 2 2 1995
REFER TO PAROLE ADMINISTRATOR

NOTED/CONUN

| UNIT SUPERVISOR'S SIGNATURE | DATE |
|---|---|
| R. Santillan | 3-28-9 |

FIELD ADMINISTRATOR'S COMMENTS/DECISION

| | *DISCHARGE EFFECTIVE DATE | FIELD ADMINISTRATOR'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REFER TO BPT/NAEA | ☐ | | |

| PAROLEE/RELEASEE COPY PROVIDED (DATE:) | ☐ MAILED | DELIVERED BY: |
|---|---|---|

(14)

EXH-C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STATE OF CALIFORNIA
CHARGE SHEET/REVOCATION TRACKING/SCHEDULING REQUEST
CDC 1676 (4/91)

DISTRIBUTION:         DEPARTMENT OF CORRECTI
ORIGINAL - BOARD REPORT
1ST COPY - R.H.C.

REPORT TO:  ☒ BOARD OF PRISON TERMS
            ☐ NARCOTIC ADDICT EVALUATION AUTHORITY

2ND COPY - H.A.        **10**
3RD COPY - PAROLEE
4TH COPY - U.S.

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT | CSTCU - ST |
|---|---|---|---|---|
| E48858 | Hurt, Ricky | Dwight Parker | III/AV#1 | ☐ YES ☒ NO |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS: | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| 3-15-95 | LAPD-Devonshire | ☒ MANDATORY ☐ NON-MANDATORY | 4332153/LACJ |

ARREST CODE *      * ARREST CODES:
B                  A   P&CSD STAFF ALONE                          B   LAW ENFORCEMENT AGENCY ALONE
                   AB  P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY   D   LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 3-21-95 | 3-21-95 | N/A | Brimer | | | |

CHARGES AND CODES
1.  Instructions: Changing residence w/o informing P&CSD (___)
2.  Robbery (with weapon) (205)
3.  Robbery (with weapon) (205)

CHARGES AND CODES
4.  Robbery (with weapon) (205)
5.  Robbery (with simulated weapon) (215)
6.  False identification to a Police officer (950)

REASON FOR RETAINING PAROLE HOLD:   PAROLEE DANGER TO:
☒ ABSCOND  ☐ SELF  ☐ PROPERTY-OTHERS  ☒ SAFETY-OTHERS

| DATE COPY SENT TO PAROLEE | INITIALS OF PERSON SENDING |
|---|---|
| | |

**Date of Report: 3-28-95**

**Supporting Evidence:**

**Charge 1: Instructions: Changing residence w/o informing P&CSD**

On 2-23-95, 2-24-95 and 3-8-95 the AOR attempted home visits at the subject's address of record. On each visit the AOR talked with John Guy, the subject's adoptive father. Mr. Guy indicated that the subject was told by him to contact the AOR, however the subject spends the majority of his time away from the address of record. Mr. Guy indicated he had several talks with the subject about not staying at home and contacting the AOR, however he felt the subject may be using again. On 3-10-95 a Pre-PAL Letter was mailed to the subject's residence instructing him to report to the parole office on 3-15-95 at 1000 hours. On 3-10-95 the subject phoned the AOR and indicated he was at home and would report in on 3-15-95 at 1000 hours. On 3-15-95 the subject did not report as instructed and the AOR phoned MR. ███. Mr. ███ indicated the subject did return home on 3-13-95 and then left again and they had not seen him since. The AOR was contacted on 3-21-95 by Detective Weaver from LAPD-Devonshire, who

| E'S NAME | CDC NUMBER |
|---|---|
| | |

DEPARTMENT OF CORRECTIO

STATE OF CALIFORNIA
CHARGE SHEET/REVOCATION TRACKING/SCHEDULING REQUEST (CONT'D)
CDC 1676 (4/91)

indicated the subject was arrested on 3-15-95 at 1210 hours on Robbery charges and he used the name Dwight Parker when arrested.

**Charge 2: Robbery (with weapon)** pending in appeals court?

On 2-24-95 at approximately 0005 hours two black, adult, males entered the Smiths Grocery Store at 38360 20th Street East in the city of Palmdale. The two suspects obtained two bottles of Perrier water and walked to register number eight to check out. At register number eight at that time was the store manager, counting out money from the register. One of the suspects walked around the register and stood between the register and the exit doors. The second suspect walked directly up to the store manager and showed the manager a lead type pipe, about a foot and a half long, that was stuck in his pants. At the same time the suspect asked the manager, "See This?", indicating the lead pipe. The manager said she saw the pipe and the suspect told her "Now give me all your fucking money!" The manager then handed the suspect approximately $1500.00 in cash. Both suspects then exited the store. On 3-14-95 LASD Detective J. Stewart from the Antelope Valley Sheriff's Station contacted witnesses who observed the Robbery at Smiths. The witnesses picked out the subject's picture from a photo line-up and positively identified as the subject as the individual who showed the manager the lead pipe and took the store currency. The second suspect was also identified and is in custody.

**Charge 3: Robbery (with weapon)** pending in check court?

On 3-8-95 the Albertsons Grocery Store at 2301 East Palmdale Blvd. in Palmdale was Robbed by two Black, Adult, Males at approximately 2245 hours. The Store Manager informed the Deputies that she was working one of the registers when the suspect walked up to her register with an item to

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| Hurt, Ricky | E48858 |

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
CHARGE SHEET/REVOCATION TRACKING/SCHEDULING REQUEST (CONT'D)
CDC 1676 (4/91)

check out. After she rang up the sale and the cash register drawer came out, the suspect pulled a small caliber chrome handgun from his waistband and pointed it at her. The manager then stepped away from the cash register and told the suspect to take the money. Suspect number two then approached the manager from behind, reached around her and took the cash from the cash register. As suspect number two was grabbing the cash, suspect number one, with the handgun, turned to the cash register that was behind him and took the money from that cash register. Both suspects then exited the store. Approximately $500.00 in cash was taken

On 3-14-95 LASD Detective J. Stewart contacted two witnesses from the Albertsons Robbery and showed them, separately, photo line-ups. The subject's picture was positively identified by the witnesses as the suspect with the handgun in that Robbery.

**Charge 4: Robbery (with weapon)** Dismissed this count:

On 3-12-95 at approximately 1335 hours Tiltons Bowling Supplies Store at 38448 20th Street East in Palmdale was Robbed. The owner of the store had the store locked in front as it was Sunday, however he left the rear door unlocked. The owner indicated to Deputies that a Black, Adult, Male confronted him. The suspect had a silk nylon pulled down over his face to just below his nose and was holding a metal pipe in his hand. The suspect showed the owner the pipe and said "Give me your money!"

The owner gave the suspect $500.00 in cash that was in his pants pocket and informed the suspect that there was no money in the cash register. The suspect then told the owner to go into a closet and stay there. When the owner did come out of the closet he observed the suspect running down the rear alley behind the store and then turn and run up 20th Street East and

PAROLEE'S NAME                    Hunt, Ricky

CDC NUMBER
E48858

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
CHARGE SHEET/REVOCATION TRACKING/SCHEDULING REQUEST (CONT'D)
CDC 1676 (4/91)

out of sight. The owner found two phone cords pulled out of the wall and $400.00 in cash from a rear desk missing.

As Deputies were responding to the Robbery, one Deputy observed a Male Black entering a car on ~~xxx~~ Street East and pulling away from that residence. Deputies later returned to that residence, which is the subject's address of record. The Deputies were allowed to enter the residence and also allowed to search the subject's bedroom. In the subject's bedroom the Deputies found a red sweatshirt lying on the floor that matched the sweatshirt the suspect was wearing during the Robbery. Also found was a chrome type lead pipe lying under the subject's bed. Mrs. ~~xxx~~ informed the Deputies that the subject had came into the house with the pipe in his hands prior to his again leaving the residence and prior to the arrival of the Deputies. The Deputies took the sweatshirt and pipe to Tiltons Bowling Supplies where the owner identified both the sweatshirt and pipe as identical to the ones the suspect had. The owner could not identify the subject from a photo line-up as the suspect's face was covered.

3-15-95     2 yrs ½ time
3-15-96
Time served on this charge

**Charge 5: Robbery (with simulated weapon)**

**Charge 6: False identification to a Police Officer**

On 3-15-95 at approximately 1150 hours the International House of Pancakes at 8931 Reseda in Northridge was Robbed. The Black, Adult, Male suspect had entered the restaurant and been served a meal, which he completed. After the waitress gave the suspect his meal ticket the suspect approached the cashier and informed the cashier that he had lost his meal ticket. The cashier informed the suspect that they would make out a new one for him and the suspect sat down in a chair. The cashier then began helping another customer who was paying for his meal. As the cash register drawer

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| Hurt, Ricky | E48858 |

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
CHARGE SHEET/REVOCATION TRACKING/SCHEDULING REQUEST (CONT'D)
CDC 1676 (4/91)

popped open the suspect jumped to his feet and threw a glass onto the floor near his feet. The suspect then held his waistband as if he had a weapon and said "Don't Move!" The suspect then reached into the cash drawer and removed approximately $167.00 in cash and exited the restaurant. A short time later the subject was arrested by LAPD-Devonshire Officers and he was positively identified as the Robber by four different witnesses at the location. When the subject was booked into custody he used the name Dwight Parker and indicated he was from Washington D. C. On 3-21-95 LAPD Detective Weaver contacted the AOR and indicated that suspect Dwight Parker's fingerprint information had just been returned and Dwight Parker was in fact the subject.

**Parolee Statement:**

Several messages were left with LACJ Staff for the subject to phone the AOR-collect. However at the time of this report the subject has not contacted the AOR.

**Attachments:**

Los Angeles Sheriff's Department Complaint Report number 495-06640-1111-037. Los Angeles Sheriff's Department Complaint Report number 495-08259-1111-032. Los Angeles Sheriff's Department Complaint Report number 495-08624-1111-032. Los Angeles Police Department Report number 9517-13474.

**Witnesses:**

See attached Confidential Witness Form.

**Court Information:**

| | CDC NUMBER |
|---|---|
| | E48858 |

PAROLEE'S NAME          Hurt, Ricky

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
CHARGE SHEET/REVOCATION TRACKING/SCHEDULING REQUEST (CONT'D)
CDC 1676 (4/91)

Subject appears in Van Nuys Court on 3-29-95 for the Northridge Robbery

and no date has been set for the Antelope Valley Court dates.

misidentification!
no exhibiting evidence or evidence
tu alledged gun
no Chronological Evidence

Found circumstantially guilty of 3-counts
of second degree Robbery
and then I was charge by the Judge for bandishi
and possessing a gun I never seea exhibitted orfel
as evidence.

I was a lone crime defendant in court oa eac
count.

DEPARTMENT OF CORRECTIONS

ST. E OF CALIFORNIA
**SUMMARY OF PAROLE ADJUSTMENT**
§ CDC 1521-B (1/91)

### ATTACH LEGAL STATUS SUMMARY

| CDC NUMBER | NAME (LAST, FIRST, MI) | DATE OF REPORT |
|---|---|---|
| E48858 | Hurt, Ricky | 3-28-95 |

### PRIOR COMMITMENT(S)

| OFFENSE TITLE(S) | | CODE SECTION(S) | DATE(S) OF COMMITMENT |
|---|---|---|---|
| Robbery  *went out several time in CYA* | | 211 | 2-7-79 |
| Burglary 2ND | | 459 | 2-28-86 |
| | | | |

| SPECIAL CONDITION(S) OF PAROLE | INITIAL PAROLE DATE | LAST REV. REL DATE (RRD) |
|---|---|---|
| | 5-18-94 | N/A |

Participate in Ant-Narcotic Testing.

### RESIDENCE

| LAST KNOWN ADDRESS | LIVING WITH | RESIDENTIAL PATTERN |
|---|---|---|
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Palmdale, CA. 93550 | ▓▓▓▓▓▓▓▓▓▓▓▓ | Unstable |

### MEANS OF SUPPORT

| SOURCE OF SUPPORT | IF EMPLOYED, EMPLOYER'S NAME & BUSINESS ADDRESS | DATES EMPLOYED FR: - TO: | POSITION HELD |
|---|---|---|---|
| SSI | Unemployed | N/A | N/A |

**EVALUATION** - Cover the period from date of last release to current report. Include positive and negative factors of this release and community programs available in lieu of revocation, e.g. drug programs, psychiatric in-patient or out-patient, etc.

The subject is a thirty four year old third termer who prior arrest history consists of: Robbery- 3 Times, Shoplifting, Unlawfully taking a vehicle, Burglary, Petty Theft, Vandalism, and Possession Narcotic Control Substance- 2 Times. *Planted control substance -2 times.* The subject was released to parole on 5-18-94. On 1-20-95 the subject was continued on parole for the use of Cocaine. The subject lived with his adoptive family and was living on Social Security Benefits. At the beginning of March 1995 the subject's adoptive father informed the AOR that the subject was not staying at home every night and sometimes would be gone for three and four days and nights and would return home only to leave again and be gone for another several days.

On 3-13-95 LASD Detective J. Stewart contacted the AOR and indicated that he had information that the subject was involved in a *there* series of Robberies. Numerous witnesses to several of the Robberies have identified the subject from photo line-ups as the suspect who Robbed them. During the time of these Robberies the AOR could not make contact with the subject and his whereabouts was unknown.

It is recommended the subject be returned to custody.

*The array of photos, each photo of suspects was envolved in one unrelated crime to another;*

*in the county jail line up, the manager that probed me earlier for possessing a did not id me as the suspect with the gun the other two plaintiffs also said to I wasn't the suspect, nor did she get a good look at the suspects, this report is made up, the plaintiffs never got a copy but the things used against me da this refer never existed in court, also there suppose to be more suspects,*

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| Hurt, Ricky | E48858 |

**COUNTY OF LOS ANGELES · SHERIFF'S DEPARTMENT · SUPPLEMENTARY REPORT**

DATE 3-13-95                                    FILE NO. ███████

C. ROBBERY 211 PC                    Action Taken ACTIVE

V. "ALBERTSONS"

D.

AT APPROXIMATELY 0945 HRS THIS DATE I INTERVIEWED SUSPECT ███████ AT ANTELOPE VALLEY STATION. PRIOR TO MY INTERVIEW I ADVISED THE SUSPECT OF HIS CONSTITUTIONAL RIGHTS AS PER SHAD# 477. THE SUSPECT TOLD ME HE UNDERSTOOD HIS RIGHTS AND WOULD TALK TO ME WITHOUT AN ATTORNEY PRESENT.

THE SUSPECT DENIED BEING INVOLVED IN A ROBBERY AT ALBERTSONS ON 3-8-95. HE STATED THAT HE WENT TO ALBERTSONS AT APPROXIMATELY 1930 HRS, THE DAY OF THE ROBBERY, BUT NEVER RETURNED. THE SUSPECT STATED THAT HE BORROWED HIS FRIENDS VEHICLE ███████ TO PICK UP SOME TO GO TO HIS OLD APARTMENT ON 20TH STREET EAST TO PICK UP SOME OF HIS PROPERTY BUT RAN OUT OF GAS BEFORE HE GOT THERE.

I TOLD THE SUSPECT THAT I WAS INVESTIGATING OTHER ROBBERIES IN PALMDALE AND ASKED IF HE MIGHT HAVE BEEN INVOLVED IN ANY OF THEM. ███████ INDICATED AT THIS TIME THAT HE FELT THAT HE BETTER SPEAK TO A LAWYER AND ADVISED THAT HE DID NOT WANT TO ANSWER ANY MORE QUESTIONS.

I OBTAINED THE KEYS (EVIDENCE) WITH ███████ ON THE KEY RING AND WENT TO ███████ IN PALMDALE, AND PHOTOGRAPHED THE SUSPECT VEHICLE ███████. I PUT THE KEY IN THE IGNITION AND CHECKED THE GAS GAUGE. THE GAUGE SHOWED EMPTY. I THEN ATTEMPTED TO START THE VEHICLE AND HAD NO PROBLEM DOING SO. I LET THE VEHICLE IDLE FOR A COUPLE OF MINUTES, THEN TURNED THE MOTOR OFF. IN PRIOR INTERVIEWS THE SUSPECT INDICATED THAT THE VEHICLE HAD RUN OUT OF GAS.

AT APPROXIMATELY 1300 HRS I DROVE TO ███████ RESIDENCE. ███████ IS THE OWNER OF THE SUSPECT VEHICLE, AND WAS INTERVIEWED BY ███████ DURING HIS INVESTIGATION INTO THIS CASE ON 3-11-95.

I SHOWED ███████ THE KEYS WITH ███████ ON THE KEY CHAIN. HE TOLD ME THE KEYS BELONGED TO HIM. I VERIFIED THIS BY CHECKING THE DOOR LOCK AND THE PADLOCK ON THE GARAGE DOOR. THE KEYS FIT BOTH LOCKS.

THE WITNESS TOLD ME THAT WHEN HE LOANED HIS VEHICLE TO ███████, WHO RETURNED A SHORT WHILE LATER INDICATING THAT HE LOST THE KEYS, THE SUSPECT HAD INDICATED TO HIM THAT HE WAS GOING TO ALBERTSONS MARKET.

THE WITNESS ADVISED ME THE SUSPECT USED TO LIVE ON 20TH STREET EAST IN PALMDALE PRIOR TO MOVING IN WITH HIM. HE SUPPLIED ME WITH AN ADDRESS OF 38047 20TH STREET EAST #201 PALMDALE.

THE WITNESS TOLD ME HE HAS BEEN LETTING THE SUSPECT USE HIS CAR. HE TOLD ME THAT HE (WITNESS) HAS A SUSPENDED LICENSE AND CANNOT LEGALLY DRIVE.

REPORT CONTINUATION _ NARRATIVE                    URN ████████████████

ON 3-14-95 I WAS ADVISED BY ████████████████ THAT SUSPECT HURT WAS NAMED IN A ROBBERY THAT OCCURRED AT "TILTONS BOWLING SUPPLIES" IN PALMDALE (FILE ████████████, AND INDICATED THAT HE HAD RECOVERED EVIDENCE (RED SWEATSHIRT AND A METAL PIPE, THAT WAS TRACED TO SUSPECT HURT. (REFER TO REPORT).

ON 2-24-95 A ROBBERY OCCURRED AT "SMITHS FOODS" ON 20TH STREET EAST IN PALMDALE (████████████████. THE REPORT INDICATED THAT TWO MALE SUSPECTS WERE INVOLVED. ONE OF THE MALES USED A PIPE, AND THE OTHER USED A KNIFE. THE MALE WHO USED A PIPE FIT THE DESCRIPTION OF SUSPECT HURT.

ON 3-13-95 I OBTAINED A PHOTOGRAPH OF SUSPECT HURT FROM PAROLE AGENT BRIMER. THE PHOTO WAS TAKEN 5-13-94. I COMPILED TWO "MUG SHOW UP FOLDERS". EACH FOLDER CONTAINED SIX PHOTOGRAPHS OF BLACK MALES, AND INCLUDED A PHOTO OF EACH SUSPECT. ONE OF SUSPECT HURT AND ████████████████

ON 3-14-95 I WENT TO THE RESIDENCE OF ████████████████ A ROBBERY AT "ALBERTSONS" (THIS FILE NUMBER). I SHOWED THE VICTIM THE "MUG SHOW UP FOLDER CONTAINING THE PHOTOGRAPH OF SUSPECT HURT. ████████ADVISED ME THAT HE WANTED TO MAKE A CORRECTION TO A STATEMENT MADE IN THE REPORT WHEN ████ WAS ARRESTED. ████TOLD ME ████ WAS PRESENT AT THE FIELD SHOW UP, BUT WAS UNABLE TO IDENTIFY ████ AS ONE OF THE SUSPECTS. ████INDICATED THAT ████ GOT A GOOD LOOK AT SUSPECT HURT, AND HAD NO PROBLEM IDENTIFYING HIM FROM MY PORTFOLIO.

I WENT TO ████████████ RESIDENCE THIS DATE AND SHOWED THE "MUG SHOW UP FOLDER" CONTAINING THE PHOTO OF SUSPECT HURT. ████████████████ AND WAS UNABLE TO IDENTIFY HIM FROM THE PHOTOS SHOWN. ████ SHE IDENTIFIED GOT A BETTER LOOK AT THE MALE ████████████ IN THE FIELD SHOW UP ON 3-11-95.

I CONTACTED THE VICTIM AND WITNESSES OF THE ROBBERY THAT OCCURRED AT "SMITH FOODS" ON 2-24-95.

I WENT TO ████████████████ AND SHOWED ████ THE TWO "MUG SHOW UP FOLDERS" THAT CONTAINED THE PHOTOS OF BOTH SUSPECTS. ████████████ SELECTED THE PHOTOGRAPH OF ████ AND INDICATED THAT HE WAS ONE OF THE MALES INVOLVED IN THE ROBBERY ON 2-24-95. HE ADVISED ME THAT ████████ WAS THE SHORTER OF THE TWO MALES. HE ADVISED THAT HE OBSERVED ████ STANDING BY AS THE OTHER SUSPECT TOOK THE MONEY . HE TOLD ME ████████WAS HOLDING A BOTTLE OF "PERRIER" WATER IN HIS HAND AND THREW IT TO THE FLOOR AS HE RAN OUT THE DOOR WITH THE OTHER SUSPECT. THE WITNESS WAS UNABLE TO IDENTIFY THE LARGER OF THE TWO MALES.

REPORT CONTINUATION _ NARRATIVE                    URN ███████

PRIOR TO CONTACTING ████████████ AT ANTELOPE VALLEY STATION I TOOK A PHOTOGRAPH OF THE METAL PIPE AND THE RED SWEATSHIRT THAT WAS RECOVERED AND PLACED INTO EVIDENCE BY ███████ WHEN HE TRACED SUSPECT HURT TO 38502 21ST STREET EAST PALMDALE.

████████ VIEWED THE "MUG SHOW UP FOLDERS" AND SELECTED SUSPECT HURT AS BEING ONE OF THE SUSPECTS. ███████ TOLD ME THE SUSPECTS SKIN TONE WAS DARKER THAN THAT SHOWN IN THE PHOTO SELECTED.

████████ ADVISED ME THAT SUSPECT HURT WAS THE TALLER OF THE TWO MALES. ██████ SAID ██████ NOTICED THAT THE SUSPECT HAD SOMETHING SECRETED INSIDE HIS PANTS WHEN HE CAME INTO THE MARKET, AND INDICATED THE OBJECT WAS SHAPED LIKE A PIPE.

I SHOWED THE ███████ THE PHOTOGRAPH I HAD TAKEN OF THE METAL PIPE. ██████ ADVISED THAT THE SHAPE OF THE PIPE SHOWN ██████ WAS VERY SIMILAR TO THE IMPRESSION MADE IN THE PANTS OF THE SUSPECT.

THE REPORT INDICATED THE LARGER OF THE TWO SUSPECTS USED A PIPE AS A WEAPON WHEN HE ROBBED THE MARKET.

THE WITNESS WAS UNABLE TO IDENTIFY THE SECOND SUSPECT FROM THE PHOTOS SHOWN HIM.

I CONTACTED ████████████ "MUG SHOW UP FOLDERS". ████████ WAS UNABLE SHOWED ██████ THE "MUG SHOW UP FOLDERS". ████████ WAS UNABLE TO IDENTIFY THE SUSPECTS FROM THE PHOTOS SHOWN ██████.

SHOWED THE VICTIM THE PHOTO OF THE METAL PIPE. ██████ ADVISED ME THAT THE PIPE WAS IDENTICAL TO THE ONE THE SUSPECT USED TO ROB ██████.

I WENT TO "TILTONS BOWLING SUPPLIES" AND CONTACTED VICTIM ████████ AND SHOWED ██████ THE "MUG SHOW UP FOLDER" THAT CONTAINED THE PHOTOGRAPH OF SUSPECT HURT. THE ██████ WAS UNABLE TO IDENTIFY THE SUSPECT FROM THE PORTFOLIO. ██████ ADVISED ME THAT THE SUSPECTS FACE WAS PARTIALLY COVERED AND ██████ WAS ONLY ABLE TO GET A LOOK AT THE LOWER PORTION OF THE SUSPECTS FACE.

THE ████████ ADVISED ME THAT ████████ RECOVERED AFTER THE ROBBERY. RED SWEATSHIRT AND THE PIPE THAT ████████ THE ████████ STATED THAT ██████ POSITIVELY IDENTIFIED THE SWEATSHIRT AS BEING THE ONE WORN BY THE SUSPECT, AND TOLD ME THE PIPE ██████ WAS SHOWN WAS THE SAME ONE THE SUSPECT USED TO ROB ██████.

THE ABOVE INFORMATION TO BE PRESENTED TO THE DISTRICT ATTORNEYS OFFICE.

BY: DEPUTY ████████████

OLSONIZE

| BOOKING NO. | | | | FIRST | | | MIDDLE | | JR. |
|---|---|---|---|---|---|---|---|---|---|
| A332153 | | 4217 | | NONE | | | | | NI |

**ARRESTEE'S LAST NAME** — PARKER    **FIRST** — DWIGHT    **MIDDLE**    **JR.**

**ADDRESS** — 19420 TRANSIENT    **APT. NO.**

**CITY** — RESEDA    **STATE** — CA

| SEX | DESCENT | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE | AGE |
|---|---|---|---|---|---|---|---|
| M | B | BLK | BRO | 510 | 175 | 010868 | 27 |

**VEH. LIC. NO.** — PED    **STATE**    **F.O.** — 1777    **ARREST LAST** — HURT    **FIRST** — RICKY

**BIRTHPLACE** — XREFUSED    **PROB INV. UNIT** — XX    **JUV DETAINED AT**

XREFUSED    XX    17    NI

| DIVISION AND | DETAIL, ARRESTING | DATE ARRESTED | TIME ARR. | TIME BKD. |
|---|---|---|---|---|
| | A | 031595 | 1210 | 1409 |

**LOCATION OF ARREST** — 30000

**BAIL** — 150000

| CHARGE & CODE | DEFINITION | WARRANT NO. |
|---|---|---|
| F 211PC | ROBBERY 1ST | ☆ |

**ADDITIONAL CHARGES, ON ADDL WARR, LIST NO, COUNT AND BAIL, IN EA (EA)**

**ADMONITION OF RIGHTS** (WHEN APPLICABLE)

THE FOLLOWING STATEMENT WAS READ TO THE ARRESTEE:
"YOU HAVE THE RIGHT TO REMAIN SILENT. IF YOU GIVE UP THE RIGHT TO REMAIN SILENT, ANYTHING YOU SAY CAN AND WILL BE USED AGAINST YOU IN A COURT OF LAW. YOU HAVE THE RIGHT TO SPEAK WITH AN ATTORNEY AND TO HAVE THE ATTORNEY PRESENT DURING QUESTIONING. IF YOU SO DESIRE AND CANNOT AFFORD ONE, AN ATTORNEY WILL BE APPOINTED FOR YOU WITHOUT CHARGE BEFORE QUESTIONING."
THIS ADMONITION WAS READ TO THE ARRESTEE BY

**NAME** — N/A

**SOCIAL SECURITY NO.** — REFUSED

| ARRAIGN. DATE | TIME | COURT | LOCATION CRIME COMMITTED | P.D. | RESIDENCE PHONE NO. |
|---|---|---|---|---|---|
| | | DIV 139 JAA | | SAME | REFUSED |

**EMPLOYER / SCHOOL** — REFUSED

**OCCUPATION / TRADE** — REFUSED    **ENV** — TT 'R' LT SHOULDER

**CLOTHING WORN** — NO SHT, BLK SHS, BLU PNTS    **EXACT LOCATION / DISPOSITION ARRESTEE'S VEHICLE** — PED NO VEH

**LIST CONNECTING RPTS BY TYPE & CERTIFYING NCB** — 211 PER -- ABN RR

**COMPLAINTS / EVID OF ILLNESS INJURY BY WHOM TREATED** — NONE    **CASH** — 0.35

**INVOLVED PERSONS**    **Code:**    V: VICTIM    W: WITNESS    P / A: PARENT R: PERSON 459: PERSON SECURING / PERSON DISCOVERING    JUV: BOTH PARENT / GUARDIAN

| NAME | F & W'S | SEX | DESC. | D.O.B. | ADDRESS | CITY | ZIP | PHONE | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

**COMBINED CRIME REPORT** — IF MULTI ARRESTS, THIS SECTION & ABOVE CRIME RPT CHECK BOX IS COMPLETED ON ONLY ONE FACE SHEET

**TYPE OFFENSE** — ROBBERY

**VICT'S OCCUPATION** — RESTAURANT

**DATE AND TIME CRIME OCCURRED** — 3-15-95 1150    **TYPE PROPERTY** — MONEY    **TOTAL** — 1,167.00    **EST DAMAGE**    **TYPE PREMISES** — RESTAURANT

**459; BEV ONLY-POINT AND METHOD OF ENTRY** — SIMULATED HANDGUN

SUSP SIMULATED HANDGUN AND DEMANDED MONEY. IN FEAR WITH COMPLIANCE SUSP FLED ON FOOT

**COMBINED EVID. RPT.** — USE THIS SECTION IN LIEU OF PROPERTY REPORT IF ONLY ONE ARRESTEE, NO GUN AND NO MORE THAN 3 ITEMS OF EVID.

**APPROVAL / REPORTING OFFICERS**

**JUVENILE DISPO.** Petition Request: ☐ DETAINED ☐ RELEASED ☐ NON-BOOK ☐ NON-BOOK & WARR.

**ARREST REPORT**

Los Angeles Police Document

CONTINUATION SHEET

DISORGANIZED

| PAGE NO. / TYPE OF REPORT | | BOOKING NO. | DR NO. |
|---|---|---|---|
| 3/12 | COMBO ARR / EVID | | |

| ITEM QUAN. | ART CLE | SERIAL NO. | BRAND | MODEL NO | MISC. DESCRIPTION (EG. COLOR,SIZE, INSCRIPTIONS, CALIBER,REVOLVER,ETC) | DOLLAR VAL |
|---|---|---|---|---|---|---|

COURT INFO CONT 8

WIT 4 CAN TESTIFY TO ESCAPE ROUTE
TAKEN BY SUSP

WIT 4 ████████████████████████████
████████████████
████████████████████
████████████
████████████████████
████████
██████████████████

WIT 5 CAN TESTIFY TO THE LOCATION
AND OWNERSHIP OF SHIRT USED BY
SUSP TO CHANGE HIS APPEARANCE

WIT 5 ████████████████████████████████
██████████████
██████████████
████████████

Los Angeles Police Department
TYPE OF REPORT

COMBO ARR/IND

| ... | ARTICLE | SER AL NO. | BRAND | MODEL N. | MISC. DESCRIPTION (EG. COLOR, SIZE, INSCRIPTIONS ONE CAL. SER.NO/SILVER,ETC) | COLLAR |
|---|---|---|---|---|---|---|

COURT INFO & WIT LISTS

WITS 1-3 CAN TESTE ┐ THE
LINE UP OF ▪

W 1 ▇▇▇▇▇▇▇▇▇▇▇▇▇   ▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇

WIT 2 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇

WIT 3 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇

CONTINUATION SHEET

OLSONIZED

Los Angeles Police Department

| PAGE NO. | TYPE OF REPORT | | BOOK NO. |
|---|---|---|---|
| 4/12 | COMBO ARR/EVID | | |

| ITEM NO. | QUAN. | ARTICLE | SERIAL NO. | BRAND | MODEL NO. | MISC. DESCRIPTION (EG. COLOR,SIZE, INSCRIPTIONS, CALIBER,REVOLVER,ETC) | DOLLAR VALUE |
|---|---|---|---|---|---|---|---|

<u>SOURCE OF ACTIVITY:</u>

ON MAR 15, 1995 AT 1150 HRS. OFCR ▇▇▇▇ WAS WORKING DEVONSHIRE PATROL. OFCR ▇▇▇▇▇ WAS IN A MARKED B&W POLICE VEH. OFCR ▇▇▇▇ WAS ALSO IN FULL UNIFORM. OFCR REC'D R/C 211 I/O 8931 RESEDA AT THE I-HOP RESTAURANT. SUSP DESC AS A M/B 509 170 PURPLE SWEAT SHIRT AND BLU PANTS WITH HAIR COMBED BACK.

<u>OBSERVATIONS:</u>

ON ARRIVAL, OFCR ▇▇▇▇ ENTERED THE WEST PARKING LOT FROM 8900 BAIRD AV. OFCR ▇▇▇▇ OBSD A SECURITY GUARD STANDING IN THE PARKING LOT SOUTH OF 8931 RESEDA. ▇▇▇▇ DROVE TO MEET THE SECURITY GUARD. ▇▇▇▇ THEN ASKED THE SECURITY GUARD (LATER ID AS ▇▇▇▇ OR WIT 4) "DID YOU SEE A MAN RUN THROUGH THE PARKING LOT." WIT 4 SAID "YES", "HE RAN SOUTH TO BAIRD AV, HE WAS STUFFING SOMETHING IN HIS LEFT PANT POCKET AS HE RAN".

CONTINUATION SHEET

Los Angeles Police Department

| PAGE NO. | TYPE OF REPORT | | BOOKING NO. | DR OR NO. |
|---|---|---|---|---|
| 5/12 | COMBO ARR/EVID | | | |

| ITEM NO. | QUAN. | ARTICLE | SERIAL NO. | BRAND | MODEL NO. | MISC. DESCRIPTION (EG. COLOR.SIZE. INSCRIPTIONS, CALIBER.REVOLVER.ETC) | DOLLAR VA |
|---|---|---|---|---|---|---|---|

OBSERVATIONS CONT'S

OFCR ▓▓▓▓▓▓ THEN ASKED WIT 4 IF
HE KNEW WHAT THE SUSP WAS WEARING,
WIT 4 AGAIN SAID "YES". HE HAD ON A
PURPLE SWEAT SHIRT WITH STRIPES ON
THE ARMS AND BLU PANTS.

ARMED WITH THIS FRESH INFO OFCR
▓▓▓▓▓▓ FOLLOWED THE SUSP ESCAPE
ROUTE. OFCR ▓▓▓▓▓ WAS CHECKING
THE ALLEY AND STREETS AT 8700 BAIRD
TO 8700 AMIGO. OFER WAS THEN STOPPED
BY A MAN IN A WHT MINI VAN (LATER
ID AS ▓▓▓▓▓▓▓) AT GRESHAM ST &
AMIGO AV. WIT TOLD OFCR ▓▓▓▓▓▓ HE
WAS THE ▓▓▓▓▓▓▓▓▓▓▓ WIT 1 THEN
SAID "HE WAS IN THIS ALLEY JUST 30
SECONDS AGO". I ASKED WIT 1 TO SHOW
ME WHERE HE LAST OBSD SUSP. WIT 1
THEN DROVE N/B AMIGO TO RAYEN ST, THEN
E/B RAYEN ST TO THE EAST ALLEY OF 8700
AMIGO AV. WIT STOPPED HIS VEH AT THE
NORTH END OF THE ALLEY AND POINTED
SOUTH. OFCR ▓▓▓▓▓▓ THEN LOOKED SOUTH
AND OBSD A M/B WALKING S/B MID BLOCK.
OFCR ASKED WIT 1 "IS THAT HIM" WIT 1
SAID "YES" OFCR ▓▓▓▓▓▓ THEN REQ
A B/U AND AIR UNIT.

| PAGE NO. | TYPE OF REPORT | | | | BOOKING NO. | |
|---|---|---|---|---|---|---|
| 5/12 | COMBO ARR/EVID | | | | | |

| ITEM NO. | QUAN. | ARTICLE | SERIAL NO. | BRAND | MODEL NO. | MISC. OBSERVATION (EG. COLOR, SIZE, INSCRIPTIONS, CALIBER, REVOLVER, ETC) | DOLLAR VA |
|---|---|---|---|---|---|---|---|

## OBSERVATIONS CONT:

OFCR BROADCAST SUSP MOVEMENT S/B AND WITH THE ASISTANCE OF THE AIR UNIT GUIDED B/U UNITS TO INTERCEPT THE SUSP. SUSP CONTINUED S/B THEN E/B GRESHAM ST. AT GRESHAM ST AND BAIRD AV SEVERAL UNITS TOOK SUSP INTO CUSTODY. WITHOUT INC.

OFCR ████ THEN TRANSPORTED ████ ████ TO BAIRD & GRESHAM FOR A FIELD SHOW-UP. WIT' WAS ADV OF SHOW UP ADMONITION (C-ATTACHED ADMONITION). OFCRS ████ AND ████ TRANS ████ FOR A FIELD SHOW-UP. WIT 2 WAS ADV RE SHOW-UP ADMONITION. BOTH ████ ████ POSITIVELY I.D SUSP. HOWEVER, SUSP HAD ATTEMPTED TO CHANGE HIS APPEARANCE B/ PUTTING ON A BLU MECHANICS' SHIRT. WHEN OFCRS REMOVED THE MECHANICS SHIRT, SUSP HAD A PURPLE SWEAT SHIRT UNDERNEATH. THE PURPLE SWEAT SHIRT WAS ALSO ID BY WIT1&2 AS THE CLOTHES WORN BY SUSP AT THE TIME OF THE CRIME.

**CONTINUATION SHEET**

Los Angeles Police Department

| PAGE NO. | TYPE OF REPORT | BOOKING NO. | DR NO. |
|---|---|---|---|
| 7/12 | COMBU ARR/EVID | | |

| ITEM NO. | QUAN. | ARTICLE | SERIAL NO. | BRAND | MODEL NO. | MISC. DESCRIPTION (EG, COLOR, SIZE, USER OPTIONS CALIBER, REVOLVER, ETC) | COLLENTM |
|---|---|---|---|---|---|---|---|

OBSERVATIONS CONT

OFCR ▓▓▓▓▓▓ MADE A F/U TO 8747
BAIRD (THE LOC OFCR FIRST OBSD SUSP.)
THERE OFCR ▓▓▓▓▓▓▓▓ WAS MET BY
▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓ TOLD OFCRS THE
SHIRT SUSP PUT ON TO CHANGE HIS
APPEARANCE BELONGED TO AN EMPLOYEE
OF HIS COMPANY NAMED MIGUEL. ▓▓▓▓
SAID THE SHIRT HAD BEEN ON THE BACK
PORCH APT TO THE ALLEY OF 8747 BAIRD ▓▓

OFCR ▓▓▓▓▓▓▓ THEN RETURNED TO 8931
RESEDA, THE SCENE OF THE CRIME.
OFCR ▓▓▓▓▓▓▓ INTERVIEWED ▓▓▓▓▓▓▓
▓▓▓ TOLD OFCR THE FOLLOWING:
▓▓▓ WAS AT THE CASH REGISTER AND A
BLK MAN ENTERED THE RESTAURANT. ▓▓
▓▓▓▓ SERVED HIM. HIS BILL CAME TO
A LITTLE MORE THAN SEVEN DOLLARS. WHEN
HE (SUP) FINISHED HIS FOOD HE WALKED TO
THE RESTROOM, THEN ENTERED THE RESTROOM.
SUSP THEN EXITED THE RESTROOM AND WALKED
OVER TO ME. HE (SUSP) SAID "I LOST MY
BILL". I TOLD HIM (SUSP) I WILL MAKE ANOTHER
HE (SUSP) SAT IN A CHAIR ADJ TO THE COUNTER
ANOTHER CUSTOMER WAS PAYING FOR HIS FOOD.
WHEN THE CASH REGISTER MONEY TRAY OPENED
HE (SUSP) JUMPED TO HIS FEET SMASHING
A GLASS HE HAD IN HIS HAND, ONTO THE
FLOOR.

| PAGE NO. | ... OF REPORT | | | | | BOOKING NO. | DR NO. |
|---|---|---|---|---|---|---|---|
| 3/12 | | | CO MBO XXX/EXD | | | | |

| ITEM NO. | QUAN. | ARTICLE | SERIAL NO. | BRAND | MODEL NO. | MISC. DESCRIPTION (ES, COLOR, SIZE, INSCRIPTIONS CALIBER, REVOLVER, ETC) | VALUE/ARRIVAL |
|---|---|---|---|---|---|---|---|

OBSERVATIONS CONT'S

HE (SUSP) HELD HIS WAIST BAND AS IF HE WAS ARMED. HE (SUSP) SAID "DONT MOVE" I WAS SO AFRAID HE WAS GOING TO SHOOT ME." HE (SUSP) THEN REACHED INTO THE MONEY TRAY AND REMOVED ALL THE MONEY IN THE TRAY $167.00. "I DIDNT KNOW WHAT TO DO I WAS AFRAID" HE (SUSP) THEN RAN OUT THE DOOR.

OFCR ███████ ALSO INTERVIEWED ███████
███████ STATED I SERVED HIM HIS FOOD HE SEEMED STRANGE. THEN MY MANAGER TOLD ME HE LOST HIS BILL. HE (SUSP) SMASHED SOMTHING AND STOOD UP. HE (SUSP) HAD HIS HAND ON HIS WAIST LIKE HE (SUSP) HAD HAD A GUN. "I WAS AFRAID HE WOULD SHOOT ONE OF US." "I HOPE YOU DONT TELL HIM (SUSP). I ID'ED HIM (SUSP). I DONT WANT HIM LOOKING FOR ME.

███████ I WAS SERVING A TABLE AND HEARD A LOUD SOUND. I THOUGHT HE (SUSP) SHOT A GUN. I LOOKED TO THE CASH REGESTER AND NOTICED A BLK MAN STANDING AT THE CASH REGESTER HE SAID "DONT MOVE" HE HAD HIS RIGHT HAND AT HIS WAIST I THINK HE HAD A GUN BUT I DIDNT SEE ONE.

CONTINUATION SHEET

| PAGE NO. | TYPE OF REPORT | | | | | BOOKING NO. | DR NO. |
| 9/21 | COMBO RPT/EVID | | | | | | |

| NO. | ARTICLE | SERIAL NO. | BRAND | MODEL NO. | MISC. DESCRIPTION (EG. COLOR, SIZE, DESCRIPTIONS, CALIBER, REVOLVER, ETC) | DOLLAR |
| | | | | | | |

<u>OBSERVATIONS - CONT:</u>

HE (SUSP) REACHED INTO THE MONEY TRAY AND REMOVED THE MONEY, HE (SUSP) THEN TURNED AND RAN OUT THE DOOR. OFCR ████████ CHECKED THE AREA FOR MORE WITS AND EVID. HOWEVER. NONE WERE FOUND.

<u>ARREST:</u>

OFCR ████████████ APPR SUSP PARKER FOR 211 PC ROBBERY. SUSP WAS TRANS TO DEVONSHIRE STA. BY OFCR ████████ ENROUTE TO DEVONSHIRE STA. SUSP PARKER MADE NUMEROUS SPONTANEOUS STATEMENTS (C- ADDITIONAL PG=10 )

<u>BOOKING:</u>

SUSP PARKER WAS BOOKED AT DEVONSHIRE JAIL ON ADVICE OF ████████ DEV ROBBERY DET.

CONTINUE ON REVERSE SIDE.

**CONTINUATION SHEET**

Los Angeles Police Department

| PAGE NO. | TYPE OF REPORT | | | | | DOB NO. | DR NO. |
|---|---|---|---|---|---|---|---|
| 10/12 | (CONBO) ARR/EVID | | | | | | |

| ITEM NO./QUAN. | ARTICLE | SERIAL NO. | BRAND | MODEL NO. | MISC. DESCRIP./SIZE OR DEG. | | DOLLAR VAL. |
|---|---|---|---|---|---|---|---|

OLSONIZED

ENR TO STA SUSP MADE THE FOLLOWING UNSOLICITED
SPONTANEOUS STATEMENTS

HE HAD EATEN IN THE IHOP AND WENT TO USE THE BATHRM.
HE WALKED TOWARDS EXIT DOORS AND FEM CASHIER ASKED
HIM FOR HIS TICKET. HE HAD HIS GLASS OF ORNG JUICE
IN HIS HAND AND IT SLIPPED AND BROKE ON THE FLOOR.
THE "DAMN LADY" AND THE "CHINESE DUDE" THOUGHT THEY
WERE GETTING "JACKED" SO THE MALE GAVE HIM THE
MONEY. BOTH WITS PANICKED WHEN THE GLASS BROKE. (SUSP
DENIED ROBBING IHOP AND INSISTED MGR JUST GAVE HIM
THE MONEY SO HE JUST TOOK IT & LEFT).

3-15-95 /1240

MONEY + IHOP BILL RECOVERED AT LOC OF ARR AT 0420
+ 890Y M/M, BY DXXXX                    FROM
LF ITS POCKET

WHILE WALKING INTO DIV STA SUSP INDICATED THE WADDED
UP MONEY ($21) I WAS HOLDING WAS HIS WHILE THE FOLDED
UP MONEY ($40) WAS IHOP'S.

SUSP STATED HE WAS "DWIGHT (NMN) PARKER" 01-08-68 +
HAD ONLY BEEN IN CA FOR 2 DAYS FROM WASH. D.C.
WHEN I ASKED HIM 10 MIN'S LATER HE SAID DOB WAS 8-1-68.
A I.S. CARD (#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) IN NAME OF RICKY R. HURT
WAS IN WALLET IN HIS POCKET BUT HE DENIED IT WAS
HIS. 2 MORE PIECES OF PAPER FOR "RICK CHARLEY" AND
38104-11TH ST E #3 PALMDALE IN HIS POCKETS BUT HE ALSO
DENIED THAT WAS HIS NAME
THE S.S. # COMES BACK TO ARR RECORD OF RICKY R. HURT,
CDC # E04885B, WHO IS ON PAROLE TO ADT. VLY. UNK WHAT
ON PAROLE FOR AS HIS RECORD IS NOT AUTOMATED. ALSO,
R+I UNABLE TO POSITIVELY ID HIM AT THIS TIME DUE TO
DOJ SYSTEMS DOWN.

# PROPERTY REPORT

Page 1 of 1     70-10 01 0 (R 8/89)

EVIDENCE CONT. COMPLETE 5-AGED AREAS ONLY IF NOT EVID CONT. COMPLETE ENTIRE FORM.

| | | |
|---|---|---|
| NARC. | FIREARM | SEARCH WARR. |
| MONEY $ | TOTAL U.S. CURR. | EVID / NON-EVID |

DATE AND TIME THIS REPORT     DATE PROPERTY BKD

RESIDENCE ADDRESS

ARRESTEE  ☒ EVID. CONT. OF ARREST REPORT
PARKER, DWIGHT     DOB 1-8-68     CHARGE 211 PC     BKG # 433 2153

RESIDENCE ADDRESS  BUS. ADDRESS
VICTIM  ☐ EVID. CONT. OF PIR (IF NO ARRESTEE)

RESIDENCE ADDRESS
☐ OWNER OR IF UNKNOWN  ☐ FINDER / POSSESSOR

AREA OR CITY & DATE CRIME OCCUR.  TYPE OF PREMISES     DEPT. EMPLOYEE # BOOKED PD     SERIAL NO     DIVISION

IS THIS STOLEN PROPERTY?  PROBABLE CRIME  ☐ FELONY  DATE & TIME PROP TAKEN INTO POLICE CUSTODY — LOCATION —
☐ MISD.     03-19-95

IS THIS FOUND PROPERTY?  DATE & TIME FOUND PROPERTY DISCOVERED     — LOCATION DISCOVERED —

INVESTIGATIVE UNIT     PERSON BKGD BY  DEV PROP     NOTIFICATIONS - PERSONS & UNITS     CONNECTING REPORTS - TYPE & DR

**Use Of Evidence Continuation:** Use only with Arrest Report or, if no Arrest Report, with PIR. Do not use if evidence is related to previously booked evidence. To book evidence, staple this page on top of Arrest face sheet (or PIR face sheet, if no arrest) and forward with evidence.
1. CIRCUMSTANCES (WHERE FOUND, BY WHOM, HOW BOOKED, ETC.) EXPLAIN IF READY NOT SIGNED. GIVE DETAILS OF OFF DRUGS OR FIREARMS.
2. ITEMIZE PROPERTY (LIST NARCOTICS FIRST, THEN MONEY, FIREARMS, PROPERTY WITH SERIAL NUMBERS, AND OTHER PROPERTY. IF RELATED TO PREVIOUSLY BKD, EXPLAIN, THEN NEXT REGISTRATION)

| ITEM NO. | QUAN. | ARTICLE | SERIAL NO./TYPE TEST OF... | BRAND/DRUG WEIGHT UNITS | MODEL NO./DRUG TEXT RESULT | MISC.-COLOR, SIZE, INFO SULT, ARREST, INCL. NAME |
|---|---|---|---|---|---|---|

A 211 J.O. R/C CAME OUT W/ SUSP DESCRIPTION AND DIRECTION OF
TRAVEL. OFCRS OBS'D SUSP AND ARR'D HIM 211 PC AFTER FIELD ID.
OFCR CASTRO RECOVERED ITEM #'S 1,2,5,6,7 & 8 FROM DEFT'S LEFT
PTS POCKET AT TIME OF ARR. I RECOVERED #'S 3 & 4 FROM DEFT AT
DEV JAIL. ITEMS MKD BKG FOR ID AND BKD DEV PROP AS EVID

EVIDENCE

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | 14 U.S. CURRENCY | | | | | (1) $20, (4) $10's ($75's + (6) |
| | RESTAURANT BILL | 173508 | | 137SET-2019 | $7 87, 624 + WM | |
| 1 | SHIRT | | LN 2106 | | LT BLU S.S. "A-WAHLY/MSGUZ" | |
| 1 | SWEAT SHIRT | | | | PUR W/ RED TRIM | |
| 1 | BILLFOLD | | | | BLK VINYL W/ #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 S.S (2 | |
| 1 | BIBLE | | | | SMALL, GRN VINYL COVER | |
| 1 | PM. BKLET | | | | ,ZEP PAPER | |
| 2 | PAPERS | | | | ▓ 8104 - 11TH ST EA PINEAPPLE | |

SUPERVISOR/INVESTIGATING OFFICER TESTING     SERIAL NO.     WITNESSING OFFICER     SERIAL NO.
Preliminary Drug Test
☐ Search Warrant List     DATE     ISSUED BY JUDGE     COURT NO.     ITEMS SEIZED PURSUANT TO WARRANT (4/540.90)
☐ ALL ITEMS  ☐ ONLY ITEM NOS.

SUPERVISOR APPROVING     SERIAL NO.  3717     BOOKING EMPLOYEE     SERIAL NO.  CIV.  DETAIL     PERSON REPORTING (SIGNATURE)     X

DATE & TIME REPRODUCED     DIVISION     CLERK

PAGE 12 OF 12

**LOS ANGELES POLICE DEPARTMENT**

# RECEIPT FOR PROPERTY TAKEN INTO CUSTODY

### * SAVE THIS RECEIPT *

OLSONIZED

| DATE AND TIME | DR NUMBER |
|---|---|
| 03-15-95 | ▓▓▓▓▓▓ |

LOCATION PROPERTY TAKEN INTO CUSTODY
BAIRD AN + EDDY ST N/W/C

NAME OF PERSON IN POSSESSION OF PROPERTY
PARKER, DWIGHT (NMN)

| ADDRESS | STREET | CITY |
|---|---|---|
| unk | unk | WASHINGTON, DC |

| CHARGE | BOOKING NUMBER |
|---|---|
| 211 PC | 4332 153 |

| COURT CASE NUMBER | ITEM NUMBERS ON PROPERTY REPORT |
|---|---|
| unk | 1 - 8 |

| PROPERTY TAKEN-DESCRIPTION | GIVE EXACT AMOUNT OF CASH |
|---|---|
| | $ 131.00 |

| QUAN. | ARTICLE | SERIAL NO. | BRAND | MODEL NO. | MISC., COLOR, SIZE, INSCRIPTION, CALIBER, ETC. |
|---|---|---|---|---|---|
| 19 | US CURRENCY | — | | | (4) $20, (4) $10, (1) $5, (9) |
| 1 | RESTAURANT BILL | 1735508 | | 1371ERM0944 | $2.87 GRAND |
| 1 | SHIRT | — | UNITOG | — | LT BLU S.S "A. CHARLES MIGUEL |
| 1 | SWEATSHIRT | — | | — | PUR W/ RED TRIM |
| 1 | BILLFOLD | — | | — | RICKY R. HURT SR. CARD |
| 1 | BIBLE | — | — | — | SM. GRN |
| 1 | PH BK | — | | | SM. RED |
| 1 | PAPERS | — | — | — | RICK CHARLES 38104 - 11TH ST E #3 PALMDALE |
| #/ | | | | | |

| PROPERTY BOOKED TO | DIVISION OF BOOKING |
|---|---|
| AB | PEN |

SIGNATURE OF OFFICER ISSUING
▓▓▓▓▓▓▓▓

SERIAL NUMBER
21261

## THIS RECEIPT DOES NOT CONSTITUTE RECOGNITION OF LEGAL TITLE TO ABOVE PROPERTY

SIGNATURE OF PERSON IN POSSESSION OF PROPERTY (OPTIONAL)
✗ (REFUSED)

N EMPLOYEE SEIZING OR TAKING CUSTODY OF PROPERTY SHALL ISSUE A RECEIPT FOR PROPERTY TAKEN TO CUSTODY, FORM 10.10 (DUPLICATE COPY), TO THE PERSON RELIEVED OF THE PROPERTY (4/645.20, 5/10.10). E ORIGINAL OF THE FORM 10.10 SHALL BE INCLUDED AS A PAGE OF THE ORIGINAL OF THE PROPERTY REPORT, M 10.1: NOTICE TO APPEAR / RELEASE FROM CUSTODY REPORT, FORM 5.2.8; OR ARREST REPORT, FORM HEN EVIDENCE IS LISTED THEREON.

TOTAL P. 12

| REPORT CONTINUATION — NARRATIVE | URN |
|---|---|

OLSONIZED

COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT PROPERTY/EVIDENCE LABEL
76P821-SH-CR-35 Rev.11/90          Date: 02/24/95    02:24:46
URN █████████              EVIDENCE
NAME: SMITHS FOOD          V

DESCRIPTION: KNIFE        BRAND:
MOD:          SER.#                CAL:
    W/BLACK HANDLE        - LDG:S/M/N  100    059
                                              Pg#
ASSGD:                    DISPO:
AUTHORIZED:                    EMP.# ███████

The Plaintiffs remembers someone having a knife but he says
that he doesn't remember me as having a knife

COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT PROPERTY/EVIDENCE LABEL
76P821-SH-CR-35 Rev.11/90          Date: 02/24/95    02:24:47
URN █████████              EVIDENCE
NAME: SMITHS FOOD          V

DESCRIPTION: BOTTLE       BRAND:
MOD:          SER.#                CAL:
    PERRIER WATER BOTTLE  - LDG:S/M/N  100    059
                                              Pg#
ASSGD:                    DISPO:
AUTHORIZED:                    EMP.# ███████

The Plaintiffs says I was the suspect of the _____ the
but with chronological test ___ my prints would ____
on the bottle

| REPORT CONTINUATION ... NARRATIVE | URN |
|---|---|

THE MALE LOOKED AT THE MARKED
PATROL UNIT AND QUICKLY GOT INTO
A BROWN NISSAN AND DROVE OFF N/B
21ST ST. EAST AND OUT OF SIGHT.
ATTEMPTED TO LOCATE THE VEHICLE, BUT
COULD NOT. MOMENTS LATER, THE BROWN
~~RETURNED TO~~

WHEN THE VEHICLE LEFT IT CONTAINED TWO
MALE BLACK ADULTS. WHEN IT RETURNED
THERE WAS ONLY ONE MALE BLACK INSIDE.

I RESPONDED TO

TO FURTHER INVESTIGATE.

UPON ARRIVING AT
I SPOKE TO THE DRIVER OF THE VEHICLE

TOLD ME
THAT A FEW MINUTES AGO HIS BROTHERS FRIEND
CAME INTO THE HOUSE AND WENT TO HIS BEDROOM.
AFTER A COUPLE OF MINUTES, THE FRIEND (RICKY
HUNT (M/B 6/21/60) WALKED OUT OF HIS BEDROOM AND
ASKED IF HE COULD DRIVE HIM DOWN
THE STREET REALLY QUICK WILLIAM AGREED
AND DROVE RICKY TO 15TH ST. EAST AND PILMOALE
BL. RICKY THEN GOT OUT OF THE CAR AND ENTERED
A LARGE BROWN CHEVY (COLOR) VEHICLE WITH TWO

OTHER MALE BLACKS (NFD) INSIDE. ~~THEN~~
THEN RETURNED TO ~~            ~~
TOLD ME THAT HE WAS JUST VISITING HIS
BROTHER AND DID NOT KNOW RICKY VERY
WELL.

I ASKED WILLIAM IF HIS BROTHER WAS
HOME AND HE SAID THAT HE WAS. HE DIRECTED
ME TO ANOTHER ▓▓▓▓▓▓▓ WHO WAS
INSIDE OF ~~            ~~

THE OTHER MALE (▓▓▓▓▓▓▓▓▓▓
WHO LIVES AT ~~            ~~
INVITED ME INTO ▓▓▓ HOUSE. ▓▓▓▓▓▓ ~~CONFIRMED~~
WHAT ▓▓▓▓▓▓ HAD JUST TOLD ME. ▓▓▓▓▓ GAVE
ME RICKYS FULL NAME AND BIRTHDATE AND
PHYSICAL DESCRIPTION. JOHNNY TOLD ME THAT RICKY
HAS BEEN STAYING WITH HIM FOR SOME TIME AND
THAT HE STAYS IN THE SIDE BEDROOM.

WHEN I TOLD ▓▓▓▓▓ THE PURPOSE OF
MY INVESTIGATION, ▓▓▓▓▓▓▓▓ SAID THAT
WHEN RICKY RETURNED TO THE HOUSE, PRIOR
TO ~~      ~~ DRIVING HIM DOWN THE STREET,
HE CAME INTO THE HOUSE CARRYING A PIPE IN
HIS HANDS. WHEN HE EXITED FROM HIS ROOM
HE WAS NOT CARRYING A PIPE.

76R288M-Sh-R-313- PS 10-82

OLSONIZED
PAGE 8 OF 10

| REPORT CONTINUATION ... NARRATIVE | UR ▓▓▓▓▓ |
|---|---|

████████ ALSO TOLD ME THAT THERE
WAS A STRONG "STRANGE" ODOR COMING FROM
RICKYS ROOM AND THAT ██ WANTED US TO
CHECK IT.

AS I AND MY ASSISTING ████████████
(████████) CAME TO THE BEDROOM DOOR I
COULD SMELL THE DISTINCT ODOR OF MARIJUANA
COMING FROM THE ROOM.

THUS IN ORDER TO FURTHER INVESTIGATE
THE ROBBERY TAIL (POSSIBLE SUSPECTS LOCATION,
OR EVIDENCE COLLECTION), AND THE ODOR, I
OPENED THE BEDROOM DOOR.

I SAW THAT THE ODOR WAS APPARENTLY
FROM A MARIJUAN CIGARRETTE THAT WAS
RECENTLY SMOKED. I COULD NOT FIND THE
SOURCE.

I ALSO IMMEDIATELY SAW A RED SWEATSHIRT
LYING ON THE FLOOR OF THE ROOM. THE ARMS OF
THE SWEATSHIRT WERE INSIDE OUT, AS IF SOMEONE
HAD ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ THREW
IT DOWN. I IMMEDIATELY RECOGNIZED THE
SWEATSHIRT AS MATCHING THE DESCRIPTION
AS THE ONE USED IN THE ROBBERY. AS I
PICKED UP THE SWEATSHIRT, I SAW A SHINY

REPORT CONTINUATION — NARRATIVE    URN ████████████

OLSONIZED

OBJECT PROTRUDING FROM UNDER THE BED THAT WAS IN THE ROOM. UPON CLOSER INSPECTION, I SAW THAT THE OBJECT WAS A CHROME-TYPE LEAD PIPE (APPROX 16 INCHES IN LENGTH). SINCE THAT MATCHED THE DESCRIPTION OF THE WEAPON USED IN THE ROBBERY I RETRIEVED IT FOR EVIDENCE. I ALSO RETRIEVED THE SWEATSHIRT.

I ADVISED ████████ OF THE EVIDENCE THAT I FOUND. ████████████████ CONFIRMED THAT THE PIPE THAT I WAS HOLDING WAS INDEED THE PIPE THAT RICKY CARRIED INTO THE HOUSE EARLIER. ████████ SAID SAID THAT SINCE RICKY HAD LEFT, NO ONE HAD BEEN IN HIS ROOM. I RETURNED TO THE ORIGINAL LOCATION OF THE CALL AND SHOWED THE VICTIM THE SWEATSHIRT AND THE PIPE. THE VICTIM POSITIVELY IDENTIFIED BOTH ITEMS AS THE ONES USED DURING THE COMMISSION OF THE CRIME.

REPORT MEMO ISSUED TO VICTIM.

BASED ON THE VICTIMS STATEMENTS, COUPLED WITH ████████████████████████ AND MY OBSERVATIONS I FORMED THE OPINION THAT RICKY WAS

76R288M—Sh-R-313— PS 10-82

| REPORT CONTINUATION ... NARRATIVE | URN ▓▓▓▓▓▓▓▓ |
|---|---|

DISONIZED

THE SUSPECT IN THE ROBBERY. THUS, I NAMED HIM AS THE SUSPECT.

I TRANSPORTED THE EVIDENCE TO THE AV. SHERIFF STATION AND BOOKED IT AS EVIDENCE AT 1640 HRS.

M.O.    CODES
1 C7
2 A10

3 P25
4 M12

5 I11
6 T22

COUNTY OF LOS ANGELES
SHERIFF'S DEPARTMENT
**COMPLAINT REPORT**   DATE 3/9/95   PAGE 1 of 7

RDS & STATISTICS BUREAU'S USE ONLY   FILE COPY   CA

| ACTION | ACTIVE (X) PENDING ( ) | INGER ATED | INFO | No of Adult Arrests | No of Subject Detentions | URN (File No) |
| | INACTIVE ( ) | INFO | No ( ) | 8 | 8 | |

CLASSIFICATION  ROBBERY (ARMED), 211 P.C.

| | Sex Offense Victim | |
| | Information ( )YES ( )NO | |

CLASSIFICATION                                OLSON CHILD

| | Im Custody victim | |
| | Weapon Used ( )YES ( )NO | |

DATE TIME DAY OF OCCURRENCE  3/8/95  2245 Hrs  WEDNESDAY  PRINT DEPUTY REQUESTED  NO ( ) YES ( ) LOC ( ) STA ( ) VEH ( )

LOCATION OF OCCURRENCE  2301 E PALMDALE BL.  PALMDALE CA 93550   TYPE OF LOCATION  BUSINESS   TRACT

CODE: V—VICTIM, W—WITNESS, I—INFORMANT, R—REPORTING PARTY, P—PARTY  LIST ONE WITNESS (IF NAMED) AND THE INFORMANT ON THIS PAGE.

| CODE V No 1-3 | LAST NAME  DBA "ALBERTSONS" | FIRST | MIDDLE | SEX | RACE | D.O.B. | CHECK IF PHONE BELOW |
| RESIDENCE ADDRESS | | CITY | ZIP | RES PHONE (AREA CODE) |

BUSINESS ADDRESS  2301  E PALMDALE BL. PALMDALE 93550   BUS PHONE (AREA CODE) 947-1772

| CODE V No 2-3 | LAST NAME ████ | FIRST ████ | MIDDLE ████ | SEX | RACE | D.O.B. | CHECK |
| RESIDENCE ADDRESS ████ | | CITY ████ | ZIP ████ | RES PHONE (AREA CODE) ████ |

BUSINESS ADDRESS  2301 E PALMDALE BL. PALMDALE 93550   BUS PHONE (AREA CODE) ████

| CODE 3-3 | LAST NAME ████ | FIRST ████ | MIDDLE ████ | SEX | RACE | D.O.B. | CHECK |
| RESIDENCE ADDRESS ████ | | CITY ████ | ZIP ████ | RES PHONE (AREA CODE) ████ |

BUSINESS ADDRESS  2301 E PALMDALE BL. PALMDALE 93550   BUS PHONE (AREA CODE) ████

CODE: S—SUSPECT, SJ—SUBJECT, M—PATIENT, S/V—SUSPECT/VICTIM, SJ/V—SUBJECT/VICTIM  CIRCLE CODE IF SUPP. PAGES USED FOR: V  W  S  SJ  M  S/V  SJ/V

| CODE S No 1 of 2 | LAST NAME ████ | FIRST ████ | MIDDLE ████ | DRIVER'S LICENSE (STATE & No.) |
| RESIDENCE ADDRESS ████ | | CITY ████ | ZIP ████ | RES PHONE (AREA CODE) ████ |
| BUSINESS ADDRESS | | CITY | ZIP | BUS PHONE (AREA CODE) |

| SEX M | RACE B | HAIR BLK | EYES BRO | HEIGHT 5'10 | WEIGHT 150 | DOB | AGE 25-27 | WHERE DETAINED OR CITE No ████ |
| | | | | | | | | BOOKING No |

OBSERVABLE PHYSICAL ODDITIES  HAIR IN DREED-LOCKS "BRAIDS BACK  AKA NICKNAME

CLOTHING WORN  DRK MID-THIGH LENGTH COAT, DRK PANT   MAIN

CHARGE  I never had Dred locks a day for my life.   WEAPON USED

| CODE S No 2 of 2 | LAST NAME ████ | FIRST ████ | MIDDLE | DRIVER'S LICENSE (STATE & No.) |

RESIDENCE ADDRESS  and I don't own or possess a length over coat.   RES PHONE (AREA CODE)

BUSINESS ADDRESS                                CITY                ZIP   BUS PHONE (AREA CODE)

| SEX M | RACE B | HAIR BLK | EYES BRO | HEIGHT 5'06 | WEIGHT 140 | DOB | AGE 20-23 | WHERE DETAINED OR CITE No ████ |
| | | | | | | | | BOOKING No |

OBSERVABLE PHYSICAL ODDITIES   AKA NICKNAME

CLOTHING WORN  DRK COLORED JACKET, DRK PANT   MAIN

CHARGE                                          WEAPON USED

| VEHICLE USED IN CRIME YES ( ) NO ( ) X | MAKE | BODY TYPE | COLOR | BY DEPUTY | BADGE No |
| UNKNOWN ( ) STORED ( ) IMPOUNDED ( ) X | | | | DEPUTY | BADGE No |

LICENSE (STATE & No) ████   VIN FRAME No ████

REGISTERED OWNER   STATION  USUAL   UNIT-CAR No 112A   SHIFT F-Nite

IDENTIFYING CHARACTERISTICS  NONE   APPROVED BY   BADGE No

CHP 180 SUBMITTED YES ( ) NO ( )  GARAGE NAME & PHONE   ASSIGNED

| VICTIM DESIROUS OF PROSECUTION YES ( ) NO ( ) | VICTIM INSURED FOR LOSS YES ( ) NO ( ) | EAP No | SPECIAL REQUEST DISTRIBUTION |
| SUSPECT/SUBJECT RELEASE APPROVED BY | TIME | ARREST REVIEW SUBMITTED YES ( ) NO ( ) | DATE 3/9/95 | TIME 0030 Hrs | SECT. RR |

76C300F-SH-R-49 (Rev. 5/93)

USE FOR PROPERTY / NARRATIVE AS NEEDED                                      PAGE / 4  7

| DATE: 2/24/95 | TIME REC'D 0008 | OBS ( ) | DET ( ) | CALL URN | | | |
|---|---|---|---|---|---|---|---|
| INPUT/CHECKED NCIC, CII, ETC. | YES ( ) NO ( ) | EVIDENCE (CODE-EV) | HELD | MARKED, TAGGED, SEALED & PLACED NO ( ) IN STATION EVIDENCE LOCKER | INSIDE ( ) OUTSIDE ( ) | SAFE ( ) BY: REFRIG ( ) | MOORE | LEDGER / DOC Page No. 59 |

IF BURGLARY: FORCE USED __N/A__ YES ( ) NO ( )    POINT OF ENTRY-DOOR ( )    WINDOW ( )    ROOF ( )    OTHER _____

PROPERTY: (TOTAL VALUE)    RECOVERED $ __0__    STOLEN $ __1500__    DAMAGED    **DISANITIZED**    PROPERTY RELEASED TO:

PROPERTY CODE: (Use All Applicable Codes; For Example, If Property Is Both Stolen & Recovered, Code Is S/R)
S–stolen  R–recovered  L–lost  F–found  E–embezzled  D–damaged

| CODE | ITEM No. | QUAN | DESCRIPTION — INCLUDE KIND OF ARTICLE, TRADE NAME, IDENTIFYING NUMBERS, PHYSICAL DESCRIPTION, MATERIAL, COLOR, CONDITION, AGE AND PRESENT MARKET VALUE | SERIAL No. | VALUE |
|---|---|---|---|---|---|
| S | 1 | 1 | U.S. CURRENCY, MISC DENOMINATIONS | | $1500 |

I RESPONDED TO 38360 20TH ST. EAST (LOC) IN REGARDS
TO A ROBBERY CALL, TAG 5.

AS I ARRIVED ▓▓▓▓▓▓▓▓ FOR "SMITHS FOOD"
(VICT #1), TOLD ME THAT AT THE INDICATED DATE AND TIME
SHE WAS COUNTING THE MONEY FROM REGISTER #8. SHE
WAS COUNTING THE MONEY AT THE CHECKOUT STAND. MOMENTS
LATER, TWO MALE BLACKS (SUSPS #1&2) WALKED UP TO
HER REGISTER AND PLACED TWO BOTTLES OF "PERRIER"
WATER ON THE COUNTER. VICT #2 LOOKED UP SAW BOTH

## VICTIM OF SEX CRIME'S REQUEST FOR CONFIDENTIALITY

PURSUANT TO SECTION 293(a) OF THE CALIFORNIA PENAL CODE, YOU ARE INFORMED THAT YOUR NAME WILL
BECOME A MATTER OF PUBLIC RECORD, UNLESS YOU REQUEST THAT IT REMAIN CONFIDENTIAL AND NOT BE A
PUBLIC RECORD, PURSUANT TO SECTION 6254 OF THE GOVERNMENT CODE.

I, _____ HEREBY (DO) (DO NOT) ELECT TO EXERCISE MY RIGHT TO PRIVACY.

### SCREENING FACTORS

| YES | NO | | YES | NO | |
|---|---|---|---|---|---|
| | X | 1. SUSPECT IN CUSTODY | X | | 7. GENERAL SUSPECT DESCRIPTION |
| | X | 2. SUSPECT NAMED/KNOWN | | | 8. GENERAL VEHICLE DESCRIPTION |
| | X | 3. UNIQUE SUSPECT IDENTIFIERS | | X | 9. UNIQUE M.O. OR PATTERN |
| | X | 4. VEHICLE IN CUSTODY | | X | 10. SIGNIFICANT PHYSICAL EVIDENCE |
| | X | 5. UNIQUE VEHICLE IDENTIFIERS | | X | 11. TRACEABLE STOLEN PROPERTY |
| X | | 6. WRITER/REVIEWER DISCRETION | X | | 12. MULTIPLE WITNESSES |

| PART I STATISTICAL INFORMATION | | | ADDITIONAL CRIMES 1) ___ 2) ___ | | NUMBER OF VICTIMS 2 | | WEAPONS CODE |
|---|---|---|---|---|---|---|---|
| PROPERTY | | | TYPE OF PROPERTY | STOLEN | RECOVERED | | ( ) ARTICLES THROWN |
| TYPE OF PROPERTY | STOLEN | RECOVERED | JEWELRY | $ | $ | | ( ) CAUSTIC CHEMICALS |
| | | | | | | | (✓) CLUB/BLUNT INSTRUMENT |
| CLOTHING/FURS | $ | $ | LIVESTOCK | $ | $ | | ( ) DRUGS/NOXIOUS GAS |
| | | | | | | | ( ) FIRE/EXPLOSIVES |
| CONSUMABLE GOODS | $ | $ | LOCAL STOLEN VEHICLES | $ | $ | | ( ) HANDS/FEET/FIST/ETC. |
| | | | | | | | (✓) KNIFE/CUTTING INSTRUMENT |
| CURRENCY/NOTES | $ | $ | MISCELLANEOUS | $ 1500 | $ | | ( ) POISON |
| | | | | | | | ( ) REVOLVER/PISTOL |
| FIREARMS | $ | $ | OFFICE EQUIPMENT | $ | $ | | ( ) RIFLE |
| | | | | | | | ( ) SHOTGUN |
| HOUSEHOLD GOODS | $ | $ | TV/RADIO/STEREO | $ | $ | | ( ) STRANGULATION |
| | | | | | | | ( ) VEHICLE |
| | | | | | | | ( ) UNKNOWN/OTHER |

| REPORT CONTINUATION    NARRATIVE | URN |
|---|---|

WALKED UP TO THE REGISTER AND WANTED TO PURCHASE AN ITEM. AFTER VICT #2 RANG UP THE SALE ▓▓ REGISTER DRAWER POPPED OPEN. SIMULTANEOUSLY, SUSP #1 PULLED A SMALL CALIBRE CHROME HANDGUN FROM HIS WAISTBAND AND POINTED IT AT ▓▓ (VICT #2). THE VICT (#2) FEARING FOR ▓▓ LIFE, THEN STEPPED AWAY FROM THE CASH DRAWER AND TOLD THE SUSPECT (#1) TO "GO AHEAD AND TAKE IT." AT THIS TIME, ANOTHER MALE BLACK (SUSP #2) WALKING UP BEHIND THE VICT (#2) AND GRABBED THE CASH FROM ▓▓ REGISTER DRAWER. AS SUSPECT #2 GRABBED THE CASH, SUSPECT #1 MOVED TO THE REGISTER THAT WAS DIRECTLY BEHIND HIM. SUSPECT #1 GRABBED THE CASH FROM THAT REGISTER, AND THEN BOTH SUSPECTS RAN OUT OF THE STORES E/DOORS AND OUT OF SIGHT. VICT #3 THEN TELEPHONED THE A.V. SHERIFF STATION AND NOTIFIED THEM OF THE INCIDENT.

VICT #2 SAID THAT ▓▓ WAS NOT INJURED DURING THE INCIDENT. SHE ADDED THAT SHE COULD POSITIVELY IDENTIFY SUSPECT #1 IF SEEN AGAIN. VICT #2 APPEARED OBVIOUSLY SHAKEN BY THE INCIDENT.

VICT #3 THEN CONTACTED ME AND CONFIRMED W/WHAT VICT #2 HAD JUST TOLD ME. HE ADDED THAT HE WAS WORKING THE CASH REGISTER THAT WAS JUST W/OF VICT #2. HE DID NOT NOTICE ANYTHING WRONG UNTIL

**REPORT CONTINUATION — NARRATIVE**     URN ▓▓▓▓▓▓▓▓▓▓

SUSPECT #1 APPROACHED HIM WITH HIS
HAND IN HIS POCKET. SUSPECT #1 THEN SAID
TO VICT #3 TO "OPEN YOUR CASH DRAWER".
VICT #3, FEARING THAT SUSPECT #1 HAD A GUN INSIDE
OF HIS POCKET, THEN OPENED ▓▓ CASH DRAWER
AND ALLOWED HIM TO TAKE THE CASH OUT
OF HIS DRAWER. AFTER TAKING THE CASH BOTH SUSPECTS
RAN OUT OF THE STORES FLOORS AND OUT OF SIGHT.

VICT #3 SAID THAT ▓▓ WAS NOT INJURED
DURING THE INCIDENT. ▓▓ ADDED THAT ▓▓ COULD
POSITIVELY IDENTIFY BOTH SUSPECTS IF SEEN AGAIN.

I THEN CONTACTED THE WITNESS WHO CONFIRMED
WHAT VICT #2 AND VICT #3 HAD TOLD ME. ▓▓ ADDED THAT
▓▓ WAS STANDING NEXT TO THE VIDEO COUNTER (WHICH
IS IN THE FRONT OF THE STORE) WHEN ▓▓ SAW SUSPECT #2
GRAB THE MONEY FROM VICT #2'S REGISTER. ▓▓ THEN
SAW SUSPECT #1 GRAB THE MONEY FROM VICT #3'S REGISTER.
AS BOTH SUSPECTS EXITED THE STORE ▓▓ RAN OUT
OF THE STORE AND SAW THE SUSPECTS RUN E/B
THROUGH THE PARKING LOT TO N/B 25TH ST E/B AND
OUT OF SIGHT.

THE WITNESS TOLD ME THAT ▓▓ COULD POSITIVELY
IDENTIFY BOTH SUSPECTS IF SEEN AGAIN.

76R288M-Sh-R-313- PS 10-79

| REPORT CONTINUATION — NARRATIVE | URN |

ULSONIZED

SUSPECTS, THEN SHE QUICKLY GRABBED THE MONEY THAT SHE WAS COUNTING, AND PLACED IT INTO HER POCKET. SUSPECT #2 THEN WALKED AROUND THE REGISTER AND STOOD IN THE CENTER OF THE AISLE LEADING THE EXIT DOORS. SUSPECT #1 THEN WALKED DIRECTLY UP TO VICT #2 AND STOOD ABOUT ONE INCH AWAY FROM HER. SUSP #1 REACHED INTO HIS WAISTBAND AREA AND SHOWED VICT #2 A LEAD PIPE ABOUT (1½" LONG) THAT WAS STUCK IN HIS PANTS. SIMULTANEOUSLY, SUSP #1 SAID "SEE THIS." VICT #2 TOLD HIM THAT SHE DID AND HE REPLIED "NOW GIVE ME ALL OF YOUR FUCKING MONEY". VICTIM #2 FEARING THAT SHE WOULD BE STRUCK WITH THE PIPE COMPLIED AND HANDED SUSP #1 ALL OF THE MONEY THAT WAS IN HER POCKET (ABOUT $1500 )(S-1). BOTH SUSPECTS THEN RAN TOWARDS THE STORES FRONT EXIT DOORS. AS THE SUSPECTS REACHED THE FRONT DOORS THEY DROPPED THE "PERRIER" WATER BOTTLES TO THE GROUND. ONE BOTTLE BROKE, AND ONE DID NOT. BOTH SUSPECTS THEN CONTINUED OUT THE DOORS AND N/B THROUGH THE PARKING LOT AND OUT OF SIGHT. VICTIM #2 THEN TELEPHONED THE A.V. SHERIFF STATION AND NOTIFIED THEM OF THE INCIDENT.

VICTIM #2 SAID THAT ALTHOUGH SHE WAS SHAKEN, SHE WAS NOT INJURED DURING THE INCIDENT.

| REPORT CONTINUATION — NARRATIVE | URN ████████ |
|---|---|

AS I WAS TALKING TO THE WITNESS, VICT #2 CAME UP TO ME AND TOLD ME THAT SUSPECT #2 HAD DROPPED A SET OF KEYS ON ███ REGISTER COUNTER. ███ ADDED THAT THE KEYS WITH A GREEN "GUMBY" FIGURE ATTACHED TO THE KEY RING WERE NOT THERE PRIOR TO THE INCIDENT. ███ SAID THAT AS SUSPECT #2 BENT OVER TO GRAB THE MONEY FROM ███ REGISTER THEY MUST HAVE FALLEN OUT OF HIS POCKET. HOWEVER, ███ COULD NOT BE SURE BECAUSE ███ DID NOT ACTUALLY SEE THE KEYS DROP FROM HIS POCKET. ███ IS JUST ASSUMING THAT THEY BELONG TO HIM. VICT #2 GAVE THE KEYS TO VICT #3 WHEN ███ FOUND THEM. VICT #3 THEN GAVE THEM TO ME.

AS I WAS AT THE LOCATION UNIT 112B (DEP. ███████) ADVISED ME THAT HE HAD FOUND AN ABANDONED VEHICLE JUST EAST OF THE LOCATION. THE VEHICLES ENGINE AND EXHAUST PIPES WERE WARM TO THE TOUCH. THE VEHICLE (TEXAS LICENSE PLATE ███████) WAS PARKED ON A DIRT ROAD (AVE Q-6) JUST E/OT 25TH ST. EAST. THE VEHICLE WAS FACING E/B AND PARKED ON A VERY DARK ROAD.

BASED ON THE WITNESS STATEMENTS THAT THE SUSPECTS WERE LAST SEEN RUNNING N/B 25TH ST. EAST FROM ALBERTSONS COUPLED WITH THE FACT THAT VEHICLE WAS

| REPORT CONTINUATION — NARRATIVE | URN |
|---|---|

VICT #2 TOLD ME THAT SHE COULD POSITIVELY IDENTIFY BOTH SUSPECTS IF SEEN AGAIN.

OLSONIZED

WITNESS #1, _____ FOR THE STORE, CONFIRMED WHAT VICT #2 HAD JUST TOLD ME. HE ADDED THAT HE WAS APPROX. 4 REGISTERS S/OF REGISTER #8 AS THE INCIDENT OCCURRED. HE SAID THAT HE WAS UNAWARE OF ANYTHING GOING ON UNTIL THE SUSPECTS DROPPED THEIR WATER BOTTLES ONTO THE FLOOR AS THEY EXITED. WIT #1 CHASED AFTER THE SUSPECTS. AS HE EXITED THE STORE BOTH SUSPECTS WERE RUNNING AROUND THE N/W CORNER OF THE LOCATION. AT THIS TIME WIT #1 SAW SUSP #2 DROP A KNIFE (EV1) ONTO THE GROUND. BOTH SUSPECTS CONTINUED RUNNING N/B ACROSS 20TH ST. EVBT AND OUT OF SIGHT. WIT #1 RETRIEVED THE DROPPED KNIFE AND GAVE IT TO ME FOR EVIDENCE.

WITNESS #1 WAS NOT INJURED DURING THE INCIDENT. HE ADDED THAT HE ALSO COULD POSITIVELY IDENTIFY BOTH SUSPECTS IF SEEN AGAIN.

WITNESS #2 CONFIRMED WHAT VICT #2 HAD TOLD ME. HE ADDED THAT WHILE STANDING AT THE END OF CHECK OUT STAND #8

76R288M—Sh-R-313— PS 10-79

| REPORT CONTINUATION — NARRATIVE | URN |
| --- | --- |

OLSONIZED

HE SAW BOTH SUSPECTS CONFRONT VICT #2.
HE SAW SUSP #1 GET REAL CLOSE TO HER
AND THEN SAW HER HAND SUSP #1 THE MONEY
FROM HER POCKET. HE SAID THAT VICT #2
LOOKED NERVOUS AND SCARED AS SHE GAVE
HIM THE CASH. WIT #2 SAW BOTH SUSPECTS
EXIT THE STORE AND RUN N/B.

WITNESS #2 SAID THAT HE COULD POSITIVELY
IDENTIFY BOTH SUSPECTS IF SEEN AGAIN.

. VICTIM #2 ADVISED ME THAT ALTHOUGH SHE
CAN NOT GET TO IT AT THE TIME OF THIS REPORT,
A VIDEO CAMERA WAS WORKING AT THE TIME
OF THIS INCIDENT. SHE SAID THAT THE TAPE WOULD
BE MADE AVAILABLE LATER THIS MORNING.
and when this came out in court the plaintiffs says they can't produce the tape.

I RECOVERED THE KNIFE AND THE "PERRIER"
WATER BOTTLE THAT WAS STILL INTACT FOR EVIDENCE.

REPORT MEMO ISSUED.
FINGERPRINT REQUEST CARD WAS ALSO SUBMITTED
WITH THIS REPORT.

M.O. CODES

| 1 C12 | 3 P23 | 5 I11 |
| 2 A4 | 4 M12 | 6 T22 |

SR255M–Sh–R-313– PS 10-79

PAGE 7 OF 7

**REPORT CONTINUATION — NARRATIVE**    URN ▓▓▓▓▓▓▓▓▓▓

PARKED IN SUCH A WAY AS TO ALLOW AN EASY, UNDETECTED ROUTE OF ESCAPE, I FORMED THE OPINION THAT THE KEYS THAT WERE FOUND AT THE LOCATION MAY FIT THAT VEHICLE.

I DROVE TO THE VEHICLES LOCATION AND TRIED THE KEY ON THE LOCKED DRIVER'S DOOR. THE KEY FIT. THE VEHICLE WAS SUBSEQUENTLY IMPOUNDED ▓▓▓▓▓▓▓▓▓▓ (SEE ▓▓▓▓▓▓▓).

THE KEYS WERE BOOKED AT THE AV SHERIFF STATION AS EVIDENCE AT 0115 HRS.

REPORT MEMO ISSUED.
FINGERPRINT REQUEST CARD SUBMITTED WITH THIS REPORT.

In court the cross examination of this abandoned vehicle, the vehicle was turned to new owner it wasn't stolen, the owner did't mention that he sold his car so some one eles it wasn't me, nor do the owner know me.

M. O. CODES

| 1 C16 | 3 P23 | 5 I/O |
| 2 A/O | 4 M12 | 6 T/O |

COUNTY OF LOS ANGELES
SHERIFF'S DEPARTMENT
**COMPLAINT REPORT**   DATE 2/24/95   PAGE 1

OLSON

RECORDS & STATISTICS BUREAU'S USE ONLY

| CTION | ACTIVE ☑ PENDING ( ) INACTIVE ( ) | INDEX INFO | | | | | |
|---|---|---|---|---|---|---|---|

LASSIFICATION **ROBBERY (WEAPON) 211 P.C.**

LASSIFICATION

DATE TIME DAY OF OCCURRENCE 2/24/95  0005 HRS  FRIDAY

LOCATION OF OCCURRENCE 38360  20TH ST.  PALMDALE  CA. 93550   TYPE OF LOCATION GROCERY STORE

CODE: V—VICTIM, W—WITNESS, I—INFORMANT, R—REPORTING PARTY, P—PARTY. LIST ONE WITNESS (IF NAMED) AND THE INFORMATION ON THE BACK.

| CODE | | LAST NAME | | FIRST | MIDDLE | SEX | RACE | D.O.B. | CHECK BELOW |
|---|---|---|---|---|---|---|---|---|---|
| V | No 1 of 2 | DBA "SMITHS FOOD" | | | | | | | |

RESIDENCE ADDRESS | | | CITY | ZIP | RES PHONE (AREA CODE) |

BUSINESS ADDRESS 38360  20TH ST. EXT  PALMDALE  93550   BUS PHONE (AREA CODE)

| V | No 2 of 2 | [redacted] | | | | | | |

RESIDENCE ADDRESS | | | CITY | ZIP | RES PHONE (AREA CODE) |

BUSINESS ADDRESS 38360  20TH ST. EXT.  PALMDALE  93550

| CODE | | LAST NAME | | FIRST | MIDDLE | | | |
|---|---|---|---|---|---|---|---|---|
| W | No 1 of 2 | [redacted] | | | | | | |

RESIDENCE ADDRESS | | | CITY | RES PHONE (AREA CODE) |

BUSINESS ADDRESS 2270-D  E. PALMDALE  PALMDALE  93550

CODE: S—SUSPECT, SJ—SUBJECT, M—PATIENT, S/V—SUSPECT/VICTIM, SJ/V—SUBJECT/VICTIM  CIRCLE CODE IF SUPP. PAGES USED FOR: V W S SJ M S/V SJ/V

| CODE | | LAST NAME | | FIRST | MIDDLE | DRIVER'S LICENSE (STATE & No.) |
|---|---|---|---|---|---|---|
| S | No 1 of 2 | [redacted] | | | | |

RESIDENCE ADDRESS | | | CITY | ZIP | RES PHONE (AREA CODE) |

BUSINESS ADDRESS | | | CITY | ZIP | BUS PHONE (AREA CODE) |

| SEX | RACE | HAIR | EYES | HEIGHT | WEIGHT | DOB | AGE | WHERE DETAINED CITE No |
|---|---|---|---|---|---|---|---|---|
| M | B | BLK | BRO | 5'07"-5'10" | 165 | — | 27-35 | N.I.C. |

OBSERVABLE PHYSICAL ODDITIES NONE SEEN   BOOKING No

CLOTHING WORN BLUE WATCH CAP, BLUE LEVIS, BLUE SWEATSHIRT   MAIN

CHARGE   *found this pipe at the house, after search*   WEAPONS USED PIPE
*of an unrelated charge*

| CODE | | LAST NAME | | FIRST | MIDDLE | DRIVER'S LICENSE (STATE & No.) |
|---|---|---|---|---|---|---|
| S | No 2 of 2 | [redacted] | | | *Buttwas chased* | |

RESIDENCE ADDRESS  *The plaintiffs says that I was at the suspect  for a gun in this*   RES PHONE (AREA CODE)
*nor did they get a good look at suspects' cousin*

BUSINESS ADDRESS | | | CITY | ZIP | BUS PHONE (AREA CODE) |

| SEX | RACE | HAIR | EYES | HEIGHT | WEIGHT | DOB | AGE | WHERE DETAINED OR CITE No |
|---|---|---|---|---|---|---|---|---|
| M | B | BLK | BRO | 5'06" | 155 | — | 27-35 | N.I.C. |

OBSERVABLE PHYSICAL ODDITIES NONE SEEN   AKA/NICKNAME   MAIN

CLOTHING WORN BROWN JACKET BLUE PANTS   WEAPON USED KNIFE

CHARGE

| VEHICLE USED IN CRIME YES ( ) NO ☑ | YR | MAKE | BODY TYPE | COLOR | | BADGE No |
|---|---|---|---|---|---|---|
| UNKNOWN ( ) STORED ( ) IMPOUNDED ( ) | | | | | DEPUTY | BADGE No |

LICENSE (STATE & No.) | VIN/FRAME No. |

REGISTERED OWNER   STATION AUS   UNIT/CAR No 112A   SHIFT EMS

IDENTIFYING CHARACTERISTICS   BADGE No   TIME

ASSIGNMENT AUS RB

CHP 180 SUBMITTED YES ( ) NO ( )   GARAGE NAME & PHONE   SPECIAL REQUEST DISTRIBUTION   87

| VICTIM DESIROUS OF PROSECUTION | YES NO ( ) | VICTIM INSURED FOR LOSS | YES NO ( ) | EAP No | | | "P.C.D." SUBMITTED 2/24/95 | TIME 0400M | YES |
|---|---|---|---|---|---|---|---|---|---|
| SUSPECT/SUBJECT RELEASE APPROVED BY | | | TIME | ARREST REVIEW SUBMITTED | YES ( ) NO ☑ | TTR'D BY I DA 0130 | | | NO |

COUNTY OF LOS ANGELES
SHERIFF'S DEPARTMENT
**COMPLAINT REPORT**   C. STEWART   DATE 3/12/95   PAGE 1 of 10

OLSON/IZED

RECORDS & STATISTICS BUREAU'S USE ONLY

| ACTION | ACTIVE ( ) PENDING ( ) INACTIVE ( ) | INDEX INFO | Yes ( ) No ( ) | No of Adult Arrests | No of Subject Detention | URN (File No) |
|---|---|---|---|---|---|---|

| CLASSIFICATION | Sex Offense Victim Information ( ) YES ( ) NO |
|---|---|
| ROBBERY (ARMED) 211 P.C. | |

| CLASSIFICATION | If Domestic Violence: Weapon Used ( ) YES ( ) NO |
|---|---|

| DATE TIME DAY OF OCCURRENCE | PRINT DEPUTY REQUESTED NO ( ) YES ( ) | LOC ( ) STA ( ) VEH ( ) | VIA SECTY | TIME |
|---|---|---|---|---|
| 3/12/95  1335 HRS  SUNDAY | | | | |

| LOCATION OF OCCURRENCE | CITY | ZIP | TYPE OF LOCATION | TRACT |
|---|---|---|---|---|
| 38948 20TH ST. EAST | PALMDALE | 93550 | BUSINESS | |

CODE: V—VICTIM, W—WITNESS, I—INFORMANT, R—REPORTING PARTY, P—PARTY  LIST ONE WITNESS (IF NAMED) AND THE INFORMANT ON THIS PAGE.

| CODE | | LAST NAME | FIRST | MIDDLE | SEX | RACE | DOB | CHECK DAY PHONE BELOW |
|---|---|---|---|---|---|---|---|---|
| V | No 1 2 | DBA "TILTONS BOWLING SUPPLIES | | | | | | |
| RESIDENCE ADDRESS | | | CITY | ZIP | RES PHONE (AREA CODE) | | | |
| BUSINESS ADDRESS | | | CITY | ZIP | BUS PHONE (AREA CODE) | | | |

| CODE | | LAST NAME | FIRST | MIDDLE | SEX | RACE | DOB | CHECK DAY PHONE BELOW |
|---|---|---|---|---|---|---|---|---|
| V | No 2 2 | | | | | | | |
| RESIDENCE ADDRESS | | | CITY | ZIP | RES PHONE (AREA CODE) | | | |
| BUSINESS ADDRESS | | | CITY | ZIP | BUS PHONE (AREA CODE) | | | |

| CODE | | LAST NAME | FIRST | MIDDLE | SEX | RACE | DOB | CHECK DAY PHONE BELOW |
|---|---|---|---|---|---|---|---|---|
| | No OF | | | | | | | |
| RESIDENCE ADDRESS | | | CITY | ZIP | RES PHONE (AREA CODE) | | | |
| BUSINESS ADDRESS | | | CITY | ZIP | BUS PHONE (AREA CODE) | | | |

CODE: S—SUSPECT, SJ—SUBJECT, M—PATIENT, S/V—SUSPECT/VICTIM, SJ/V—SUBJECT/VICTIM  CIRCLE CODE IF SUPP. PAGES USED FOR: V  W  S  SJ  M  S/V  SJ/V

| CODE | | LAST NAME | FIRST | MIDDLE | DRIVER'S LICENSE (STATE & No) |
|---|---|---|---|---|---|
| S | No 1 1 | HURT | RICKY | — | C1484237 |
| RESIDENCE ADDRESS | | | CITY  PALMDALE | ZIP  93550 | RES PHONE (AREA CODE) |
| BUSINESS ADDRESS  UNEMPLOYED - | | | CITY | ZIP | BUS PHONE (AREA CODE) |

| SEX M | RACE B | HAIR BLK | EYES BRO | HEIGHT 570 | WEIGHT 140 | DOB | AGE 25-26 | WHERE DETAINED OR CITE No  W/C |
|---|---|---|---|---|---|---|---|---|
| OBSERVABLE PHYSICAL ODDITIES  NONE SEEN | | | | | AKA NICKNAME | | | BOOKING No |
| CLOTHING WORN  RED SWEATSHIRT/BROWN LARGE JACKET, DRK JEANS | | | | | | | | MAIN |
| CHARGE | | | | | | | | WEAPON USED  CHROME 16" LEAD PIPE |

| CODE | | LAST NAME | FIRST | MIDDLE | DRIVER'S LICENSE (STATE & No) |
|---|---|---|---|---|---|
| | No OF | | | | |
| RESIDENCE ADDRESS | | | CITY | ZIP | RES PHONE (AREA CODE) |
| BUSINESS ADDRESS | | | CITY | ZIP | BUS PHONE (AREA CODE) |

| SEX | RACE | HAIR | EYES | HEIGHT | WEIGHT | DOB | AGE | WHERE DETAINED OR CITE No |
|---|---|---|---|---|---|---|---|---|
| OBSERVABLE PHYSICAL ODDITIES | | | | | AKA NICKNAME | | | BOOKING No |
| CLOTHING WORN | | | | | | | | MAIN |
| CHARGE | | | | | | | | WEAPON USED |

| VEHICLE USED IN CRIME YES ( ) NO ( ) UNKNOWN ( ) STORED ( ) IMPOUNDED ( ) | YR | MAKE | BODY TYPE | COLOR | DEPUTY | BADGE No |
|---|---|---|---|---|---|---|
| LICENSE (STATE & No) | | VIN / FRAME No | | | DEPUTY | BADGE No |
| REGISTERED OWNER | | | | | STATION  AVS | UNIT/CAR No 112A  SHIFT DAYS |
| IDENTIFYING CHARACTERISTICS | | | | | APPROVED | BADGE No  TIME |
| CHP 180 SUBMITTED YES ( ) NO ( ) | GARAGE NAME & PHONE | | | | ASSIGNMENT | |
| VICTIM DESIROUS OF PROSECUTION YES ( ) NO ( ) | VICTIM INSURED FOR LOSS YES ( ) NO ( ) | EAP No | | | SPECIAL REQUEST DISTRIBUTION | |
| SUSPECT/SUBJECT RELEASE APPROVED BY | | TIME | ARREST REVIEW SUBMITTED YES ( ) NO ( ) | TT B/C BY | DATE  TIME | SECTY |

76C30QF-SH-R-49 (Rev. 5/93)

OLSONIZED

| COUNTY OF LOS ANGELES—SHERIFF'S DEPARTMENT | URN: | | PAGE |
|---|---|---|---|
| **COMPLAINT REPORT CONTINUATION** | | | OF |

**CODE: V - victim, W - witness**

| | LAST NAME | FIRST | MIDDLE | SEX | RACE | AGE | CHECK DAY PHONE BELOW |
|---|---|---|---|---|---|---|---|
| No. 2 of 2 | | | | | | | |
| NCE ADDRESS | | CITY | ZIP | RES. PHONE (AREA CODE) | | | |
| NESS ADDRESS  360 | 20 TH ST. EAST | CITY PALMDLE | ZIP 93550 | BUS. PHONE (AREA CODE) | | | |
| | LAST NAME | FIRST | MIDDLE | SEX | RACE | AGE | CHECK DAY PHONE BELOW |
| No. OF | | | | | | | |
| NCE ADDRESS | | CITY | ZIP | RES. PHONE (AREA CODE) | | | |
| NESS ADDRESS | | CITY | ZIP | BUS. PHONE (AREA CODE) | | | |
| | LAST NAME | FIRST | MIDDLE | SEX | RACE | AGE | CHECK DAY PHONE BELOW |
| No. OF | | | | | | | |
| DENCE ADDRESS | | CITY | ZIP | RES. PHONE (AREA CODE) | | | |
| INESS ADDRESS | | CITY | ZIP | BUS. PHONE (AREA CODE) | | | |

**CODE: S - suspect, SJ - subject, - P - patient, S/ V - suspect/victim, S/J - subject/victim**

| | LAST NAME | FIRST | MIDDLE | DRIVER'S LICENSE (STATE & No.) |
|---|---|---|---|---|
| No. OF | | | | |
| IDENCE ADDRESS | | CITY | ZIP | RES. PHONE (AREA CODE) |
| INESS ADDRESS | | CITY | ZIP | BUS. PHONE (AREA CODE) |

| RACE | HAIR | EYES | HEIGHT | WEIGHT | D.O.B. | AGE | WHERE DETAINED OR CITE No. |
|---|---|---|---|---|---|---|---|
| | | | | | | | BOOKING No. |
| SERVABLE PHYSICAL ODDITIES | | | | | AKA/NICKNAME | | |
| OTHING WORN | | | | | | | MAIN |
| ARGE | | | | | | | WEAPON USED |

| | LAST NAME | FIRST | MIDDLE | DRIVER'S LICENSE (STATE & No.) |
|---|---|---|---|---|
| DE | | | | |
| No. OF | | | | |
| SIDENCE ADDRESS | | CITY | ZIP | RES. PHONE (AREA CODE) |
| JSINESS ADDRESS | | CITY | ZIP | BUS. PHONE (AREA CODE) |

| RACE | HAIR | EYES | HEIGHT | WEIGHT | D.O.B. | AGE | WHERE DETAINED OR CITE No. |
|---|---|---|---|---|---|---|---|
| | | | | | | | BOOKING No. |
| SERVABLE PHYSICAL ODDITIES | | | | | AKA/NICKNAME | | |
| LOTHING WORN | | | | | | | MAIN |
| HARGE | | | | | | | WEAPON USED |

| | LAST NAME | FIRST | MIDDLE | DRIVER'S LICENSE (STATE & No.) |
|---|---|---|---|---|
| DE | | | | |
| No. OF | | | | |
| ESIDENCE ADDRESS | | CITY | ZIP | RES. PHONE (AREA CODE) |
| JSINESS ADDRESS | | CITY | ZIP | BUS. PHONE (AREA CODE) |

| RACE | HAIR | EYES | HEIGHT | WEIGHT | D.O.B. | AGE | WHERE DETAINED OR CITE No. |
|---|---|---|---|---|---|---|---|
| | | | | | | | BOOKING No. |
| SERVABLE PHYSICAL ODDITIES | | | | | AKA/NICKNAME | | |
| LOTHING WORN | | | | | | | MAIN |
| HARGE | | | | | | | WEAPON USED |

| EHICLE USED IN CRIME YES( ) NO | YR. | MAKE | BODY TYPE | COLOR | LICENSE (STATE & No.) | V.I.N./FRAME No. |
|---|---|---|---|---|---|---|
| NKNOWN( ) STORED( ) IMPOUNDED( ) | | | | | | |

COUNTY OF LOS ANGELES—SHERIFF'S DEPARTMENT
**COMPLAINT REPORT CONTINUATION**    URN:    PAGE 2 OF 7

| CODE: V - victim, W - witness | | | | | | | |
|---|---|---|---|---|---|---|---|
| CODE W NO. 1 OF | LAST NAME | FIRST | MIDDLE | SEX | RACE | AGE | CHECK DAY PHONE BELOW |
| RESIDENCE ADDRESS | | CITY | ZIP | RES. PHONE (AREA CODE) | | | |
| BUSINESS ADDRESS | | CITY | ZIP | BUS. PHONE (AREA CODE) | | | |
| CODE NO. OF | LAST NAME | FIRST | MIDDLE | SEX | RACE | AGE | CHECK DAY PHONE BELOW |
| RESIDENCE ADDRESS | | CITY | ZIP | RES. PHONE (AREA CODE) | | | |
| BUSINESS ADDRESS | | CITY | ZIP | BUS. PHONE (AREA CODE) | | | |
| CODE NO. OF | LAST NAME | FIRST | MIDDLE | SEX | RACE | AGE | CHECK DAY PHONE BELOW |
| RESIDENCE ADDRESS | | CITY | ZIP | RES. PHONE (AREA CODE) | | | |
| BUSINESS ADDRESS | | CITY | ZIP | BUS. PHONE (AREA CODE) | | | |

OLSONIZED

| CODE: S - suspect, SJ - subject, - P - patient, S/V - suspect/victim, S/J - subject/victim | | | | | | | |
|---|---|---|---|---|---|---|---|
| CODE NO. OF | LAST NAME | FIRST | MIDDLE | | | DRIVER'S LICENSE (STATE & No.) | |
| RESIDENCE ADDRESS | | CITY | ZIP | | | RES. PHONE (AREA CODE) | |
| BUSINESS ADDRESS | | CITY | ZIP | | | BUS. PHONE (AREA CODE) | |
| SEX | RACE | HAIR | EYES | HEIGHT | WEIGHT | D.O.B. | AGE | WHERE DETAINED OR CITE No. |
| OBSERVABLE PHYSICAL ODDITIES | | | | | AKA/NICKNAME | | BOOKING NO. |
| CLOTHING WORN | | | | | | | MAIN |
| CHARGE | | | | | | | WEAPON USED |
| CODE NO. OF | LAST NAME | FIRST | MIDDLE | | | DRIVER'S LICENSE (STATE & No.) | |
| RESIDENCE ADDRESS | | CITY | ZIP | | | RES. PHONE (AREA CODE) | |
| BUSINESS ADDRESS | | CITY | ZIP | | | BUS. PHONE (AREA CODE) | |
| SEX | RACE | HAIR | EYES | HEIGHT | WEIGHT | D.O.B. | AGE | WHERE DETAINED OR CITE No. |
| OBSERVABLE PHYSICAL ODDITIES | | | | | AKA/NICKNAME | | BOOKING NO. |
| CLOTHING WORN | | | | | | | MAIN |
| CHARGE | | | | | | | WEAPON USED |
| CODE NO. OF | LAST NAME | FIRST | MIDDLE | | | DRIVER'S LICENSE (STATE & No.) | |
| RESIDENCE ADDRESS | | CITY | ZIP | | | RES. PHONE (AREA CODE) | |
| BUSINESS ADDRESS | | CITY | ZIP | | | BUS. PHONE (AREA CODE) | |
| SEX | RACE | HAIR | EYES | HEIGHT | WEIGHT | D.O.B. | AGE | WHERE DETAINED OR CITE No. |
| OBSERVABLE PHYSICAL ODDITIES | | | | | AKA/NICKNAME | | BOOKING NO. |
| CLOTHING WORN | | | | | | | MAIN |
| CHARGE | | | | | | | WEAPON USED |

| VEHICLE USED IN CRIME YES( ) NO( ) | YR. | MAKE | BODY TYPE | COLOR | LICENSE (STATE & No.) | | V.I.N./FRAME NO. |
|---|---|---|---|---|---|---|---|
| UNKNOWN( ) STORED( ) IMPOUNDED( ) | | | | | | | |
| CHP 180 SUBMITTED YES☑ NO( ) | GARAGE NAME & PHONE | | | IDENTIFYING CHARACTERISTICS NONE | | | |

OLSONIZED PAGE 6 of 10

USE FOR PROPERTY/NARRATIVE AS NEEDED

| DATE 3/12/95 | TIME REC'D 1540 HRS | OBS ( ) | DET ( ) | CALL V | URN |  |
|---|---|---|---|---|---|---|

INPUT, CHECKED NCIC, CH, ETC  YES ( )  NO ( )  EVIDENCE (CODE-EV)  HELD  YES ■ MARKED, TAGGED, SEALED & PLACED  NO ( ) IN STATION EVIDENCE LOCKER  INSIDE ■  OUTSIDE ( )  SAFE ( )  REFRIG. ( )  BY MORE  LEDGER PAGE No 101/24

IF BURGLARY: FORCE USED  YES ( )  NO ( )  POINT OF ENTRY-DOOR ( )  WINDOW ( )  ROOF ( )  OTHER -

PROPERTY: (TOTAL VALUE)  RECOVERED $ Ø  STOLEN $ 900⁰⁰  DAMAGED $ Ø  PROPERTY RELEASED TO

PROPERTY CODE:  S—stolen  R—recovered  L—lost  F—found  E—embezzled  D—damaged
(Use All Applicable Codes. For Example, If Property Is Both Stolen & Recovered, Code Is S/R)

| CODE | ITEM No. | QUAN | DESCRIPTION  INCLUDE KIND OF ARTICLE, TRADE NAME, IDENTIFYING NUMBERS, PHYSICAL DESCRIPTION, MATERIAL, COLOR, CONDITION, AGE AND PRESENT MARKET VALUE | SERIAL No | VALUE |
|---|---|---|---|---|---|
| S | 1 | 1 | U.S. CURRENCY MISC. DENOMINATIONS | | $900⁰⁰ |
| EV | 1 | 1 | | | |

COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT PROPERTY/EVIDENCE LABEL
76P821-SH-CR-35 Rev.11/90    Date: 03/12/95    16:40:05
URN:█████████    EVIDENCE
NAME: HURT,RICKY    S

DESCRIPTION: TELEPHONE    BRAND:
MOD:    SER.#:    CAL:
SOUTHWESTERNBELL TOUCHTONE    LDG:S/M/N    101    024    Pg#

ASSGD:    DISPO:
AUTHORIZED:    EMP.#: █████

| EV | 2 | 1 | | | |

COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT PROPERTY/EVIDENCE LABEL
76P821-SH-CR-35 Rev.11/90    Date: 03/12/95    16:40:06
URN:█████████    EVIDENCE
NAME: HURT,RICKY    S

DESCRIPTION: MONEY BAG    BRAND:
MOD:    SER.#:    CAL:
BLUE SECURITY PACIFIC BANK BAG LDG:S/M/N    101    024    Pg#

ASSGD:    DISPO:
AUTHORIZED:    EMP.#: █████    ITIALITY

PURSUANT TO SECTION 293(a) OF THE CALIFORNIA PENAL CODE, YOU ARE INFORMED THAT YOUR NAME WILL BECOME A MATTER OF PUBLIC RECORD, UNLESS YOU REQUEST THAT IT REMAIN CONFIDENTIAL AND NOT BE A PUBLIC RECORD, PURSUANT TO SECTION 6254 OF THE GOVERNMENT CODE.

I, _____ HEREBY (DO) (DO NOT) ELECT TO EXERCISE MY RIGHT TO PRIVACY.

## SCREENING FACTORS

| YES | NO | | YES | NO | |
|---|---|---|---|---|---|
| | X | 1. SUSPECT IN CUSTODY | X | | 7. GENERAL SUSPECT DESCRIPTION |
| X | | 2. SUSPECT NAMED/KNOWN | X | | 8. GENERAL VEHICLE DESCRIPTION |
| | X | 3. UNIQUE SUSPECT IDENTIFIERS | | X | 9. UNIQUE M.O. OR PATTERN |
| X | | 4. VEHICLE IN CUSTODY | | X | 10. SIGNIFICANT PHYSICAL EVIDENCE |
| | X | 5. UNIQUE VEHICLE IDENTIFIERS | | X | 11. TRACEABLE STOLEN PROPERTY |
| | | 6. WRITER/REVIEWER DISCRETION | | X | 12. MULTIPLE WITNESSES |

| PART I STATISTICAL INFORMATION | | | ADDITIONAL CRIMES 1) 2) | | NUMBER OF VICTIMS. 2 | | WEAPONS CODE |
|---|---|---|---|---|---|---|---|
| PROPERTY | | | | TYPE OF PROPERTY | STOLEN | RECOVERED | ( ) ARTICLES THROWN |
| TYPE OF PROPERTY | STOLEN | RECOVERED | | JEWELRY | $ | $ | ( ) CAUSTIC CHEMICALS  (X) CLUB/BLUNT INSTRUMENT |
| CLOTHING/FURS | $ | $ | | LIVESTOCK | $ | $ | ( ) DRUGS/NOXIOUS GAS  ( ) FIRE/EXPLOSIVES |
| CONSUMABLE GOODS | $ | $ | | LOCAL STOLEN VEHICLES | $ | $ | ( ) HANDS/FEET/FIST/ETC.  ( ) KNIFE/CUTTING INSTRUMENT |
| CURRENCY/NOTES | $900⁰⁰ | $ | | MISCELLANEOUS | $ | $ | ( ) POISON  ( ) REVOLVER/PISTOL |
| FIREARMS | $ | $ | | OFFICE EQUIPMENT | $ | $ | ( ) RIFLE  ( ) SHOTGUN  ( ) STRANGULATION  ( ) VEHICLE  ( ) UNKNOWN/OTHER |
| | | | | TV/RADIO/STEREO | $ | $ | |

USE FOR PROPERTY/NARRATIVE AS NEEDED

PAGE **3** OF **7**

| DATE 3/9/9T | TIME REC'D 2250 | OBS ( ) | DET ( ) | CALL ( ) | FURN ( ) | | |
|---|---|---|---|---|---|---|---|

INPUT/CHECKED NCIC, Ch. ETC   YES ( )   NO ( )   **EVIDENCE** (CODE-EV)   HELD YES ( ) NO ( )   MARKED TAGGED SEALED & PLACED IN STATION EVIDENCE LOCKER   INSIDE ( )   OUTSIDE ( )   REFRIG. ( )   BY:   LEDGER PAGE No

IF BURGLARY: FORCE USED N/A YES ( ) NO ( )   POINT OF ENTRY-DOOR ( )   WINDOW ( )   ROOF ( )   OTHER

PROPERTY: (TOTAL VALUE)   RECOVERED $ 0   STOLEN $ 500.   DAMAGED $

**OLSONIZED**

PROPERTY CODE:   S–stolen  R–recovered  L–lost  F–found  E–embezzled  D–Damaged
(Use All Applicable Codes. For Example, If Property Is Both Stolen & Recovered, Code Is S/R)

| CODE | ITEM No | QUAN | DESCRIPTION INCLUDE KIND OF ARTICLE, TRADE NAME, IDENTIFYING NUMBERS, PHYSICAL DESCRIPTION, MATERIAL, COLOR, CONDITION, AGE AND PRESENT MARKET VALUE | SERIAL No | VALUE |
|---|---|---|---|---|---|
| S | 1 | 1 | U.S. CURRENCY, MISC. DENOMINATIONS | | $500 |
| EV | 1 | 1 | SET OF KEYS w/ GUMBY KEY RING | | N/V |

I REBONDED TO 2301 E PALMDALE BL. (LOC) IN REGARDS TO A ROBBERY CALL, TAG-672.

AS I ARRIVED, VICT #2, _____ FOR "ALBERTSONS" (VICT #1), TOLD ME THAT AT THE INDICATED DATE AND TIME ____ WAS WORKING AT ONE OF THE REGISTERS. MOMENTS LATER, A MALE BLACK (SUSP #1)

## VICTIM OF SEX CRIME'S REQUEST FOR CONFIDENTIALITY

PURSUANT TO SECTION 293(a) OF THE CALIFORNIA PENAL CODE, YOU ARE INFORMED THAT YOUR NAME WILL BECOME A MATTER OF PUBLIC RECORD, UNLESS YOU REQUEST THAT IT REMAIN CONFIDENTIAL AND NOT BE A PUBLIC RECORD, PURSUANT TO SECTION 6254 OF THE GOVERNMENT CODE.

I, _____ HEREBY (DO) (DO NOT) ELECT TO EXERCISE MY RIGHT TO PRIVACY.

### SCREENING FACTORS

| YES | NO | | YES | NO | |
|---|---|---|---|---|---|
| | X | 1. SUSPECT IN CUSTODY | | | 7. GENERAL SUSPECT DESCRIPTION |
| | X | 2. SUSPECT NAMED/KNOWN | | X | 8. GENERAL VEHICLE DESCRIPTION |
| | X | 3. UNIQUE SUSPECT IDENTIFIERS | | X | 9. UNIQUE M.O. OR PATTERN |
| | X | 4. VEHICLE IN CUSTODY | | X | 10. SIGNIFICANT PHYSICAL EVIDENCE |
| | X | 5. UNIQUE VEHICLE IDENTIFIERS | | X | 11. TRACEABLE STOLEN PROPERTY |
| X | | 6. WRITER/REVIEWER DISCRETION | | X | 12. MULTIPLE WITNESSES |

| PART I - STATISTICAL INFORMATION | | | ADDITIONAL CRIMES | IT ___ TF ___ | NUMBER OF VICTIMS **3** | | WEAPONS CODE |
|---|---|---|---|---|---|---|---|

| TYPE OF PROPERTY | PROPERTY STOLEN | RECOVERED | TYPE OF PROPERTY | STOLEN | RECOVERED | WEAPONS CODE |
|---|---|---|---|---|---|---|
| | | | JEWELRY | $ | $ | ( ) ARTICLES THROWN |
| CLOTHING, FURS | $ | $ | LIVESTOCK | $ | $ | ( ) CAUSTIC CHEMICALS |
| | | | | | | ( ) CLUB/BLUNT INSTRUMENT |
| CONSUMABLE GOODS | $ | $ | LOCAL STOLEN VEHICLES | $ | $ | ( ) DRUGS/NOXIOUS GAS |
| | | | | | | ( ) FIRE/EXPLOSIVES |
| CURRENCY/NOTES | $ 500 | $ | MISCELLANEOUS | $ | $ | ( ) HANDS/FEET/FIST/ETC. |
| | | | | | | ( ) KNIFE/CUTTING INSTRUMENT |
| FIREARMS | $ | $ | OFFICE EQUIPMENT | $ | $ | ( ) POISON |
| | | | | | | (X) REVOLVER/PISTOL |
| HOUSEHOLD GOODS | $ | $ | TV/RADIO/STEREO | $ | $ | ( ) RIFLE |
| | | | | | | ( ) SHOTGUN |
| | | | | | | ( ) STRANGULATION |
| | | | | | | ( ) VEHICLE |
| | | | | | | ( ) UNKNOWN/OTHER |

REPORT CONTINUATION - NARRATIVE          URN [redacted]

EV 1 3

*This was recovered from my house without a warrant*

COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT PROPERTY/EVIDENCE LABEL
76P821-SH-CR-35 Rev.11/90          Date: 03/12/95    16:40:07
URN: [redacted]                    EVIDENCE
NAME: HURT,RICKY                   S
DESCRIPTION: PIPE -                BRAND:
MOD:           SER.#                      CAL:
     ABOUT 16 INCHES LONG          LDG:S/M/N  101   024
                                                    Pg#
ASSGD:                            DISPO:
AUTHORIZED:                         EMP.# [redacted]

DISORGANIZED

N/V

EV 1 4

*And then charged to every count*

COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT PROPERTY/EVIDENCE LABEL
76P821-SH-CR-35 Rev.11/90          Date: 03/12/95    16:40:09
URN: [redacted]                    EVIDENCE
NAME: HURT,RICKY                   S
DESCRIPTION: SWEATSHIRT            BRAND:
MOD:           SER.#
     RED                           LDG:S/M/N  101   024
                                                    Pg#
ASSGD:                            DISPO:
AUTHORIZED:                         EMP.# [redacted]

N/V

I DROVE TO 38448 20TH ST. EAST (LOC) IN REGARDS TO A ROBBERY THAT JUST OCCURRED CALL, TAG 280.

UPON ARRIVING, THE VICTIM, OWNER OF "TILTUNS BOWLING SUPPLIES" TOLD ME THAT AT THE INDICATED DATE AND TIME HE WAS INSIDE OF HIS BUSINESS TRYING TO CATCH UP ON PAPERWORK AND INVENTORY. HIS BUSINESS WAS CLOSED TO THE PUBLIC TODAY. HOWEVER, HE KEPT THE BACK DOOR TO THE LOCATION UNLOCKED. AS HE WAS WORKING A MALE BLACK (SUSPECT) CONFRONTED HIM IN THE FRONT OF THE STORE. THE SUSPECT HAD A SILK NYLON PULLED DOWN OVER HIS FACE TO JUST BELOW HIS NOSE. HE WAS ALSO HOLDING A PIECE

| REPORT CONTINUATION ... NARRATIVE | URN |
|---|---|

OF PIPE (ABOUT 16 INCHES LONG) IN HIS HAND. HE DISPLAYED THE PIPE TO THE VICTIM AND SIMULTAN- EOUSLY SAID "GIVE ME YOUR MONEY." THE VICTIM, FEELING THAT HE WOULD BE STRUCK WITH THE PIPE IF HE DID NOT COMPLY WITH THE SUSPECTS DEMAND, HANDED HIM THE CASH THAT HE HAD IN HIS POCKETS (ABOUT $500°°). THE SUSPECT THEN ASKED THE VICTIM IF HE HAD ANY MONEY IN THE REGISTER BUT THE VICTIM SAID "NO". THE SUSPECT BEGAN PUSHING THE BUTTONS ON THE REGISTER IN AN ATTEMPT TO OPEN, BUT COULD NOT. THE SUSPECT THEN ORDERED THE VICTIM TO GO INTO A CLOSET THAT WAS BEHIND THE REGISTER AND CLOSE THE DOOR. THE VICTIM WAS TO REMAIN INSIDE UNTIL THE SUSPECT LEFT. THE SUSPECT THEN PICKED UP THE PHONE (EV1) NEAR THE REGISTER, THREW IT DOWN, AND TORE THE CORD FROM THE WALL. THE SUSPECT THEN WALKED TO THE BACK OFFICE AREA AND GRABBED AN ADDITIONAL $400°° IN CASH FROM THE TOP OF HIS DESK. THE VICTIM STEPPED OUT OF THE CLOSET AT THIS POINT AND YELLED TO SEE IF THE SUSPECT WAS STILL THERE. THE SUSPECT SAID "YES NOW GET BACK IN THE CLOSET." THE VICTIM RETURNED. THE SUSPECT THEN PULLED THE PHONE CORD OUT OF THE WALL WHICH LED TO A PHONE ON HIS DESK. THE SUSPECT ALSO PICKED UP A BANK BAG (EV2)

OLSON IZED

| REPORT CONTINUATION   NARRATIVE | URN |
| --- | --- |

LOOKED INTO IT, SAW THAT NO CASH WAS
INSIDE, THEN THREW IT DOWN. MOMENTS LATER,
THE SUSPECT RAN OUT THE STORES REAR DOOR
AND DOWN THE REAR ALLEY WAY. THE VICTIM
RAN TO THE DOOR TO TRY AND SEE WHERE
HE WAS RUNNING TO. HE SAW THE SUSPECT
RUN E/B THROUGH THE ALLEY TO N/B ▓▓▓
▓▓▓ AND OUT OF SIGHT. THE VICTIM THE
TELEPHONED THE A.V. SHERIFF STATION TO NOTIFY
THEM OF THE INCIDENT.

     THE VICTIM SAID THAT ALTHOUGH HE WAS
SHAKEN, HE WAS NOT INJURED DURING THE INCIDENT.

     THE VICTIM SAID THAT HE COULD POSITIVELY IDENTIFY
THE SUSPECT IF SEEN AGAIN.

     I COLLECTED THE THE PHONE (EVI) THAT WAS
NEAR THE REGISTER AND THE BANK BAG (EVI)
EVIDENCE AND POSSIBLE FINGERPRINTS.

     AS ▓▓▓▓▓▓▓▓▓▓▓▓ WAS RESPONDING
TO THE CALL HE DROVE DOWN THE REAR
ALLEY WAY LOOKING FOR THE SUSPECT. AS HE
CAME TO THE ALLEY ▓▓▓▓▓▓▓▓ HE SAW
A MALE BLACK GETTING INTO A VEHICLE
WHICH WAS PARKED AT ▓▓▓▓

STATE OF CALIFORNIA
COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, **Ricky Ranay Hurt** declare under penalty of perjury that: I am the **Petitioner** in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this **6th** day of **May**, 20 **08**, at Salinas Valley State Prison, Soledad, California 93960-1050.

(Signature) **Ricky R. Hurt.**
DECLARANT/PRISONER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, **Ricky Ranay Hurt**, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-1050.

On _____, 20 **08**, I served the foregoing: **A writ of Habeas corpus, A Addendum Application Joinder motion, pages 1-22. A Application to Strike prior convictions, pages 1-14. A Application Joinder to vacate sentence pages 1-15. A Motion for resentencing, pages 1-9.**
(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, California 93960-1050.

**The united states District court clerk and the Honorble Magistrate Judge.**

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: **5-06**, 20 **08**,                    **Ricky R. Hurt.**